RECEIVED
FEB 15 2006
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DIANE MAROLDA, Individually and On Behalf
Of All Others Similarly Situated,

    Plaintiffs,

  -against-

JAMES FREY and RANDOM HOUSE, INC.,

    Defendants.
-------------------------------------------------------X

06 CV 1167

CLASS ACTION COMPLAINT

Index No. _____

JURY TRIAL DEMANDED

  Plaintiffs, on behalf of herself and all others similarly situated, allege as follows against JAMES FREY ("FREY") and RANDOM HOUSE, INC. ("RANDOM HOUSE"), on information and belief formed after an inquiry reasonable under the circumstances:

## JURISDICTION AND VENUE

  1. At all relevant times, Plaintiff Marolda was and is a resident of the State of New Jersey.

  2. At all relevant times, Defendant Frey was and is a resident of the State of New York. Additionally, Defendant Frey has conducted and does conduct substantial business in the State of New York.

  3. At all relevant times, Defendant Random House was and is a corporation organized under the laws of the State of New York, and is doing business in the State of New York, with its principal place of business located at 1745 Broadway, NY, NY 10019.

  4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). At least one Class member is a citizen of a different State than both defendants, and the amount in controversy exceeds, exclusive of interest, fees and costs, $5,000,000.00. Plaintiffs in this action

do not seek disgorgement of any fund in which they have a common and undivided interest, but seek to recover separate and distinct damages along with their attorney's fees.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the acts upon which this action is based occurred in part in this District. Thousands of members of the Class reside in this District, and purchased Defendant Frey's book "A Million Little Pieces" here, and thereby were injured in this District. Random House also deceptively published "A Million Little Pieces" in or from this District. Defendants received substantial compensation and profit in this District.

## PRELIMINARY STATEMENT

6. The controversy surrounding Defendant Frey's book "A Million Little Pieces" needs little elaboration at this point. Styled a memoir, Defendant Frey's book was in fact and fictional account of his "history" of criminal conduct and efforts to deal with his drug and alcohol addiction. Millions of people bought this book under those false pretenses (the book has sold nearly four million copies in hard- and soft-cover worldwide). Some, including the Class representative (a health care professional), bought it specifically because of its redemptive theme, and recommended it to others for that same reason.

7. Random House published "A Million Little Pieces" as a memoir, but only after it was originally submitted as fiction. Not believing it was marketable as fiction, Random House instructed the author to resubmit it as a memoir. After Defendant Frey did so, Random House then went on to publish and sell "A Million Little Pieces" without checking which if any of the newly-factual elements of the memoir were actually true.

8. The purpose and effect of this deceptive and unlawful conduct has been to deceive millions of purchasers of "A Million Little Pieces." Those consumers have been injured by paying for a book they would otherwise have not bought, recommended, or read.

9. These claims are prosecuted by two classes. The first class consists of all United States purchasers of "A Million Little Pieces" during the Class Period, as defined in paragraph 12 below.

10. The second (alternative) class consists of the New York State purchasers of "A Million Little Pieces" during the Class Period, as defined in paragraph 12 below.

## PARTIES

11. Plaintiff Diane Marolda resides in New Jersey. In 2005, before the revelations of the falsehoods in "A Million Little Pieces" became public, Ms. Marolda purchased and read the book. In addition, Mrs. Marolda, recommended the book to people who were struggling with substance abuse.

12. Various individuals, partnerships, corporations and associations not named as defendants in this Complaint have participated in the violations alleged herein and have performed acts and made statements in furtherance hereof.

## CLASS ACTION ALLEGATIONS

13. Plaintiffs bring this action as a class action pursuant to Article 9 of the CPLR on her own behalf and on behalf of all other members of the two classes described above. The relevant time period for both Classes is April 2003 to January 23, 2006. ("the Class Period").

14. Both classes exclude defendants, their co-conspirators and their parents, subsidiaries, affiliates, officers, directors and employees. Also excluded are any Federal, state or

local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff, and the members of their immediate families.

15. The Classes are so numerous that joinder of all members is impracticable. There are tens of thousands of members of the Classes who are geographically dispersed throughout as well as outside the State of New York.

16. Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all Class Members were injured by the same wrongful conduct of the Defendants alleged herein.

17. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual Class members. Such common questions include:

- Whether James Frey falsified portions of "A Million Little Pieces";
- Whether Defendant Frey did so at the behest of Defendant "Random House";
- Whether Defendant Random House knew of Defendant Frey's falsifications;
- Whether Random House published and sold "A Million Little Pieces" either despite or because of those falsifications;
- Whether the alleged conduct violated N.Y. Gen. Bus. Law § 340;
- Whether the alleged conduct violated N.Y. Gen. Bus. Law § 349;
- Whether the alleged conduct violated U.C.C. §§ 2-314 and 315;
- Whether Plaintiff and the Classes have a claim for fraud, negligent misrepresentation, reasonable reliance and/or unjust enrichment;
- Whether Plaintiff and members of the Classes are entitled to damages and the appropriate measure of such damages.

18. As the claims of Plaintiff are typical of the claims of the Classes, and Plaintiff has no interests adverse to or which irreconcilably conflict with other members of the Classes, Plaintiff is an adequate Class representative.

19. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced and competent counsel knowledgeable in the prosecution of class action litigation. A class action is superior to other available methods for the fair and efficient adjudication of the controversy and substantial benefits will derive from proceeding as a class action. Such treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not afford to individually litigate such claims against a large corporate defendant. There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient group-wide adjudication of this controversy.

20. New York has a clear and substantial interest in preventing the conduct described herein as the alleged wrongdoing occurred in New York in part and affected all Class members, among others.

## AS AND FOR A FIRST CAUSE OF ACTION

### N.Y. Gen Bus. Law
### (Against All Defendants)

21. Plaintiff repeats and realleges each and every prior allegation contained in paragraphs 1 through 20 hereof with the same force and effect as if fully set forth herein.

22. N.Y. Gen. Bus. Law §349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

23. N.Y. Gen. Bus. Law §349(h) provides that "any person who has been injured by reason of any violation of this section may bring…an action to recover his damages or fifty dollars, whichever is greater…The court may award reasonable attorney's fees to a prevailing plaintiff."

24. By reason of the deceptive conduct alleged above, Defendants engaged in consumer-oriented deceptive acts or practices within the meaning of N.Y. Gen. Bus. Law § 349, which resulted in consumer injury and broad adverse impact on the public at large, and harmed the public interest of New York State in an honest marketplace in which economic activity is conducted in a competitive manner. Defendants conduct caused millions of readers of "A Million Little Pieces" to purchase that book under the false pretense that it was a memoir.

25. Plaintiff and the Class also seek treble damages pursuant to N.Y. Gen. Bus. Law §349(h) because defendants' conduct was willful and knowing. To wit, Defendant Random House instructed Defendant Frey to re-label his book, originally submitted as fiction, as a "memoir" to make it saleable. Then, without checking any of the changes or "factual" elements of the "memoir", Defendant Random House proclaimed it non-fiction and offered it for sale to the public.

## AS AND FOR A SECOND CAUSE OF ACTION

### Promissory Estoppel
### (As Against All Defendants)

26. Plaintiffs repeat and reallege paragraphs 1 through 25 as if fully set forth herein.

27. Defendants clearly and unambiguously promised the public that "A Million Little Pieces" was non-fiction.

28. Defendants knew or should have known that plaintiff and the Classes would rely upon their representations.

29. Plaintiffs, to their detriment, relied upon defendants' representations.

30. By reason of the foregoing, plaintiffs have suffered money damages in an amount to be determined at trial, but not less than Ten Million Dollars ($10,000,000.00).

## RELIEF REQUESTED

WHEREFORE, plaintiff and the Classes demand Judgment as follows:

A.   As to the First and Second Causes of Action, award plaintiffs compensatory damages against defendants, jointly and severally, including interest thereon, in an amount to be determined at trial, but not less than Ten Million Dollars ($10,000,000.00);

B.   As to all Causes of Action, award plaintiffs their reasonable attorney fees, legal expenses and costs; and

C.   As to the First Cause of Action, award Plaintiff and the Classes treble damages; and

D.   Grant plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 13, 2006

Respectfully submitted,

LAW OFFICES OF THOMAS M. MULLANEY

By: _____
Thomas M. Mullaney
708 Third Avenue, Suite 2500
New York, New York 10017
(212) 223-0800

Attorney for Plaintiff
Diane Marolda, Individually and On Behalf Of All Others Similarly Situated
