UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                        )
IN RE "A MILLION LITTLE PIECES     )   06 MD 1771 (RJH)
LITIGATION"                                )
                                        )
------------------------------------------------------------x

## PLAINTIFF SARA RUBENSTEIN'S MEMORANDUM
## OF LAW IN SUPPORT OF HER MOTION
## **FOR APPOINTMENT OF INTERIM COUNSEL**

Shalov Stone & Bonner LLP
James P. Bonner (JB-0629)
485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340
(212) 239-4310 (fax)

Kalcheim Salah
Mitch Kalcheim
2049 Century Park East, Suite 2150
Los Angeles, California 90067
(310) 461-1200
(310) 461-1201 (fax)

*Counsel for Plaintiff Sara Rubinstein*

Plaintiff Sara Rubenstein respectfully submits this memorandum of law in support of her motion, pursuant to Fed. R. Civ. P. 23, for the appointment of the law firms of Shalov Stone & Bonner LLP ("SSB") and Kalcheim Salah as interim counsel for the proposed class in this action.

## PRELIMINARY STATEMENT AND RELEVANT FACTS

This is a consolidated action consisting of a number of lawsuits commenced in at least 6 states across the country. *See* Declaration of Mitch Kalcheim ("Kalcheim Decl.") at ¶ 6. Certain of those suits were removed from state court. *Id.* All were "multidistricted" and assigned to this Court by the Judicial Panel on Multidistrict Litigation ("JPML"). *Id.* In each of those suits, the plaintiffs have alleged essentially the same claims – that they and a proposed class of consumers were defrauded by the publisher Random House, Inc., the author James Frey and others (collectively, "Defendants").

In light of the multiplicity of similar actions that have been consolidated before the Court, it is necessary for the Court to choose counsel to lead the litigation on behalf of the Plaintiffs. To date, no such selection has been made because of the delay caused by the JPML proceedings. As a result, the Defendants have essentially chosen the Plaintiffs' counsel with whom they wish to negotiate a proposed settlement and nominated those counsel to lead the Plaintiffs' litigation efforts. *See id.* at ¶ 8.[1]

Plaintiff Rubenstein proposes that, rather than the counsel selected by Defendants, her own highly experienced counsel – SSB and Kalcheim Salah – should be chosen as interim

---

[1] To say the least, it was exceedingly unusual for the first communication to the Court concerning the proposed liaison and lead counsel in this action to come from counsel for the principal defendant, Random House, and not from the proposed lead counsel. *See* Kalcheim Decl. at ¶ 8. In fact, neither of the two proposed lead counsel opted to write or apprise the Court of any of the relevant events prior to their appearance at the September 13, 2006 status conference. *Id.*

counsel for the proposed class. Both firms have substantial experience prosecuting claims on behalf of plaintiff classes. Both have obtained sizeable recoveries for plaintiff classes in the past. *See* Declaration of James P. Bonner ("Bonner Decl.") at ¶¶ 2-6 and Ex. A; Kalcheim Decl. at ¶¶ 2-4 and Ex. A. Furthermore, to the extent the traditional "first on file" rule is utilized for selecting the principal representatives of proposed classes, it should also be noted that, on January 12, 2006, Plaintiff Rubenstein filed the first of the actions currently pending before the Court. Kalcheim Decl. at ¶ 5.

The circumstances surrounding the proposed settlement of this action that has apparently been worked out between Defendants and certain Plaintiffs further support the conclusion that choosing SSB and Kalcheim Salah to serve as interim counsel will protect the interests of the Class. The history of the negotiations of the proposed settlement suggest that Defendants' counsel selected the attorneys with whom they were to negotiate without any input from certain Plaintiffs or the Court.[2] Neither Plaintiff Rubenstein nor her counsel were consulted about whether she consented to have someone other than her counsel speak on her behalf. Kalcheim Decl. at ¶ 9. It appears that the "Settling Plaintiffs" (as they were termed by Defendants) also ignored other Plaintiffs and their counsel. Particularly in light of the fact that Plaintiff Rubenstein seeks to represent the single largest group of class members – residents of the State

---

[2] Kalcheim Salah, SSB and other counsel for certain of the Plaintiffs wrote counsel for Random House regarding a settlement proposal on February 10, 2006. *See* Kalcheim Decl., Ex. 7. We received no written response to that proposal, and neither Kalcheim Salah nor SSB received any communications from any Defendants' counsel regarding a potential settlement. *Id.* at ¶¶ 7-8. Plaintiff Rubenstein and her counsel first learned the terms of the proposed settlement from the press reports that preceded the hearing held on September 13, 2006. *Id.* at ¶ 8.

of California – any process that results in a proposed "settlement" without her input or consent is dubious at best.[3]

## ARGUMENT

### THE COURT SHOULD NAME SSB AND KALCHEIM SALAH AS INTERIM COUNSEL

Pursuant to Fed. R. Civ. P. 23(g), the court must approve class counsel in connection with the certification of any class. Furthermore, the Rule provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Rule 23(g) also directs the Court to select as class counsel the "applicant *best able* to represent the interests of the class." (Emphasis added).

