Shalov Stone & Bonner LLP
James P. Bonner (JB-0629)
485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340
(212) 239-4310 (fax)

Counsel for Plaintiff Sara Rubinstein

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            )
IN RE "A MILLION LITTLE PIECES                              )   06 MD 1771 (RJH)
LITIGATION"                                                 )
                                                            )
                                                            )
------------------------------------------------------------x

**DECLARATION OF JAMES P. BONNER IN SUPPORT
OF PLAINTIFF SARA RUBENSTEIN'S MOTION
FOR APPOINTMENT OF INTERIM COUNSEL**

I, JAMES P. BONNER, hereby declare as follows:

1. I am a member of the Bar of this Court and of the law firm of Shalov Stone & Bonner LLP, co-counsel for Plaintiff Sara Rubenstein in this matter. I make this declaration in support of Ms. Rubenstein's motion for the appointment of my firm and the law firm of Kalcheim Salah of Los Angeles, California as interim counsel for the proposed class in this litigation. I have personal knowledge of the facts set forth herein.

2. My firm was founded in 1998 by the three name partners, all of whom had been employed at what was then Milberg Weiss Bershad Hynes & Lerach, the nation's largest firm specializing in the prosecution of class actions on behalf of plaintiffs. Before working at Milberg

Dockets.Justia.com

Weiss, most of my partners and I had substantial experience defending class actions at large defense firms in New York.

3. Since my firm was founded, we have continued to focus our practice upon the prosecution of class actions on behalf of plaintiffs. As is reflected in the firm resume attached hereto as Exhibit A, we have achieved numerous substantial recoveries for plaintiff classes in my firm's relatively brief history, including one of the three largest class action settlements ever in a securities fraud case against an auditing firm and sizeable settlements achieved of novel claims brought against securities issuers and other companies.

4. We are also one of the relatively small number of firms specializing in representing plaintiffs in class actions that also represent clients other than class action plaintiffs. We have, for example, been chosen by the SEC as the receiver for a number of funds created in connection with securities fraud violations. In addition, we have represented manufacturers, investment funds, investors banks and others in a variety of litigation involving federal and state securities and antitrust laws, the RICO statute, consumer fraud statutes and other claims. We are also among a small number of firms that have been chosen by the pension funds for employees of the State of New Jersey to represent the funds' interests in securities litigation.

5. Nearly all of my firm's work in class actions is as lead counsel for classes. We do not file numerous "tag along" actions or, with very rare exceptions, serve as one of the numerous subsidiary firms involved in, but not leading, the prosecution of class actions.

6. My firm has substantial financial and personnel resources to devote to the prosecution of this action. We have served as lead counsel in a number of class actions venued in the Southern District. Our principal office is located in Manhattan, and all of our lawyers have offices here (some on a part-time basis).

7.    In light of the fact that residents of California and New York compose approximately 18.5% of the proposed class in this action, the expertise that my firm and Kalcheim Salah have with respect to California and New York law will be particularly valuable to the class. *See* http://en.wikipedia.org/wiki/List_of_U.S._states_by_population (setting forth United States Census Bureau population estimates as of September 2006).

8.    On Tuesday, September 19, 2006, I requested, in writing, a copy of the Memorandum of Understanding in this matter from Plaintiffs' current liaison counsel. I have not received any response to that inquiry.

9.    I hereby declare under penalty of perjury this 22nd day of September 2006 that the foregoing is true to the best of my knowledge.

    /s/ James P. Bonner