**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| _____ : | |
|      In Re "A Million Little Pieces   : | MDL Docket No. 1771 |
|      Litigation"               : | |
| _____ : | |
|                     : | |
| THIS DOCUMENT RELATES TO  : | |
| ALL ACTIONS             : | |
| _____ : | |

**"A MILLION LITTLE PIECES" PLAINTIFFS' GROUP'S REPLY**
**MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR**
**<u>CONSOLIDATION AND APPOINTMENT OF CO-INTERIM CLASS COUNSEL.</u>**

Plaintiffs Marcia Vedral, Michele Snow, Diane Marolda, Sara Brackenrich,

Jimmy Floyd, Jill Giles, Pilar More, Stuart Oswald, Shera Paglinawan, and Ann Marie

Strack (hereinafter "AMLP Plaintiffs' Group," "Movant" or collectively "Plaintiffs") by

and through their counsel, hereby submits this reply memorandum of law in support of its

motion to consolidate for all purposes the related actions in this MDL proceeding

pursuant to F.R.C.P. 42(a); and motion to appoint Brodsky & Smith, LLC and Larry D.

Drury, Ltd. to serve as Co-Interim Class Counsel pursuant to F.R.C.P. 23(g) as follows:

**I.     INTRODUCTION**

The record before this Court evidences that the "A Million Little Pieces"

Plainitffs' Group's proposed Co-Interim Class Counsel should be appointed over any

other competing proposed Interim Counsel.  Not only have they shown the willingness

and ability to lead a large group of plaintiffs and their counsel already involved in this

multi-district litigation better than the other proposed Interim Counsel, they have also

shown that their work product is superior than that of the other movants.

Dockets.Justia.com

Moreover, while no other proposed Interim Counsel has proposed consolidation for all purposes, there can be little doubt that each of these related and coordinated cases involve the same factual and legal issues, and similar, if not the same, parties. As such, consolidation of these actions for all purposes, including trial, is appropriate.

## II.    LEGAL ARGUMENT

### A.    Consolidation of All Related Actions is Appropriate.

While this Court did in fact consolidate these actions for pre-trial purposes on July 31, 2006 in paragraph #2 of its Practice and Procedure Order, the AMLP plaintiffs additionally seek consolidation with respect "to joint hearings and trial in any or all the matters in issue in these actions" pursuant to FRCP 42(a).[1] These actions clearly should be consolidated for all purposes, including trial, as it would serve judicial economy and efficiency, and is in the best interests of the Plaintiffs and the proposed Class.

### B.    AMLP Plaintiffs' Group's Counsel Has Shown Superior Work Product.

In appointing Interim Class Counsel, the Court should also look at the work product of the proposed counsel. *Hanlon v. Chrysler Corp.* 150 F.3d 1011, 1021 (9th Cir. 1998); *In re Fine Paper Anti-trust Litigation,* 617 F. 2d 22, 27 (3d. Cir. 1980); *See also Manual for Complex Litigation,* Section 21.27 (4th ed. 2004) Here, AMLP Plaintiffs' Group's proposed Interim Class Counsel have itemized all of the work performed to date and have attached for the Court the original pleadings filed and those filed with the MDL panel. The Court also has before it the instant briefing. It is clear from these filings that the AMLP Plaintiffs' Group's proposed counsel's work product, based upon

---

[1] The AMLP Plaintiffs wish to clarify that their motion for consolidation was not limited to pre-trial consolidation that was ordered by this Court on July 31, 2006.

communication and consultation with the group's counsel, is more comprehensive, pays more attention to detail and is indeed superior.

