

Dockets.Justia.com

Kalcheim | S A L A H
Mitch Kalcheim [SBN: 175846]
Amber S. Healy [SBN: 232730]
2049 Century Park East
Suite 2150
Los Angeles, CA 90067
T: (310) 461-1200
F: (310) 461-1201

Attorneys for Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 1 2 2006

John A. Clarke, Executive Officer/Clerk
By————————— Deputy
D. GILES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

SARA RUBENSTEIN, Individually
and on Behalf of All Others Similarly
Situated,

                    Plaintiff,

vs.

JAMES FREY, RANDOM HOUSE,
INC. and Does 1-300

                    Defendants.

Case No.        BC345856

CLASS ACTION COMPLAINT FOR:

1. Violation of the Consumers Legal
Remedies Act, Civ. Code §1750 et seq.;

2. Violation of the Unfair Competition Law,
Bus. & Prof. Code §17200 et seq.;

3. Violation of the False Advertising Statute,
Bus. & Prof. Code §17500 et seq.

Plaintiff Sara Rubenstein, by counsel and for her Class Action Complaint ("Complaint")

against Defendants, James Frey and Random House, Inc, and Does 1 through 300, hereby allege

upon personal knowledge as to her own acts, and upon information and belief (based on the

investigation of her counsel) as to all other matters, as to which allegations they believe

substantial evidentiary support will exist after a reasonable opportunity for further investigation

and discovery, as follows:

CLASS ACTION COMPLAINT

1   aware that they have been duped by Defendants.

2       8.    Due to Defendants' scheme, and consumers inability to determine the truth as to

3   the falsity of Defendants' claims and representations regarding the book, Plaintiff and Class

4   members were fraudulently induced to purchase the Book.

5       9.    California's consumer protection laws are designed to protect consumers from this

6   type of false advertising and predatory conduct at issue in this action. Defendants' unfair and

7   deceptive course of conduct is common to all purchasers of "A Million Little Pieces."

8       10.    Defendants' scheme to deceive and defraud consumers violated (a) the Consumers

9   Legal Remedies Act ("CLRA"), Civ. Code §1750 et seq., specifically Civ. Code §1770(a) (5)

10  and (b); the Unfair Competition Law, Bus. & Prof. Code §17200 et seq.; including the False

11  Advertising Statute, Bus. & Prof. Code §17500 et seq. ("UCL.")

12      11.    Consequently, by this Complaint and on behalf of the consumers of the Book,

13  Plaintiff and members of the Class she seeks restitution to compensate them for their monetary

14  losses, disgorgement of all of the Defendants' wrongfully earned profits and other gains from

15  their scheme.

16      12.    Pursuant to the CLRA on January 12, 2006, Plaintiff gave notice to Defendants of

17  her intention to file an action for monetary damages under *California Civil Code* § 1750 *et seq.*,

18  unless Defendant correct, repair, replace, or otherwise rectify the consumer fraud resulting from

19  its conduct.

20                          II. PARTIES

21      13.    Plaintiff, Sara Rubenstein, is an individual who resides in the County of Los

22  Angeles. Plaintiff is a consumer who bought and read the Book during the summer of 2005.

23      14.    Plaintiff made her purchase in reliance upon Defendants' deceptive, fraudulent and

24  false representations that the Book was a non-fiction literary work. Plaintiff would not have

25  purchased the Book had Defendants truthfully disclosed that many of the events portrayed in the

26  Book were fiction. Plaintiff seeks relief in her individual capacity and she seeks to represent a

27  Class consisting of all other consumers who purchased the Book from its publication in 2003 to

28

CLASS ACTION COMPLAINT

1  January 10, 2006, the date when it was first publicly disclosed that many of the events within the

2  Book were fictional or wildly exaggerated.

3      15.   Defendant James Frey, is the author of "A Million Little Pieces." During the Class

4  Period, Defendant Frey conducted the illegal scheme complained of in the County of Los

5  Angeles.

6      16.   Defendant Random House is the publisher of the Book. Defendant Random House

7  did business throughout the County of Los Angeles, the State of California. During the Class

8  Period, Defendant Random House conducted the illegal scheme complained of here in the

9  County of Los Angeles.

10      17.   The true names and capacities (whether individual, corporate, associate, or

11  otherwise) of the Defendants that are identified as Does 1 through 300, inclusive, and each of

12  them, are unknown to Plaintiff, who therefor sue said "Doe" Defendants by such fictitious

13  names. Plaintiff is informed and believe and thereon allege that each of the Defendants

14  fictitiously named herein as "Doe" is legally responsible in some actionable manner for the

15  events and happenings hereinafter described, and thereby proximately caused the injuries and

16  damages to Plaintiffs and Class members, as alleged herein. Plaintiffs will seek leave of Court to

17  amend this Complaint to state the true names and capacities of said fictitiously named

18  Defendants when the same have been ascertained.

19      18.   Plaintiff is informed and believe and thereon allege that Defendants (and each of

20  them), including Does 1 through 300, inclusive, were the agents, servants, employees,

21  successors, assignees, transferees and/or joint venturers of their co-Defendants, and each of them

22  was, as such, acting within the course, scope and authority of said agency, employment and/or

23  joint venture and was acting with the consent, permission and authorization of each of the

24  remaining Defendants, and that each and every Defendant when acting as a principal, was

25  negligent in the selection and hiring of each and every other Defendant as an agent, employee

26  and/or joint venturer. All actions of each Defendant, as alleged herein were ratified and

27  approved by every other Defendant or their officers or managing agents.

