1   Office, where he agreed to undergo a Breathalyzer test. Though he would write of setting a .36
2   county record, Frey's blood alcohol level was actually recorded in successive tests at .21 and .20
3   As for his claim to have spent a week in jail after the arrest, the report debunks that assertion.
4   After Frey's parents were called, he was allowed to quickly bond out. Two weeks later, court
5   records show, he pleaded guilty to a reduced charge of reckless driving and was fined $305.
6   Thus Frey never spent a week in jail nor established the "County record" to which the Book
7   refers.
8       33.   Moreover, Frey writes of another encounter with police authorities in which he
9   was allegedly, hit with an imposing set of criminal charges, including: Assault with a Deadly
10  Weapon (because Frey allegedly hit a policeman with a car), Assaulting an Officer of the Law
11  (because Frey allegedly engaged the officers), Felony DUI, Disturbing the Peace, Resisting
12  Arrest, Driving Without a License, Driving Without Insurance, Attempted Incitement of a Riot,
13  Possession of a Narcotic with Intent to Distribute, and Felony Mayhem. As reflected in the
14  Book, The only count Frey took issue with was the drug charge (for possession of a "bag of
15  crack cocaine"): "That was bullshit because I intended to use it, not distribute it."
16      34.   However, indices at the County Common Pleas Court contained no records for
17  Frey. At the county's Municipal Court, where misdemeanor and traffic cases are adjudicated,
18  only a single matter turned up, a November 1990 traffic ticket for speeding and driving without a
19  seat belt. According to county records, Frey paid a small fine and the case was closed out.
20      35.   Thus, contrary to Frey's account in the Book there was no patrolman struck with a
21  car, no swings at police officers, no mayhem, no attempt to incite a riot, and no crack. As a
22  result there was no Charges for Assault with a Deadly Weapon, Charge for Assaulting an Officer
23  of the Law, Charge for Felony DUI, Charge for Disturbing the Peace, Charge for Resisting
24  Arrest, Charge for Driving Without Insurance, Charge for Attempted Incitement of a Riot,
25  Charge for Possession of a Narcotic with Intent to Distribute, or Charge for Felony Mayhem.
26      36.   Thus, Defendants had no credible basis for making the claims and representations,
27  and many similar false and misleading statements within the Book and during the campaign to
28

CLASS ACTION COMPLAINT

sell the Book.

37. Similarly, while marketing the Book Frey told Oprah Winfrey and her audience of millions that "[i]f I was gonna write a book that was true, and I was gonna write a book that was honest, then I was gonna have to write about myself in very, very negative ways." "I think I wrote about the events in the book truly and honestly and accurately." And Frey has repeatedly asserted in press interviews that the book is "all true." In fact, however, many of the facts set forth in the Book were false and misleading.

38. Defendants have marketed the Book to consumers in the County of Los Angeles, the State of California by propagating these false and misleading accounts through advertisements and other media in order to induce consumers to buy the Book.

### FIRST CAUSE OF ACTION

(All Defendants; Violations of the UCL, Bus. & Prof. Code section 17200)

39. Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein. This claim arises under the UCL, and is alleged against each of the Defendants.

40. Defendants' actions complained of herein constitute unfair trade practices that have the capacity to and do deceive consumers, in violation of the UCL.

41. All of the conduct alleged herein occurred and continues to occur in the ordinary course of Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily. Thus, Defendants' conduct impacts the public interest.

42. Defendants also engage in unlawful business acts in violation of the UCL by violating state law including, but not limited to, Civil Code §§ 1572, 1709, 1710 and 1770(a)(5),(7) and (9), as well as Section 17500. Plaintiffs reserve the right to identify additional violations of California law committed by Defendants as further investigation and discovery warrants.

43. Plaintiff and the members of the Class were all directly and proximately injured by

Defendants' wrongful conduct, Plaintiff and the members of the Class purchased the Book which they would not have purchased had they been truthfully and fully informed of the facts.

44. As a direct and proximate result of the wrongful and illegal acts alleged in this Complaint, Defendants received and continue to hold ill-gotten gains belonging to Plaintiffs and the members of the Class. Plaintiffs and Class members request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair practices, as provided in Business & Professions Code § 17203 and Civil Code § 3345, and for such other relief and further relief as may be justified as set forth below.

## SECOND CAUSE OF ACTION
### (All Defendants; Violations of the CLRA)

45. Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein. This claim arises under the Consumers Legal Remedies Act and is alleged against all Defendants.

