# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                          )
IN RE "A MILLION LITTLE PIECES            )        06 MD 1771 (RJH)
LITIGATION"                               )
                                          )
-------------------------------------------------------------x
```

## PLAINTIFF SARA RUBENSTEIN'S MEMORANDUM OF LAW
## IN OPPOSITION TO THE "MILLION LITTLE PIECES GROUP'S"
## MOTION FOR APPOINTMENT OF CO-INTERIM CLASS COUNSEL

Shalov Stone & Bonner LLP            Kalcheim Salah
James P. Bonner (JB-0629)             Mitch Kalcheim
485 Seventh Avenue, Suite 1000       2049 Century Park East, Suite 2150
New York, New York 10018             Los Angeles, California 90067
(212) 239-4340                       (310) 461-1200
(212) 239-4310 (fax)                 (310) 461-1201 (fax)

*Counsel for Plaintiff Sara Rubenstein*

Dockets.Justia.com

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT AND RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

THE COURT SHOULD APPOINT SSB AND
KALCHEIM SALAH AS INTERIM COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A.    SSB And Kalcheim Salah Are The Firms "Best Able"
      To Prosecute The Claims Of Class Members . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B.    The Experience Of The MLP Group's Counsel And The Events
      Leading To Their Proposed Settlement Demonstrate That They Are
      Not The Firms "Best Able" To Protect Class Members' Interests . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Plaintiff Sara Rubenstein respectfully submits this memorandum of law in opposition to the motion of the so-called "Million Little Pieces Group" ("MLP Group") to appoint Brodsky & Smith and Larry Drury Ltd. ("Drury") to serve as co-interim counsel for the putative class in this action (the "Class").[1]

## PRELIMINARY STATEMENT AND RELEVANT FACTS

The Court is presented with two competing motions for the appointment of interim counsel for the Class. The first, filed by Plaintiff Rubenstein, seeks the appointment Shalov Stone & Bonner LLP ("SSB") and Kalcheim Salah as interim counsel. The second, filed by the MLP Group, seeks the appointment of Brodsky & Smith and Drury to that position.

This motion has great significance to the Class. Brodsky & Smith and Drury essentially were chosen by the Defendants in this action to represent the Class, and have agreed to settle all Class members' claims. *See* Declaration of Mitch Kalcheim in Support of Plaintiff Sara Rubenstein's Motion for Appointment of Interim Counsel ("Kalcheim Moving Decl.") at ¶ 8. Thus, should the Court grant the MLP Group's motion, Class members will soon be presented with the choice of: (a) forfeiting their claims in exchange for the consideration negotiated by the representatives of the Class chosen by the Defendants; or (b) undertaking the arduous task of opposing that proposed settlement.

Pursuant to Fed. R. Civ. P. 23(g), in connection with the certification of any class, the Court must select as class counsel the "applicant *best able* to represent the interests of the class." (Emphasis added). Obviously, this motion is not one for class certification. Effectively, however, this motion will resolve the issue of who will serve as the Class's principal

_____

[1] For purposes of this brief, the term "Class" refers to all purchasers of defendant James Frey's supposed memoir, *A Million Little Pieces*.

representatives in this action.  As a result, the standard adopted by Rule 23(g) should govern the Court's determination.

Choosing the counsel "best able" to represent any particular client, much less a class, is not a task given to mathematical precision.  Undoubtedly, the MLP Group is represented by some talented lawyers.  Nevertheless, the objective criteria that would typically govern clients' selection of counsel indicate that the SSB and Kalcheim Salah firms represent the obvious choice as the counsel "best able" to represent this particular Class.

Some clients are concerned with their counsel's educational background.  The SSB and Kalcheim Salah lawyers who have worked on this matter are graduates of some of the nation's premier schools, including Harvard Law School, Columbia University, Cornell University and the University of Texas Law School.  *See* Declaration of James P. Bonner in Support of Plaintiff Sara Rubenstein's Motion for Appointment of Interim Counsel ("Bonner Moving Decl."), Ex. A; Kalcheim Moving Decl., Ex. A.  Other clients, while seeking representation by small firms, prefer counsel with "big firm" experience.  The SSB and Kalcheim Salah lawyers who are working on this matter previously served at some of the nation's largest and most respected firms, including Cahill Gordon & Reindel, what is now Mayer Brown Rowe & Mawe (previously Mayer Brown & Platt) and the former Milberg Weiss Bershad Hynes & Lerach (now Milberg Weiss Bershad & Schulman).  *See* Bonner Moving Decl., Ex. A; Kalcheim Moving Decl., Ex. A.

