## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                              )
IN RE "A MILLION LITTLE PIECES               )     06 MD 1771 (RJH)
LITIGATION"                                   )
                                              )
-----------------------------------------------------------x

### PLAINTIFF SARA RUBENSTEIN'S REPLY
### MEMORANDUM OF LAW IN SUPPORT OF HER
### MOTION FOR APPOINTMENT OF INTERIM COUNSEL

Shalov Stone & Bonner LLP
James P. Bonner (JB-0629)
485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340
(212) 239-4310 (fax)

Kalcheim Salah
Mitch Kalcheim
2049 Century Park East, Suite 2150
Los Angeles, California 90067
(310) 461-1200
(310) 461-1201 (fax)

*Counsel for Plaintiff Sara Rubenstein*

Dockets.Justia.com

Plaintiff Sara Rubenstein respectfully submits this reply memorandum of law in support

of her motion, pursuant to Fed. R. Civ. P. 23, for the appointment of the law firms of Shalov

Stone & Bonner LLP ("SSB") and Kalcheim Salah as interim counsel for the proposed Class in

this action.[1]

**ARGUMENT**

**I.**

**THE MLP GROUP'S MISSTATEMENTS OF RELEVANT
FACTS SUPPORT THE CONCLUSION THAT SSB AND
KALCHEIM SALAH SHOULD BE NAMED INTERIM COUNSEL**

In large part, Plaintiff Rubenstein submits this reply memorandum to correct certain

inaccuracies in the "reply" papers filed by the so-called "A Million Little Pieces Group" of

plaintiffs (the "MLP Group") and their counsel.[2] First, the MLP Group claims that it responded

to Plaintiff Rubenstein's request for the memorandum of understanding that outlines the

settlement terms the MLP Group has "negotiated" with Defendants' counsel. *See* MLP Opp.

Mem. at 6. n.4. As proof of that assertion, the MLP Group submitted a two-page facsimile

accompanied by a confirmation that one page of the document was sent. *See* Smith Reply Decl.,

Ex. D. Rubenstein's counsel pointed this anomaly out to the MLP Group's counsel prior to the

time the MLP Group filed its opposition papers. *See* Reply Declaration of James P. Bonner

("Bonner Reply Decl.") at ¶¶ 2-3.

Thus, it is apparent that: (a) Rubenstein's counsel received no response from the MLP

Group regarding her request for the memorandum of understanding; and (b) the MLP Group's

---

[1] For purposes of this brief, the term "Class" refers to all purchasers of defendant James Frey's supposed memoir, *A Million Little Pieces*.

[2] Those papers were filed prior to the filing of the papers submitted by Plaintiff Rubenstein in opposition to the MLP Group's motion for the appointment of Brodsky & Smith and Larry Drury Ltd. as co-interim counsel for the putative Class. Accordingly, the papers were not reply papers at all.

footnote description of the supposed correspondence with Rubinstein's counsel is misleading.[3] More importantly, to this date, the MLP Group has refused to disclose to Rubenstein's counsel the memorandum of understanding or any of its terms. *See* Bonner Reply Decl. at ¶ 4. This bashful approach to unveiling the terms of the "settlement" hardly breeds confidence regarding its quality.

Second, contrary to the MLP Group's representations, SSB has been involved in this litigation since its commencement. That undeniable fact is evidenced by the letter to Defendant Random House's counsel that SSB and Kalcheim Salah wrote on behalf of a group of plaintiffs for the signature of Napoli Bern LLP, one of the counsel for the MLP Group. *See* Bonner Reply Decl., Ex. A.

That letter was sent after a conference call in which Napoli Bern, Meyers & Co. PLLC and Dale & Pakenas (all counsel for the MLP Group) participated with Mitch Kalcheim of Kalcheim Salah and James Bonner of SSB. *See id.* at ¶¶ 5-9. During that call, the participants agreed that Napoli Bern would draft a proposed letter to Random House regarding a potential settlement because Random House's counsel had undertaken some preliminary discussions with the Dale & Pakenas firm regarding a possible resolution of this action. *Id.* at ¶¶ 6-7. A redline of Napoli Bern's initial draft demonstrates that little of that letter survived the extensive editing undertaken by Kalcheim Salah and SSB. *Id.* at ¶ 8.

---

[3] As the confirmation demonstrates, Rubinstein's counsel did not receive the faxed letter the MLP Group references. The best that can be said for the MLP Group is that its counsel attempted to send Rubinstein's attorney a letter refusing to forward the memorandum of understanding, but managed only to send a fax cover sheet that contained no relevant information (the first page of Exhibit D to the Smith Reply Declaration). The fact that the MLP Group's records reflect the transmission of a one-page fax demonstrates, however, that Exhibit D was not transmitted properly, and likely explains why Rubinstein's counsel has no record of receiving that document. *See* Bonner Reply Decl. at ¶ 3.