As the saying goes, beauty is in the eye of the beholder. Undoubtedly, there are a number of capable firms involved in the pursuit of Plaintiffs' claims in this action. As the foregoing discussion suggests, however, a number of factors indicate that SSB and Kalcheim Salah are best suited to protect the interests of the putative Class.

Both firms have substantial experience prosecuting class actions on behalf of Plaintiffs. Bonner Decl. at ¶¶ 2-6 and Ex. A; Kalcheim Decl. at ¶¶ 2-4 and Ex. A. Likewise, both have achieved substantial recoveries for classes in past cases. Bonner Decl. at ¶ 3 and Ex. A; Kalcheim Decl. at ¶ 2 and Ex. A.

It is also noteworthy that SSB is headquartered here in Manhattan. That location will minimize the travel required of Plaintiffs' counsel to attend court proceedings and depositions of the largely New York-based defendants in this action. *See* Bonner Decl. at ¶ 6.

---

[3] It is also noteworthy that, while the terms of the proposed settlement in this action have been discussed in the press, Plaintiff Rubenstein's counsel's written request for a copy of the proposed Memorandum of Understanding have thus far been ignored. *See* Bonner Decl. at ¶ 8.

Courts have also frequently considered the filing dates of competing class actions in assessing who should lead the litigation efforts of putative classes. *See, e.g.,* 3 Alba Conte and Herbert Newberg, *Newberg on Class Actions*, § 9.35, at 388 (4th ed. 2002) ("Generally, the relative priority of commencing lawsuits is but one of several relevant factors in the selection of lead counsel."). Here, Plaintiff Rubenstein's action was the first on file in the United States. Kalcheim Decl. at ¶ 5.

Perhaps most importantly, the Defendants appear to have played too large a role thus far in nominating the protectors of the proposed class's interests. Defendants ignored the initial settlement inquiries of certain counsel, while pursuing the inquiries of others. Kalcheim Decl. at ¶¶ 7-8. All of the parties "in the know" apparently agreed to keep certain Plaintiffs and their counsel in the dark regarding the terms of the proposed settlement. Indeed, to this date, Plaintiff Rubenstein's counsel's request for a copy of the Memorandum of Understanding at least one party has willingly discussed with the press have been ignored. Bonner Decl. at ¶ 8.

Furthermore, the lead counsel proposed by Defendants have elected to follow Defendants' lead in communications with the Court. In particular, while the Court instructed all parties to propose agenda items for the recent status conference, neither of the lead counsel proposed by the Defendants initiated any communication with the Court. Such passive behavior and willingness to permit Defendants' counsel to speak for the proposed class fails to instill confidence that the class's interests are being aggressively represented.

Finally, the exclusion of Plaintiff Rubenstein from the previous settlement discussions is particularly objectionable because, as a California resident, she is the proposed representative of the largest group of consumers in the nation. *See* Kalcheim Decl. at ¶ 5. While courts have certainly certified cases as class actions based upon the finding that a single state's law would

control the claims of all class members, more often than not courts have insisted upon litigating consumer fraud claims on a state-by-state basis. Accordingly, Plaintiff Rubenstein and her counsel are surely entitled to a seat at any table where the consideration to be received by California residents for the surrender of their claims is to be decided.

## CONCLUSION

For all of the reasons set forth above, Plaintiff Rubenstein respectfully requests that the Court grant her motion to appoint SSB and Kalcheim Salah as interim counsel for the proposed class in this action.

Dated: September 22, 2006              **SHALOV STONE & BONNER LLP**

By: /s/ James P. Bonner
    James P. Bonner (JB-0629)
    485 Seventh Avenue, Suite 1000
    New York, New York 10018
    (212) 239-4340
    (212) 239-4310 (fax)

**KALCHEIM SALAH**
Mitch Kalcheim
2049 Century Park East
Suite 2150
Los Angeles, CA 90067
(310) 461-1200
(310) 461-1201 (fax)

**Counsel for Plaintiff Sara Rubinstein**