Specifically, Plaintiff Rubenstein MDL papers are scant compared to those of Plaintiff Snow/Brodsky & Smith, LLC and of the Chicago Plaintiffs' (all part of the AMLP Plaintiff Group) papers, led by proposed Co-Interim Counsel Larry D. Drury, Ltd. *See* Rubenstein MDL briefing attached to Reply Declaration of Evan J. Smith in Further Support of AMLP Plaintiffs' Group's Motion (hereinafter referred to as Smith Declaration #3)[2] as Exhibit "A;" *see and compare* to Smith Declaration #1 at Exhibits "E" and "F."  Likewise, the AMLP Plaintiffs' Group's initial brief for consolidation and appointment of Interim Class Counsel has greater substance than those of the competing motions.  For example, Plaintiff Rubenstein failed to cite one case in her two (2) pages of legal argument, and Plaintiffs Taylor/Hauenstein did not even file a Memorandum of Law, nor a proper Declaration, Proposed Order nor an appropriate firm profile in their "Application for Interim Counsel," let alone cite to one case regarding the appointment of Interim Class Counsel.

Plaintiff Rubenstein's contention that AMLP Plaintiffs' Group's proposed counsel "was willing to permit Defendants' counsel to speak for the proposed class [which] fails to instill confidence that the class's interests are being aggressively represented" is incorrect.  Certainly, this argument is belied by the fact that all of the Plaintiffs in the AMLP Plaintiffs' Group chose Brodsky & Smith, LLC and Larry D. Drury, Ltd. to be their lead counsel and spokesmen and that Defendants had no choice in this decision whatsoever.  *See* Smith Declaration #3 at para. 3.  Moreover, it was Plaintiff

---

[2] Smith Declaration #1 is the original Smith Declaration attached to AMLP Plaintiffs' Group's motion for interim counsel; Smith Declaration #2 is the declaration that was e-filed on September 23, 2006 regarding technical difficulty and incomplete e-filing of Exhibits to Declaration #1.

Snow/Brodsky & Smith, LLC, and no other counsel, who in June 2006 initially requested the status conference whilst the settlement negotiations were ongoing. *See* correspondence to Court attached as Exhibit "G" to Smith Declaration #1. The apparent need for a duplicative letter to the Court repeating Defendants' undisputed statement that a proposed settlement had been reached hardly establishes that the AMLP Plaintiffs' Group's proposed co-Interim Class Counsel is not representing the class' interests, especially in light of all that AMLP Plaintiffs' Group's proposed counsel has done, and seeks to do herein.

### C.    First Filed Complaint Is Not A Dispositive Factor, Nor Does It Favor Rubenstein's Proposed Interim Counsel In This Case.

Interim Counsel should not be appointed based upon a race to the courthouse. Plaintiff Rubenstein certainly does not indicate that being first filed is a dispositive factor in the analysis of the appointment of Interim Class Counsel. That is because it is not. *Manual for Complex Litigation,* Section 10 *et. seq.* (4th ed. 2004) (Courts should look at a variety of factors in its determination). Plaintiff Rubenstein claims that if "first to file" is given its' due weight, then her counsel should be chosen as Interim Counsel because she was the first to file this action. The assertion that Plaintiff Rubenstein was first filed is simply factually untrue.

First, Plaintiff Rubenstein conveniently omits the fact that Plaintiff Pilar Moore, a Plaintiff who supports the AMLP Plaintiffs' Group's proposed Interim counsel, filed her Complaint in Illinois state Court on the same date (January 12, 2006) as Plaintiff Rubenstein filed in California state court. *See* Pilar Moore's Complaint attached to Smith Declaration #3 at Exhibit "B." While Plaintiff Rubenstein's Complaint is only date-stamped and not time-stamped, it can unequivocally be stated that the AMLP Plaintiffs'

Group consists of one of the "first filed" complaints in this multi-district litigation.[3] *See* Rubenstein Original Complaint attached as Exhibit "C" to Smith Declaration #3  As such, this non-determinative factor does not favor Plaintiff Rubenstein or her chosen counsel.

Regardless, the fact that her complaint was filed within the same two week period of other plaintiffs that are part of the AMLP Plaintiffs' Group is not dispositive.  In fact, the reasoning behind the timing of the later filings is more relevant and actually favors that of AMLP Plaintiffs' Group's proposed Interim Counsel.