28

CLASS ACTION COMPLAINT

## III. JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction over this class action pursuant to Bus. & Prof. Code §§ 17203, 17204 and 17535, and Civ. Code § 1780. This Court may properly exercise personal jurisdiction over the parties because (a) Plaintiffs and the members of the Class submit to the jurisdiction of this Court; (b) Defendant Frey systematically and continuously does business in this County; and (c) Defendant Random House systematically and continually does business in the County of Los Angeles.

20.    Venue is proper in this Court pursuant to Bus. & Prof. Code §§ 17204 and 17535, Civ. Code §§ 395 and 395.5, and Civ. Code § 1780(c) because Plaintiff resides in the County of Los Angeles and Defendants systematically and continually do business in this County.

21.    Federal subject matter jurisdiction does not exist over the claims for relief asserted in this Complaint.

## IV. CLASS ACTION ALLEGATIONS

22.    This action may properly be maintained as a Class Action pursuant to Code Civ. Proc. § 382, Civ. Code §§ 1752, 1780 and 1781, and Rules 1850-1861 of the Rules of Court.

23.    Plaintiff brings this action as a Class Action on behalf of all purchasers of the Book who reside in California or who purchased the Book in California during the Class Period.

24.    The Class is composed of thousands of residents of Californians including Plaintiff, and joinder of everyone is impracticable. Although the exact number of Class members is presently unknown, the Class will number in at least thousands. During the Class Period, the Book was sold throughout the State of California in bookstores, supermarkets and convenience stores, as well as by retailers on the Internet. The members of the Class are so numerous that joinder of all members is impracticable. The disposition of the claims of Plaintiffs and other Class members in this action will provide substantial benefits to the parties and this Court.

25.    There exists a well-defined community of interest in the questions of law and fact presented by this controversy. These questions of law and fact common to Plaintiffs and Class

1   members predominate over questions which may affect only individual members, if any, because

2   Defendants have acted on grounds generally applicable to the entire Class.  Among the

3   questions of law and fact common to the Class are the following:

4           (a) Whether Defendants' scheme to utilize false and deceptive statements violates the

5   CLRA, the UCL and Section 17500;

6           (b) Whether Defendants made false claims regarding the Book;

7           (c) Whether Defendants' misrepresentations were false and misleading advertising; and

8           (d) The amount of restitution that Plaintiffs and members of the Class should be awarded.

9           26.      Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of

10  the other Class members because Plaintiff and all Class members were injured by the same

11  wrongful acts and practices in which Defendants engaged as alleged herein.

12          27.      Plaintiff will fairly and adequately protect the interests of the Class. The interests

13  of Plaintiff are coincident with, and not antagonistic to, those of the Class members. In addition,

14  Plaintiff has retained attorneys who are experienced and competent in the prosecution of

15  complex and class litigation. Neither Plaintiff nor their attorneys have any conflict in

16  undertaking this representation.

17          28.      A class action is superior to the alternatives, if any, for the fair and efficient

18  adjudication of the controversy alleged herein because such treatment will permit a large number

19  of similarly situated persons residing throughout California to prosecute their common claims in

20  a single forum simultaneously, efficiently, and without duplication of evidence, effort, and

21  expense that numerous individual actions would engender. This action will result in the orderly

22  and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby

23  avoiding the risk of inconsistent and varying determinations.

24          29.      Because the injuries suffered by individual Class members or the amount of

25  restitution or disgorgement to each class member may be relatively small, the expense and

26  burden of individual litigation make it virtually impossible for the members of the Class

27  effectively to seek redress individually for Defendants' alleged wrongful conduct.

28

CLASS ACTION COMPLAINT

30.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

31.    Common questions of law and fact predominate in this case, and a class action is the only appropriate method for the complete adjudication of this controversy for the following reasons, among others:

(a) The individual amounts of restitution involved, while not insubstantial, are generally so small that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

(b) The costs of individual suits would unreasonably consume the amounts that would be recovered;

(c) Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation; and

(d) Individual actions would unnecessarily burden the courts and waste precious judicial resources.

31. Notice to the members of the Class may be accomplished cheaply, efficiently and in a manner best designed to protect the rights of all Class members.

## DEFENDANTS' SCHEME TO DEFRAUD CONSUMERS

32.    Defendants have represented, expressly or by implication, including through advertisements disseminated throughout the County of Los Angeles, the State of California and the United States that "A Million Little Pieces" is a non-fiction literary work, and a "genuine account" when in fact many of the key accounts within the Book are wholly fabricated or wildly embellished. For example, in relation to a driving while intoxicated arrest Defendant Frey writes, "Got first DUI. Blew a .36, and set a County Record. Went to Jail for a week." However, the police report from the incident tells a different story. Just after midnight on June 8, 1988, after executing a traffic stop, in which Frey was the driver, the officer noticed Frey's eyes were glassy, and he "appeared dazed." After failing a series of field sobriety tests, Frey was arrested for drunk driving and for failure to carry his driver's license. He was transported to the Sheriff's

CLASS ACTION COMPLAINT