46. Plaintiff was a "consumer," as that term is defined in Civ. Code § 1761(d).

47. The Book constituted "goods," as that term is defined in Civ. Code § 1761(a).

48. Defendants each constituted a "person," as that term is defined in Civ. Code § 1761(c).

49. Plaintiff's purchase of the Book constituted a "transaction," as that term is defined in Civ. Code § 1761(e).

50. The CLRA provides in relevant part that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: (5) Representing that goods ... have ... approval, characteristics, uses, benefits ... which they do not have, (7) Representing that goods ... are of a particular standard, quality or grade ... if they are of another, (9) Advertising goods ... with intent not to sell them as advertised. Civ. Code

CLASS ACTION COMPLAINT

§ 1770(a)(5),(7) and (9).

51. Defendants made an continue to make uniform written representations that the Book is a piece of non-fiction. These representations, as set forth above, were false and/or misleading and were in violation of the CLRA.

52. Civ. Code § 1780(a)(2), permits any court of competent jurisdiction to enjoin practices that violate Civ. Code § 1770.

53. Plaintiff and the members of the Class are consumers under Civ. Code § 1761(d), and have all been directly and proximately damaged as a result of Defendants' use or employment of the above-referenced methods, acts or practices that are unlawful under Civ. Code § 1780(a). Plaintiffs are entitled to bring this action against Defendants and to recover or obtain relief, including (a) an order enjoining such methods, acts or practices, pursuant to Civ. Code 1780(a)(2).

54. In accordance with the requirements of Civ. Code §1782(a), counsel for Plaintiffs provided Defendants with written notice on January 12, 2006, of the allegations within this Complaint. Should Defendant fail to adequately respond to Plaintiff's demand to "correct, repair, replace, or otherwise rectify" the misrepresentations described above, within 30 days after receipt of the Civil Code §1782 notice, Plaintiff shall seek relief in the form of a claim for actual damages, punitive damages, attorneys' fees and costs and/or restitution. In addition, Plaintiff shall seek, pursuant to California Civil Code §1780(a)(20), an order enjoining the above-described wrongful acts and practices of Defendant, plus costs and attorneys' fees, and any other appropriate relief under Civil Code §1780.

### THIRD CAUSE OF ACTION

(All Defendants; Violations of Bus. & Prof. Code Section 17500)

55. Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein. This claim arises under Section 17500 and is alleged against all of the Defendants.

56. At all times relevant hereto, each Defendant was a "person," as that term is defined

CLASS ACTION COMPLAINT

in Bus. & Prof. Code § 17506.

57. Bus. & Prof. Code § 17500 provides that "[i]t is unlawful for any person, firm, corporation or association with intent ... to dispose of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, ... any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading..."

58. Defendants represented that "A Million Little Pieces" was a non-fiction memoir detailing the life of Defendant Frey on the cover and in the text of the Book itself, advertisements, brochures, marketing materials, and in television interviews and at book signings.

59. During the Class Period Defendants did not disclose, conspicuously or otherwise, on any of these materials that such representations were untrue or misleading and that many of the accounts in the Book were exaggerated or false.

60. Defendants' act of untrue and misleading advertising present a continuing threat to members of the public because such advertisements induce consumers to purchase the Book.

61. As a result of the violations of California law described above, Defendants have been, and will be, unjustly enriched at the expense of Plaintiffs and the members of the Class. Specifically, Defendants have been unjustly enriched by receipt of hundreds of thousands, if not millions, of dollars in monies received from customers who purchased the Book which is advertised and/or otherwise marketed in this State and this County, and which is promoted and sold through advertising and marketing materials which materially misrepresent the quality, nature, origin and functions of the product.

62. Pursuant to Bus. & Prof. Code § 17535, Plaintiffs request that this Court make such orders or judgments as may be necessary to prevent the use or employment by Defendants of untrue and misleading advertisements, or which may be necessary to restore to Plaintiffs and the members of the Class any money which may have been acquired by Defendants by means of such untrue and misleading advertisements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. An Order certifying that this action may be maintained on behalf of a Class, with Plaintiffs as Class Representatives, pursuant to Civ. Code § 1781, Code Civ. Proc. §§ 378 and 382, and Rule 1850 et seq.;

B. Order that all payments for the Book be returned to Plaintiffs and the members of the Class because Defendants procured them through unfair trade practices and in violation of state law;

C. Award to Plaintiffs and each member of the Class restitution;

D. Order that Defendants be enjoined from engaging in unfair and/or deceptive acts or practices, as set forth in this Complaint;

E. Order that Defendants be enjoined to publish notice of the truth regarding the Book;

F. Award Plaintiffs and the members of the Class the costs of suit and attorneys' fees; and

G. Award all other relief to which Plaintiffs and Class members may be entitled at law or in equity.

Respectfully submitted,
Kafcheim | S A L A H

Dated: January 12, 2006

Amber S. Healy
Attorneys for Plaintiff

CLASS ACTION COMPLAINT

TOTAL P.23