Most clients are primarily concerned, however, with their counsel's experience and devotion to the clients' cases.  The SSB and Kalcheim Salah lawyers who seek to represent the Class have spent the vast majority of their careers prosecuting or defending class actions.  *See*

Bonner Moving Decl., Ex. A; Kalcheim Moving Decl., Ex. A. The two firms have served as lead counsel in class actions nationwide. *See* Bonner Moving Decl., Ex. A; Kalcheim Moving Decl., Ex. A. They have produced a substantial record of large settlements for classes, and have successfully tried a number of cases. *See* Bonner Moving Decl., Ex. A; Kalcheim Moving Decl., Ex. A.

The credentials of the Brodsky & Smith and Drury firms do not measure up to these standards. Brodsky & Smith is a four-man firm with its "principal offices" in Bala Cynwyd, Pennsylvania. *See* Brodsky & Smith Web site at http://www.brodsky-smith.com/. While the firm does not have an entry in the Martindale-Hubbell online directory, one can reasonably surmise that the Mineola office listed on its papers is occupied by one lawyer,[2] or perhaps operates as a mail drop allowing the firm to claim a New York presence. According to the firm's resume, these four lawyers "presently represent[] investors from all over the world in over three hundred (300) class action securities, ERISA and/or derivative cases pending in various state and federal courts in the United States." *See* Smith Decl., Ex. H at 5. How exactly four lawyers could adequately perform such a feat and complete their duties on the various other types of litigation mentioned in the Brodsky & Smith resume defies imagination.

Additionally, the Brodsky & Smith resume suggests that the firm largely files what are known in the plaintiffs' bar as "tag along" shareholder derivative actions filed after the commencement of related securities class actions. According to the firm's resume, "In these actions, our firms' [sic] clients attempt to achieve corporate governance [sic, presumably the

---

[2] Evan Smith is the only Brodsky & Smith lawyer the firm's Web site lists as being licensed in New York.

word "reforms" is missing here] on behalf of the companies." *Id.* In derivative cases attached to securities class actions, the securities class action counsel typically perform the vast majority of the work, with the derivative litigation often being viewed as a mere nuisance that is eventually settled for hold-out value in the event the securities class action is resolved. Of course, that is not always the case, but that chain of events occurs all too frequently.

The Brodsky & Smith resume is also short on successful results. The resume reflects that the firm served as co-lead counsel in the *Hanover Compressor* ERISA litigation in Texas, a case that settled for $1.775 million. *See* Smith Decl., Ex. H at 7. Other than that, the firm largely takes some credit for the efforts of other firms in large cases where industry practice suggests that Brodsky & Smith's work was limited largely, if not exclusively, to document review.

The Drury firm's resume appears to reflect more relevant experience and successes. The firm lists ten cases since its founding twenty-six years ago that resulted in substantial settlements for classes in which the Drury firm played some significant role. *See* Smith Decl., Ex. I at 3-4. The fact that the Drury firm specifically states that it served as lead counsel in certain of those litigations suggests, however, that it was not lead counsel in the others. *See id.* Rarely do the non-lead counsel play anything but a subsidiary role in class action litigation. Thus, in light of the more substantial successes achieved by the SSB and Kalcheim Salah firms, objective clients would far more likely choose those firms as their representatives than the team of Brodsky & Smith and Drury.

As Plaintiff Rubenstein demonstrated in her moving papers, that conclusion finds further support in the course of events leading to the settlement proposed by the Brodsky & Smith and Drury team. That history reveals that the Defendants chose Brodsky & Smith and Drury as the

Class's representatives. *See* Kalcheim Moving Decl. at ¶¶ 8-9. In fact, the MLP Group even authorized the Defendants' counsel to inform the Court of the existence of that group, its chosen representatives and the settlement that group worked out with the Defendants without any input from Plaintiff Rubenstein or her counsel. *Id.* at ¶ 8. The MLP Group would be hard pressed to find any other example of defendants making a similar initial communication to a court in the context of a class action, much less one in which the plaintiffs' proposed principal counsel remained silent although a court had solicited the views of all counsel regarding the appropriate topics for discussion at an initial status conference.