Moreover, when Kalcheim transmitted the re-drafted letter to the foregoing counsel for the MLP Group, he specifically stated that Bonner had assisted in revising the initial draft. *Id.* The letter's listing of counsel also reflects SSB's participation as Rubenstein's attorneys, as does a follow-up letter sent by Napoli Bern on April 19, 2006. *Id.*, Ex. A.[4] Thus, contrary to its representations, the MLP Group is well aware that SSB is no "Johnny Come Lately," even to the extent such considerations are relevant to the controlling question of which counsel are "best able" to represent the putative class. *See* Fed. R. Civ. P. 23(g).[5]

## II.

### THE QUALITY OF THE PAPERS SUBMITTED BY THE PARTIES CONFIRMS THAT SSB AND KALCHEIM SALAH SHOULD BE NAMED INTERIM COUNSEL

The MLP Group's suggestion that the quality of its papers supports its choice of interim counsel is belied by the diverse collection of typos, grammatical errors and false statements that mar those documents. Indeed, a reader would be challenged to find a paragraph, much less a page, of the MLP Group's opposition brief that does not contain a typographical, factual, grammatical or legal error.

For example, the brief's opening sentence has a subject-verb agreement error (the proper verb for the subject "Plaintiffs" is "submit"). In the same sentence, it is proper to say "their

---

[4] We have not submitted all of the correspondence with the participants in the conference call to the Court because those documents are work product.

[5] The MLP Group also observes that SSB did not officially appear in the California state court action filed by Rubenstein. That is the case because Random House removed Rubenstein's case to federal court soon after it was filed, and California's Rules of Court prevent out-of-state attorneys from appearing as counsel before they are admitted *pro hac vice. See* Cal. Rule of Court 983(b). In light of Kalcheim Salah's appearance before the MDL Panel, there was no need for SSB to make a separate appearance. Indeed, the MDL Panel's Rules specifically discourage the filing of unnecessary papers and encourage parties to select a single spokesman to advance their arguments. *See* MDL Rule 16.1(f).

motion" (*i.e.*, the plaintiffs' motion), not "its motion." The semi-colon in the sentence should be preceded by a colon after the word "motion[s]." Otherwise, the use of the semi-colon is inappropriate. The "as follows" at the end of the paragraph is likely a remnant from an earlier complaint and is grammatically incorrect. Rather, the paragraph should end with a period after "23(g)." Furthermore, the MLP Group never provides an adequate explanation of why it is moving to consolidate cases that the Court previously consolidated.[6]

We could continue – at some length – but we have made our point.[7] Particularly in a case involving the publishing industry and the manner in which a book was edited, it is not too much to demand that the principal representatives of the Class utilize proper grammar and diction. The MLP Group's counsel have failed miserably in that regard.

Thus, as Plaintiff Rubenstein demonstrated previously, no legitimate question exists that objective Class members would prefer that SSB and Kalcheim Salah serve as the Class's primary

---

[6] Of course, cases are generally consolidated for pre-trial purposes during their initial stages. Whether a single trial should resolve the claims of all Class members is not currently before the Court, and the MLP Group's supposed concern with trial procedures is ironic given the posture of this litigation.

[7] *See, e.g.*, MLP Opp. Mem. at 4 ("Courts should look at a variety of factors in its [sic] determination"); *id.* ("if first to file is given its' [sic] due weight"); *id.* at 5 ("Regardless, the fact that her complaint was filed within the same two week period of [sic] other plaintiffs that are part of the AMLP Plaintiffs[] Group is not dispositive."); *id.* at 5 n.5 (spelling a plaintiff's name as "More," while the spelling "Moore" appears throughout the document); *id.* at 6 ("More significantly[,] however, it would give the authority of one individual Plaintiff to refuse to file a motion for preliminary approval of a settlement, despite 10 of the 12 plaintiffs agreeing to its' [sic] terms.") (obviously, this sentence did not succeed in making the point the MLP Group tried to convey); *id.* at 7 ("Plaintiff Rubenstein makes the absurd contention that Defendants have chosen counsel in [sic] which to negotiate and effectively are choosing Class Counsel."); *id.* ("At most, it establishes that the Defendants did not want to take the unmanageable position [sic] to negotiate with each and every Plaintiff that filed cases."); *id.* at 8 ("In fact, the majority, if not all, of the Plaintiffs in the AMLP Plaintiffs[] Group submitted his/her [sic] own written settlement proposal before the group was established."); *id.* at 8 ("Plaintiff Rubenstein's intentional choice to rest on her laurels certainly does not equate to the Defendants controlling the choice of counsel in [sic] which to negotiate.").

counsel. Accordingly, Rule 23(g) dictates that Rubenstein's motion for the appointment of interim counsel should be granted in all respects.

## CONCLUSION

For all of the reasons set forth above, in Plaintiff Rubenstein's moving papers and in her opposition to the MLP Group's motion, the Court should appoint SSB and Kalcheim Salah as interim counsel for the putative class.

Dated: October 12, 2006

**SHALOV STONE & BONNER LLP**

By: _/s/ James P. Bonner_____
      James P. Bonner (JB-0629)
485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340
(212) 239-4310 (fax)

**KALCHEIM SALAH**
Mitch Kalcheim
2049 Century Park East
Suite 2150
Los Angeles, CA 90067
(310) 461-1200
(310) 461-1201 (fax)

**Counsel for Plaintiff Sara Rubenstein**