Arguably, Plaintiff Rubenstein filed her Complaint only after hearing about the reports on the *Smoking Gun* investigative website that first made allegations about Defendants' alleged misrepresentations in James Frey's book *A Million Little Pieces*. Little other evidence, if any, of the book's falsity was available at the time and Defendant Frey even had appeared on the *Larry King Show* and denied these reports.  However, when Defendant Frey admitted his misrepresentations on the January 26, 2006 *Oprah Winfrey Show*, the truth was indeed revealed and the causes of action definitively became ripe and were not a hunch.  As such, filing an action solely based upon a website report while James Frey and other Defendants were denying the *Smoking Gun* reports may not necessarily have been a prudent course of action at that time.  Therefore, such a race to the courthouse should not, in this instance, be rewarded.

### D.    A Proposed Settlement Does Not Favor Plaintiff Rubenstein's Counsel, But Rather Favors AMLP Plaintiffs' Group's Proposed <u>Counsel.</u>

Courts look to a variety of factors, including but not limited to the ability of counsel to work with other counsel, and to coordinate efforts among other counsel.

---

[3] Technically speaking, Plaintiff Pilar More's Complaint was filed at 1:59 PM CST in Illinois on January 12, 2006.  Even assuming, *arguendo*, that Ribenstein's California complaint was filed earlier that day, both complaints would be considered "first filed" for purposes of this analysis.

*Manual for Complex Litigation,* Section 10.22 (4th ed. 2004). Plainly, by putting together the instant group of Plaintiffs' lawyers, and effectuating a potential settlement of all claims in this case, the undersigned counsel have proven themselves superior for the position of Interim Counsel.

Plaintiff Rubenstein's allegation that appointing her counsel would best serve the class' interests because she did not negotiate the terms of the proposed settlement or have input into the settlement is conclusory and counterintuitive. Taking away for the moment that Plaintiff Rubenstein intentionally chose not to negotiate with all other Plaintiffs' counsel, appointing her counsel as Interim Counsel, under the circumstances herein, would necessarily disrupt the cohesive and almost complete Plaintiffs' group. More significantly however, it would give the authority of one individual Plaintiff to refuse to file a motion for preliminary approval of a settlement, despite 10 of the 12 plaintiffs agreeing to its' terms. On the other hand, the appointment of the AMLP Plaintiffs' Group's proposed counsel would not prejudice Plaintiff Rubenstein as she is still entitled to obtain the confirmatory discovery that ensues, and indeed, still has the opportunity to accept, oppose or opt out of any proposed or approved settlement.[4]

**E.     Brodsky & Smith, LLC and Larry D. Drury, Ltd. Are Highly Experienced Counsel Who Have And Would Continue to Adequately Represent the Class.**

As is evidenced by the firms' respective firm profiles, both Brodsky & Smith,

---

[4] It should be noted that Plaintiff Rubenstein's counsel James Bonner's September 22, 2006 declaration indicating that he received **no response** from current Liaison Counsel Thomas Mullaney, Esquire, to his request for a copy of the Memorandum of Understanding is utterly false. Mr. Bonner knew or should have known on September 22, 2006 that Liaison counsel did in fact respond by facsimile on September 21, 2006, almost 24 hours before he filed his declaration. *See* Mullaney September 21, 2006 correspondence and accompanying fax confirmation attached to Smith Declaration #3 as Exhibit "D." Such factually false assertions of prejudice also favor AMLP Plaintiffs' Group's proposed Counsel.

LLC and Larry D. Drury, Ltd. possess extensive experience in the area of complex commercial litigation and class action matters. Indeed, Larry Drury, throughout his 30 plus years in practice has served as class counsel in multiple cases and has argued over 40 class action appeals, including being on the Executive Committee and one of the Class Counsel in *In re Chicago Flood Litigation* which was argued before the United States Supreme Court. The firms have shown their qualifications and abilities to adequately represent the proposed Class and should be appointed Co-Interim Class Counsel.