This history would hardly fill objective clients with confidence that their selected representatives were those best suited to pursue class members' claims aggressively. Accordingly, the Court should deny the MLP Group's motion for the appointment of Brodsky & Smith and Drury as Co-Interim Counsel and, instead, appoint SSB and Kalcheim Salah as the Class's interim representatives.

## ARGUMENT

## THE COURT SHOULD APPOINT SSB AND KALCHEIM SALAH AS INTERIM COUNSEL

### A.    SSB And Kalcheim Salah Are The Firms "Best Able" To Prosecute The Claims Of Class Members

The controlling standard for appointing interim counsel is suggested by Fed. R. Civ. P. 23(g), which directs the Court to select as class counsel the "applicant *best able* to represent the interests of the class" in connection with any class certification motion. (Emphasis added). While this is not a motion for class certification, counsel for the MLP Group proposes to end this litigation almost immediately following their appointment. Accordingly, the great significance

-5-

of the choice of counsel to the Class's ultimate recovery suggests that Rule 23(g)'s "best able" criterion should govern this motion.

The record before the Court compels the conclusion that Plaintiff Rubenstein's chosen counsel, SSB and Kalcheim Salah, will best protect the interests of the Class.  The two firm's resumes demonstrate that their lawyers possess impressive academic credentials.  *See* Bonner Moving Decl., Ex. A; Kalcheim Moving Decl., Ex. A.  Moreover, the firms' lawyers were trained at some of the nation's most highly regarded firms, including Milberg Weiss Bershad Hynes & Lerach, Cahill Gordon & Reindel and Mayer Brown & Platt.  *See* Bonner Moving Decl., Ex. A; Kalcheim Moving Decl., Ex. A.

More importantly, both firms have a significant history of recent successes litigating cases on behalf of classes.  SSB is lead counsel in the *Lernout & Hauspie Securities Litigation*, which is currently pending in the District of Massachusetts.  Bonner Moving Decl., Ex. A.  That case has produced partial settlements thus far in excess of $120 million, including a massive $115 million settlement with two KPMG entities that was the third-largest settlement ever in a securities class action brought against an auditing firm.  *See* Bonner Moving Decl., Ex. A.  The *Lernout* case and its companion *Quaak v. Dexia* proceeding have also produced numerous favorable decisions for the plaintiffs and investors although the defendants have been represented by some of the nation's largest and most prestigious firms.[3]

---

[3] *See, e.g, Quaak v. Dexia, S.A.*, ___ F.Supp.2d ___, 2006 WL 2261344 (D. Mass. Aug. 8, 2006); *Quaak v. Dexia S.A.*, 357 F.Supp.2d 330 (D. Mass. 2005); *In re Lernout & Hauspie Sec. Litig.*, 2003 WL 22964378 (D. Mass. Dec. 12, 2003), *aff'd*, 361 F.3d 11 (1st Cir. 2004); *In re Lernout & Hauspie Sec. Litig.*, 218 F.R.D. 348 (D. Mass. 2003); *In re Lernout & Hauspie Sec. Litig.*, 286 B.R. 33 (D. Mass. 2002).

The SSB firm is also lead counsel for the class in the *Winstar Securities Litigation* currently pending in this District. Thus far, that case has produced settlements in excess of $30 million for the class, and the plaintiffs continue to litigate their claims again Grant Thornton, the one firm with a potential deep pocket to fund a judgment entered in favor of the class. *See* Bonner Moving Decl., Ex. A; *In re Winstar Comm. Sec. Litig.*, 2006 WL 473885 (S.D.N.Y. Feb 27, 2006).

SSB has also been the lead counsel for classes in numerous cases brought pursuant to various states' consumer protection laws. For example, in the *Thomson Consumer Electronics* case, SSB produced a settlement that enabled consumers to recover all of the repair costs that they had incurred attempting to fix their RCA and GE televisions, plus additional significant benefits amounting to in excess of $100 million. Bonner Moving Decl., Ex. A.