      **F.**    **<u>Defendants Have Not Chosen Interim Counsel.</u>**

Plaintiff Rubenstein makes the absurd contention that Defendants have chosen counsel in which to negotiate and effectively are choosing Class Counsel. Ironically, this was a direct result of Plaintiff Rubenstein's counsel choosing not to negotiate with all the other plaintiffs. It is clear that AMLP proposed counsel attempted to get all counsel involved and indeed succeeded with 11 of the 12 plaintiffs who filed actions at one point before co-Plaintiffs Hauenstein and Taylor withdrew, and continue to have the support of the 10 other plaintiffs. *See* Frost Declaration attached to original AMLP motion. If the Defendants chose anything, they chose to negotiate with *all* of the Plaintiffs.

The fact that Rubenstein made a written demand in February that was not responded to by Defendants does not establish that Defendants chose which counsel should represent the class. At most, it establishes that the Defendants did not want to take the unmanageable position to negotiate with each and every Plaintiff that filed cases. Rather, the large and almost complete group of Plaintiffs came together and negotiated with Defendants.

Nevertheless, this argument is simply a red herring.  In fact, the majority, if not all, of the Plaintiffs in the AMLP Plaintiffs' Group submitted his/her own written settlement proposal before the group was established.  Nobody received a written response until the group was established and the negotiations started.  The record is clear that nobody intentionally excluded Plaintiff Rubenstein, rather, she, for unknown reasons, chose to ignore the request to join the plaintiffs' group.  Plaintiff Rubenstein's intentional choice to rest on her laurels certainly does not equate to the Defendants controlling the choice of counsel in which to negotiate.

### G.    Co-Plaintiffs Hauenstein and Taylor's Counsel May Have a Conflict of Interest in Representing the Class as Interim Counsel.

The main attorney from Gancedo & Nieves handling the case for co-Plaintiffs Hauenstein and Taylor is Christopher Taylor, Esquire.  He is the attorney who appeared before the Court at the September 13, 2006 status conference for the firm on their behalf and sought the appointment of Liaison Counsel.  While AMLP Plaintiffs' Group has no way of knowing whether Christopher Taylor, Esquire and Plaintiff Jean Taylor are related, it is remarkable that they do share the exact surname.  As such, Plaintiff Taylor should have disclosed in a footnote or a declaration, or should be required to disclose or deny to the Court whether she has a familial relationship that would create a conflict of interest between Plaintiff Taylor, the firm and/or the proposed class.  If there is a familial relationship, this would arguably disqualify her from being appointed as Class representative and/or her firm as Interim Class Counsel.  *See In re Bally Total Fitness Securities Litigation,* 2005 US Dist. Lexis 6243, n.10 (N.D. Illinois 2005) (Proposed Lead Plaintiff would have a conflict of interest with the class as his spouse was the proposed Lead Counsel).  Without any evidence one way or the other, AMLP submits

that Gancedo & Nieves should not be appointed as it may have a debilitating and disqualifying conflict.

**H.**     **Shalov Stone & Bonner's Recent Appearance in this Litigation Disfavors Their Appointment as Interim Class Counsel.**

Based upon the record to date, it appears as though Shalov Stone & Bonner (hereinafter SSB) has just appeared in this litigation for the first time in September 2006 due to its presence in New York City.  While the firm may presently be co-counsel to the California firm Kalcheim Salah on behalf of Plaintiff Rubenstein, SSB only appeared in these proceedings after the JPML's decision to transfer these related cases to the Southern District of New York.[5]  In this regard, it seems to be a transparent attempt at retaining a local firm in order to prevail in the appointment of Interim, Lead or Liaison Counsel over those that have been actively involved in the litigation from the outset.

This contention is significant as the recent appearance of SSB evidences that they have not undertaken any of the litigation tasks that have been performed by AMLP Plaintiffs' Group's proposed counsel.  While SSB had represented to proposed counsel at the September 13, 2006 hearing that they "have been involved in the case from the beginning," and Mitch Kalcheim has represented to the Court in his Declaration that he and SSB had submitted a proposal to the Defendants in February 2006, no such proposal was attached, nor does SSB appear to be counsel of record on Plaintiff Rubenstein's original filed complaint.  *See* Smith Declaration #3 at para. 5 and Exhibit "C."  More importantly, SSB is not listed as Rubenstein counsel on her MDL papers, did not seek the