As was true in the *Thomson* case, SSB has also produced settlements in securities class actions that returned all or the vast majority of the money lost by claimants. In the *Dreyfus Aggressive Growth* action, for example, claimants recovered 98% of their losses, before fees and expenses. Declaration of James P. Bonner in Opposition to the "Million Little Pieces Group's" Motion for Appointment of Co-Interim Counsel ("Bonner Opp. Decl.") at ¶ 2. In the *Baan Securities Litigation*, claimants recovered approximately 100% of their losses, after fees and expenses. *Id.* at ¶ 3. Likewise, in the *CyberGuard* securities litigation, claimants recovered approximately two-thirds of the trading losses suffered by the members of the class, before fees and expenses. *Id.* at ¶ 4. Any lawyer experienced in litigating class actions will recognize that those results are nothing short of extraordinary.

Kalcheim Salah has also represented consumers, aggrieved workers, and defrauded investors in numerous class actions brought throughout the United States, and particularly in California. For example, in *Plattner v. Stations Casinos, Inc.* (Los Angeles Sup. Ct. No. BC 295056), Kalcheim Salah served as lead counsel in a case that resulted in a settlement in which consumers received benefits exceeding $5 million dollars. Kalcheim Moving Decl., Ex. A. Likewise in *Gordon v. Dollar Rent-a-Car* (Los Angeles Sup. Ct. No. BC 226757), Kalcheim Salah achieved a significant settlement for consumers in which $9 million worth of vehicle upgrade certificates were distributed to class members who had paid an allegedly unlawful fuel surcharge in connection with their rental of cars from Dollar. In connection with that settlement, Dollar agreed to amend its rental policies to clarify the disclosure of the fuel surcharge and to ensure that its gas tank capacity disclosures were correct. Kalcheim Moving Decl., Ex. A.

In *Feld v. The Hearst Corp.* (Los Angeles Sup. Ct. No. BC339617), Kalcheim Salah successfully represented consumers who were improperly forced to pay California sales tax on magazine subscriptions. The settlement in that action provided for consumers to receive a full cash refund of the unlawful tax, plus interest. Kalcheim Moving Decl., Ex. A.

Moreover, in *Kim v. ExxonMobil* (Los Angeles Sup. Ct. No. BC285091), Kalcheim Salah successfully represented a class of California consumers who paid an unlawful sales tax imposed on non-taxable fountain beverages. The resolution of that action provided for the defendant to cease its unlawful practice and to provide coupons to customers who purchased fountain beverages that far exceeded the value of the unlawful tax. Kalcheim Moving Decl., Ex. A. Kalcheim Salah has successfully prosecuted a number of similar class actions against other

-8-

fountain beverage vendors that have resulted in total recoveries by class members in excess of $20 million.

In *Hansell v. Zurich Am. Ins. Co.* (Los Angeles Sup. Ct. No. BC 253413), Kalcheim Salah represented a class of Zurich employees who allegedly were not paid for overtime hours they worked. The case was finally settled in mediation after months of litigation for $1.85 million. Each class member received $45 for each week worked without the need to file a claim or to provide any documentation. Kalcheim Moving Decl., Ex. A.

To say the least, therefore, SSB's and Kalcheim Salah's histories have been marked by numerous successful results produced in class actions nationwide. As a result, the two firms are the counsel "best able" to represent the Class in this action.[4]

**B.     The Experience Of The MLP Group's Counsel And The Events**
        **Leading To Their Proposed Settlement Demonstrate That They Are**
        **Not The Firms "Best Able" To Protect Class Members' Interests**

Against the history of success and impressive credentials exhibited by SSB and Kalcheim Salah, the MLP Group has pitted two out-of-state firms, one of which appears to have virtually no successful experience prosecuting class actions in a leadership position. *See* pp. 4-5, *supra*.

---

[4] Other factors addressed in Plaintiff Rubenstein's moving papers counsel in favor of granting her motion and denying the MLP Group's competing motion. Plaintiff Rubenstein is a California resident, and thus represents the single largest group of consumers who comprise the Class. Because most decisions require consumer claims to be litigated on a state-by-state basis, as opposed to applying the law of one state to a nationwide class, Rubenstein's residence weighs heavily in favor of providing her counsel with a seat at any table where the terms of a proposed settlement in this action are negotiated. Moreover, in similar circumstances courts have frequently taken into account the order in which various plaintiffs filed their claims in deciding which plaintiff and which counsel should lead the prosecution of classes' claims. Herbert Newberg, *Newberg on Class Actions*, § 9.35, at 388 (4th ed. 2002) ("Generally, the relative priority of commencing lawsuits is but one of several relevant factors in the selection of lead counsel."). Here, Plaintiff Rubenstein's action was the first on file in the United States. Kalcheim Moving Decl. at ¶ 5.