---

[5] *See* MDL Attorney Docket sheet for the instant case in which SSB entered their appearance on 9-22-06, the *Rubenstein v. Frey* court docket and attorney docket in the SDNY, as well as the previously transferred *Rubenstein v. Frey* court docket and attorney docket from the Central District of California, all of which have no reference to SSB as Plaintiff Rubenstein's counsel, true and correct copies of which are attached to Smith Declaration #3 as Exhibits "E," "F," "G," "H," and "I," respectively.

matter to be transferred to New York where they are located, did not appear at the MDL

proceeding, is not on the MDL service list and was not even counsel of record on the

docket in this Court until September 2006.  *See* Smith Declaration #3 at para. 4 and

Exhibits "A," "E," and "J."  Indeed, SSB's September 11, 2006 correspondence to the

Court was the first time AMLP Plaintiffs' Group's counsel heard about them.  *See* Smith

Declaration at para. 6.  Consequently, SSB should not be appointed co-Interim Class

Counsel.

## IV.    CONCLUSION

For the foregoing reasons, "A Million Little Pieces" Plaintiffs' Group respectfully

requests that its proposed Interim Class Counsel be appointed.

Dated: October 4, 2006                    Respectfully submitted,

                                          **LAW OFFICES OF THOMAS M.
                                          MULLANEY**

                                          By:*/s/ Thomas M. Mullaney (TM4274)*
                                          Thomas M. Mullaney, Esquire
                                          708 Third Avenue, Suite 2500
                                          New York, NY  10017
                                          Telephone:    (212) 223-0800
                                          Facsimile:    (212) 661-9860

                                          *Liaison Counsel for Class and*
                                          **Attorneys for Plaintiff Diane Marolda**

                                          **BRODSKY & SMITH, LLC**
                                          By: */s Evan J. Smith, Esquire (ES3254)*
                                          Evan J. Smith, Esquire (ES3254)
                                          240 Mineola Blvd.
                                          Mineola, NY 11501
                                          Telephone:    (516) 741-4977
                                          Facsimile:    (516) 741-0626

                                          *[Proposed] Co-Interim Class Counsel*
                                          **and Attorneys for Plaintiff Michele Snow**

                                          [Additional Counsel on Next Page]

Larry D. Drury, Esquire
Larry D. Drury, Ltd.
205 W. Randolph Street, Suite 1430
Chicago, IL 60606
Telephone:    (312) 346-7950
Facsimile:    (312) 346-5777

***[Proposed] Co-Interim Class Counsel***
**and Attorneys for Plaintiff Marcia Vedral**

John H. Alexander, Esquire
John H. Alexander & Associates, LLC
100 West Monroe, 21st Floor
Chicago, IL  60602
**Attorney for Plaintiff Marcia Vedral**

Alan S. Ripka, Esquire
Napoli Berm Ripka
115 Broadway
New York, NY  10006
**Attorney for Plaintiff Jimmy Floyd**

Thomas E. Pakenas, Esquire
Dale and Pakenas
641 Lake Street, Suite 400
Chicago, Il 60661
**Attorney for Plaintiff Pilar More**

Thomas A. Zimmerman, Jr., Esquire
Zimmerman and Associates, P.C.
100 West Monroe, Suite 1300
Chicago, IL  60603
**Attorney for Plaintiff Ann Marie Strack**

Michael David Myers, Esquire
Myers & Company, P.L.L.C.
1809 Seventh Avenue, Suite 700
Seattle, WA  98101
**Attorney for Plaintiffs Shera Paglinawan
and Wendy Shaw**

[Additional Counsel on Next Page]

Scott C. Frost, Esquire
Statman, Harris, Siegel & Eyrich, LLC
333 West Wacker Drive, Suite 1710
Chicago, IL  60606
**Attorney for Plaintiff Jill Giles**

Brian C. Witter, Esquire
DiTommaso Lubin
17 West 220, 22nd Street
Oakbrook Terrace, IL 60181
**Attorneys for Plaintiff Sara Brackenrich**