The Brodsky & Smith firm's experience with New York practice is so limited that it was unable to properly file the exhibits it submitted in support of the MLP Group's motion papers, even after receiving a lecture from the Clerk of Court concerning the importance of complying with the Southern District's ECF filing procedures prior to the initial status conference.  *See* Declaration of Evan J. Smith, Esquire Regarding Incomplete Uploading of Exhibits at ¶ 2 (acknowledging Brodsky & Smith's inability to file the exhibits to the Smith Declaration via the ECF system in a timely manner).

The Drury firm does appear to have more relevant experience leading the prosecution of class actions than does its co-counsel.  Nonetheless, that experience is nowhere near as significant as the experience exhibited by the SSB and Kalcheim Salah firms.  Over significantly shorter existences, those firms have produced bigger and more consistent results than the Drury firm.  *Compare* Bonner Moving Decl., Ex. A, Kalcheim Moving Decl., Ex. A *and* Smith Decl., Ex. I.

In light of these facts, there can be little doubt that an objective Class member would rather be represented by the combination of SSB and Kalcheim Salah than the team of Brodsky & Smith and Drury.  SSB and Kalcheim Salah possess significant experience prosecuting class actions, the solid resumes clients appreciate and a string of successful results in the recent past. In contrast, Brodsky & Smith is a small firm that must be stretched thin by the 300 securities, derivative and ERISA cases it claims to be prosecuting.[5]  Thus, the Drury firm, with its three

---

[5]  Obviously, the extent of Brodsky & Smith's participation in these cases is uncertain. For example, the firm highlights in its resume that it is "assisting lead counsel in the *In re Tyco Securities Litigation* matter."  Smith Decl., Ex. H at 7.  SSB is co-counsel for a number of pension funds for employees of the State of New Jersey in that action, and its partners have

(continued...)

lawyers, will undoubtedly have to do much or all of the heavy lifting in the event this case does not settle immediately.[6]

In light of those facts, the Court should take measures to guarantee that this case is not settling immediately precisely because the MLP Group's counsel cannot allocate the resources necessary to prosecute the Class's claims aggressively. Nothing that has occurred in this action thus far provides any assurance that the Class's interests are being pursued as aggressively as possible. Certain counsel were chosen by the Defendants as the representatives with whom the Defendants wished to negotiate. *See* Kalcheim Moving Decl. at ¶ 8-9. When those chosen representatives and the Defendants were nearly finished with their negotiations, the Defendants announced that fact to the Court, while the MLP Group's counsel remained silent in the face of the Court's request that all parties add to the agenda for the initial status conference. Kalcheim Moving Decl. at ¶ 8. Then, when the Court inquired about the discovery that had been undertaken or was planned to confirm the adequacy of the proposed settlement, the MLP Group's counsel sat silently as the Defendants' counsel tried to conjure up some adequate explanation of what "confirmatory" discovery the MLP Group intended to undertake.

Nevertheless, counsel for the MLP Group argue that they should be named as interim counsel because they are "adequate" and have managed to settle this case without the

---

[5](...continued)
questioned 20 or more witnesses at the numerous depositions that have been conducted thus far. Brodsky & Smith has yet to appear at any court hearing, deposition, conference call or other meeting of counsel in the *Tyco* case. Nor does the firm appear on the lengthy service list utilized to inform counsel of the relevant proceedings in that matter. *See* Bonner Opp. Decl. at ¶ 5.

[6] This is not to suggest that small firms cannot adequately represent a class. Both SSB and Kalcheim Salah are small firms, although both firms employ more lawyers than work at the Brodsky & Smith and Drury firms.

-11-

participation of SSB or Kalcheim Salah. Mere adequacy is not the applicable standard, however. Rather, in these circumstances, the Court is charged with appointing the representatives "best able" to represent the interests of the Class. Fed. R. Civ. P. 23(g).

Moreover, even the MLP Group's description of the events leading to the settlement Brodsky & Smith and the Drury firm negotiated without seeking the Court's approval of their status as representatives of the Class suggests that the settlement is flawed. For one, the MLP Group effectively acknowledges that it undertook no efforts to inform Plaintiff Rubenstein or her counsel that a settlement was under negotiation. The MLP Group suggests in its brief that it made multiple "call**s**" to "Plaintiff Sara Rubenstein" "to organize and be part of the coordinated Plaintiffs' group," whatever that means. MLP Group's Brief at 9 and 9 n.3 (emphasis added). The only seeming support for that statement offered by the MLP Group is the Declaration of Scott Frost, who is affiliated with neither Brodsky & Smith nor the Drury firm. Frost's declaration states, "I specifically called counsel's office, prior to April, 2006[,] for plaintiff Rubenstein on at least one occasion." Presumably, by that statement Frost means that he called counsel for plaintiff Rubenstein on at least one occasion prior to April 2006. Frost further states that "[t]he purpose of the call was two fold: 1) an effort to determine what interest counsel had, if any, in joining a motion to transfer the pending actions to the Northern District of Illinois[;] and [2)] to determine what interest, if any, counsel had in joining a group of Plaintiff's [sic] lawyers." Frost Decl. at ¶ 3.

Thus, nobody has suggested that Rubenstein or her counsel were informed of any settlement negotiations. Rather, Frost once called an unnamed person and perhaps, although not certainly, left a message regarding a transfer issue and "joining a group of Plaintiff[s'] lawyers."

In light of the fact that Plaintiff Rubenstein filed papers with the Judicial Panel on Multidistrict Litigation ("JPML") urging the selection of this Court or the Central District of California as the appropriate venue in this action, it could hardly have come as a surprise to Frost or the MLP Group that Rubenstein had no interest in supporting a proposed transfer to the Northern District of Illinois.  More importantly, this chain of events does not alter the fact that neither Frost nor anyone else ever sought to include Rubenstein or her counsel in any discussions concerning who should represent the Class's interests in settlement negotiations, much less concerning the terms of the proposed settlement.  *See* Kalcheim Moving Decl. at ¶ 8.

Equally as important, the MLP Group states that two plaintiffs who were once members of their group decided to withdraw.  While the MLP Group offers no explanation for those withdrawals, counsel for at those plaintiffs has stated that his firm left the MLP Group because of the firm's dissatisfaction with the manner in which that group was negotiating the proposed settlement.  *See* Bonner Opp. Decl. at ¶ 6.  Thus, even within their own camp, the efforts of Brodsky & Smith and the Drury firm were not uniformly seen as satisfactory.

The continued refusal of the MLP Group to provide Plaintiff Rubenstein with the Memorandum of Understanding reflecting the proposed settlement terms also suggests that the settlement is not one likely to be featured prominently in future versions of the Brodsky & Smith and Drury firm resumes.  Counsel for plaintiff Rubenstein believes that the Court stated at the September 13, 2006 conference that the MLP Group should share their Memorandum of Understanding with Rubenstein's counsel.  The MLP Group has refused to do so, however, most recently today.  These continued efforts to hide the terms of a settlement from Rubenstein and her counsel indicate that there is much to criticize in the proposed agreement.

In addition, the MLP Group continues to hide the nature of the discovery they have conducted or plan to conduct regarding the adequacy of the settlement they negotiated, apparently without the benefit of any disclosure. The MLP Group has forwarded a letter to Rubenstein's counsel stating that, after a confidentiality agreement was executed, which the MLP Group expected to occur by September 22, 2006, "any or all documents that have been or will be produced by the defendants will be provided to any firm . . . that executes the agreement." To date, however, Plaintiff Rubenstein has received neither any documents nor a proposed confidentiality agreement. The MLP Group's conduct therefore suggests that no documents of any nature have yet changed hands. Defendants presumably are not permitting any counsel to review purportedly confidential documents without executing the confidentiality stipulation that apparently has not yet been finalized.

Moreover, the Court's inquiry at the September 13, 2006 conference concerning the nature of the confirmatory discovery undertaken by the parties was met with an awkward answer that suggested that none had yet been conducted. It is clear, therefore, that conducting discovery to confirm the adequacy of the proposed settlement had not been a priority for the MLP Group. Again, this factor suggests that the Class would benefit from a fresh perspective regarding the appropriate manner to pursue Class members' claims.

## CONCLUSION

The respective credentials of the applicants and the history of this litigation demonstrate that SSB and Kalcheim Salah are the firms "best able" to represent the plaintiffs in this litigation. That is not to say that the lawyers at Brodsky & Smith and the Drury firm are unqualified or inadequate. "Adequate" and "qualified" are not synonymous, however, with "best." If Class

-14-

members were presented with the choice before the Court, Plaintiff Rubenstein is confident that

their overwhelming preference would be to seek representation by SSB and Kalcheim Salah.  As

a result, Plaintiff Rubenstein's motion for the appointment of SSB and Kalcheim Salah as

Interim Counsel should be granted, and the MLP Group's motion for the appointment of

Brodsky & Smith and the Drury firm as Co-Interim Counsel should be denied in all respects.

Dated: October 10, 2006                **SHALOV STONE & BONNER LLP**


                                       By:  /s/ James P. Bonner
                                              James P. Bonner (JB-0629)
                                       485 Seventh Avenue, Suite 1000
                                       New York, New York 10018
                                       (212) 239-4340
                                       (212) 239-4310 (fax)

                                       **KALCHEIM SALAH**
                                       Mitch Kalcheim
                                       2049 Century Park East
                                       Suite 2150
                                       Los Angeles, CA 90067
                                       (310) 461-1200
                                       (310) 461-1201 (fax)

                                       **Counsel for Plaintiff Sara Rubenstein**

## CERTIFICATE OF SERVICE

I, James P. Bonner, hereby certify that I filed Plaintiff Sara Rubenstein's Memorandum of Law in Opposition to the "Million Little Pieces Group's" Motion for Appointment of Co-Interim Class Counsel and the Declaration of James P. Bonner in Opposition to the "Million Little Pieces Group's" Motion for Appointment of Co-Interim Class Counsel via the ECF system of the Southern District of New York and served copies of the foregoing papers upon the following counsel by U.S. mail this 4th day of October 2006:

ATTORNEY FOR PLAINTIFF MICHELE SNOW:

>   Evan J. Smith
>   Brodsky & Smith, LLC
>   240 Mineola Blvd.
>   Mineola, NY 11501
>   Tel: 516-741-4977
>   Fax: 610-667-9029

ATTORNEY FOR PLAINTIFF JIMMY FLOYD and KAREN FUTRERNICK:

>   Alan S. Ripka
>   Ripka, Rottre & King, LLP
>   275 Madison Avenue
>   New York, NY 10016
>   Tel: 212-685-8888 ex. 8653
>   Fax: 212-532-0176
>   aripka@ripkalaw.com

ATTORNEY FOR PLAINTIFFS JENNIFER COHN & DIANE MAROLDA:

>   Thomas M. Mullaney
>   Law Offices of Thomas M. Mullaney
>   708 Third Avenue, Suite 2500
>   New York, NY 10017
>   Tel: 212-223-0800
>   Fax: 212-661-9860

ATTORNEY FOR PLAINTIFF PILAR MORE:

>   Thomas E. Pakenas
>   Dale & Pakenas
>   641 West Lake Street, Suite 400
>   Chicago, IL 60661
>   Tel: 312-258-1800
>   Fax: 312-258-1804

ATTORNEY FOR PLAINTIFF ANN MARIE ATRACK:

>   Thomas A. Zimmerman, Jr.
>   Zimmerman & Associates, P.C.
>   100 West Monroe, Suite 1300
>   Chicago, IL 60603
>   Tel: 312-440-0020
>   Fax: 312-440-4180

ATTORNEYS FOR PLAINTIFFS GARRETT HAUENSTEIN & JEAN TAYLOR:

>   Christopher W. Taylor
>   Gancedo & Nieves, LLP
>   144 West Colorado Boulevard
>   Pasadena, CA 91105
>   Tel: 626-685-9800
>   Fax: 626-685-9808

-16-

ATTORNEY FOR SHERA
PAGLINAWAN & WENDY SHAW:

    Michael David Myers
    Myers & Company, PLLC
    1809 Seventh Avenue, Suite 700
    Seattle, WA 98101
    Tel: 206-398-1188

ATTORNEYS FOR PLAINTIFF JILL
GILES:

    Scott C. Frost
    Statman, Harris, Siegel & Eyrich,
    LLC
    333 West Wacker Drive, Suite 1710
    Chicago, IL 60606
    Tel: 312-263-1070
    Fax: 312-263-1201

    Alan J. Statman
    Statman, Harris, Siegel & Eyrich,
    LLC
    2900 Chemed Center
    255 E. Fifth Street
    Cincinnati, OH 45202
    Tel: 513-621-2666

ATTORNEYS FOR PLAINTIFF MARCIA
VEDRAL:

    John H. Alexander
    John H. Alexander & Associates,
    LLC
    100 West Monroe, 21st Floor
    Chicago, IL 60602

    Larry Drury
    Larry D. Drury, Ltd.
    205 W. Randolph Street, Suite 1430
    Chicago, IL 60606
    Tel: 312-346-7950
    Fax: 312-346-5777

ATTORNEYS FOR PLAINTIFF
GREGORY RIVARD:

    Mark S. Baumkel
    Provizer & Phillips, P.C.
    30200 Telegraph Road, Suite 200
    Bingham Farms, MI 48025
    Tel: 248-642-0444
    Fax: 248-642-6661

    E. Powell Miller
    Miller Shea, P.C.
    950 West University Drive, Suite
    300
    Rochester, MI 48301

ATTORNEYS FOR DEFENDANTS
RANDOM HOUSE AND DOUBLEDAY:

    Mark B. Blocker
    Sidley Austin, LLP
    One South Dearborn Street
    Chicago, IL 60603
    Tel: 312-853-6097
    Fax: 312-853-7036

    Rebecca Green Goldstein
    Sidley Austin, LLP
    555 West Fifth Street, Suite 4000
    Los Angeles, CA 90013
    Tel: 213-896-6000

    Elizabeth McNamara
    Davis Wright Tremaine, LLP
    1633 Broadway
    New York, NY 10019
    Tel: 212-489-8230
    Fax: 212-489-8340

ATTORNEYS FOR DEFENDANT JAMES
FREY:

    Derek J. Meyer
    McDermott Will & Emery
    227 West Monroe Street, Suite 4400
    Chicago, IL 60606-5096
    Tel: 312-372-2000
    Fax: 312-984-7700


ATTORNEYS FOR DEFENDANT and
DEFENDANT BIG JIM INDUSTRIES,
INC.

    Matthew X. Oster
    McDermott Will & Emery
    2049 Century Park East, 34th Floor
    Los Angeles, CA 90067
    Tel: 310-277-4110
    Fax: 312-984-7700


ATTORNEYS FOR DEFENDANT
ANCHOR BOOKS:

    Fred B. Burnside
    Davis Wright Tremaine LLP
    1501 4th Ave, Sutie 2600
    Seattle, WA 98101
    Tel: 206-622-3150
    Fax: 206-628-7699


ATTORNEY FOR DEFENDANT BARNES
& NOBLE:

    Brad Feuer, General Counsel
    Barnes & Noble, Inc.
    122 Fifth Avenue
    New York, NY 10011
    Tel: 212-633-3300
    Fax: 212-463-5683

ATTORNEY FOR DEFENDANT SEAN
MCDONALD:

    Alex Giganle, General Counsel
    Penguin Group (USA) Inc.
    375 Hudson Street
    New York, NY 10014
    Tel: 212-366-2000
    Fax: 212-366-2687


ATTORNEYS FOR DEFENDANT
RANDOM HOUSE, V.G. INC:

    Matthew C. Blickensderfer
    Frost Brown Todd LLC
    201 East 5th Street
    Cincinnati, OH 45202
    Tel: 513-651-6800
    Fax: 513-651-6981


ATTORNEY FOR DEFENDANT:

    Kassie Evashevski
    Brillstein Grey
    9150 Wilshire Blvd.
    Beverly Hills, CA 90212


LEAD COUNSEL FOR RANDOM
HOUSE:

    Robert D. Balin
    Linda Steinman
    Davis Wright Tremaine, L.L.P.
    1633 Broadway
    New York, NY 10019
    Tel: 212-489-8230
    Fax: 212-489-8340

ATTORNEY FOR DEFENDANT SARA
BRACKENRICH:

> Brian C. Witter
> DiTommaso Lubin
> 17 West 220
> 22nd Street
> Oakbrook Terrace, IL 60181
> Tel: 630-333-0000
> Fax: 630-333-0333

                                          /s/ James P. Bonner
                                         James P. Bonner