USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/06

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In Re "A Million Little Pieces" Litigation ) | 06-md-1771 (RJH) |
| THIS DOCUMENT RELATES TO ) ALL ACTIONS ) | Hon. Richard J. Holwell |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby orders that the following procedures are to be employed in this action for the protection of the parties against disclosure or any improper use of confidential information produced in discovery or filed with this Court:

1. <u>Definition of "Confidential Information"</u>: "Confidential Information" is information that a party or third party determines, in good faith, constitutes: trade secrets; sensitive business or financial information; confidential research, development or commercial information; or confidential or private personal information, including such information received from third parties. Confidential Information does not include information that has been disclosed in the public domain.

2. This Protective Order governs the handling of all Confidential Information, including documents and other information, including all copies, excerpts, and summaries thereof, produced, given or filed during discovery and other proceedings in this action, including Confidential Information produced, given or filed prior to the date of this Protective Order. By treating documents or information as confidential, no party waives the right to challenge any designation of any document or information as Confidential Information.

3. The provisions of this Protective Order shall apply to the parties to this action, and any other persons producing or disclosing Confidential Information in this action. As used herein, "Person" includes both the named parties and third parties who are bound by this Protective Order.

4. Designation of Confidential Information: Any party and anyone who produces, gives, or files Confidential Information may designate information as Confidential Information if the producing party or person in good faith determines that the information meets the definition stated in Paragraph 1.

(a) Designation of Documents: Documents may be designated as Confidential Information by stamping "Confidential" on each page prior to production. Information which is designated "Confidential" shall be used solely for the purposes set forth in paragraph 5 below.

(b) Subsequent Designation: If a producing party determines that documents or information were inadvertently produced and not designated as "Confidential," the party shall provide notice in writing to the Persons who received the documents, and the recipients shall mark as "Confidential" those documents or information identified, which shall be deemed Confidential Information subject to this Protective Order, and the recipients shall treat that information in accordance with this Protective Order from and after the date of receipt of written notice.

(c) Designation of Testimony: Information disclosed at the deposition of any witness in this action may be designated as Confidential Information by: (a) indicating on the record at the deposition that the testimony is Confidential Information and subject to the provisions of this Order; or (b) forwarding a letter to the court reporter (with a copy to all parties)

-3-

designating as Confidential Information the transcript, portions thereof or exhibits shown to the deponent, within 20 days of the receipt of the deposition transcript by the person making the designation.

5.  All Confidential Information that is produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business or other purpose whatsoever, and shall not be given, shown, or made available or communicated in any way to anyone except those specified below who are bound by the terms of this Protective Order, and to whom counsel determines, in good faith, disclosure is necessary for the purposes permitted under this paragraph.

6.  <u>Persons to Whom Confidential Information May Be Disclosed</u>:  Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

(a)  outside counsel of record for the parties in this action, and other outside attorneys, clerical, paralegal and other staff employed by such counsel or parties;

(b)  outside photocopying, data management or document management services, provided that they execute the acknowledgement attached hereto as Exhibit A;

(c)  in-house counsel for the defendants;

(d)  the named plaintiffs and such officers, directors, or employees of the defendants, as counsel, in good faith, requires to provide assistance in the prosecution or defense of this action;

(e)  the Court (in the manner provided by paragraph 9 hereof) and court personnel;

      (f)    any independent experts or independent consultants who are assisting in the prosecution or defense of this action, providing they agree to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A.

      (g)    any other Person as to whom the producing Person agrees in writing;

      (h)    deponents and any witness at any trial, hearing or other proceeding in this action, provided those persons are apprised of the terms of this Order and that disclosure of Confidential Information in violation of this Order is punishable as contempt of Court; and

      (i)    court reporters employed in connection with this action.

7.    <u>Exception</u>: Nothing in this Order shall preclude any party or its attorneys from: (a) showing a document or information designated as "Confidential" to an individual who either prepared or reviewed the document or information prior to its production; or (b) disclosing, or using in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "Confidential."

8.    Each party represents and warrants that it will undertake good faith efforts to confirm before providing any Confidential Information to any expert or consultant that the expert or consultant is independent from and has no conflict of interest with the party that disclosed the Confidential Information.

9.    For applications and motions to the Court in which a party submits Confidential Information, all documents containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court, contains Confidential Information, and is not to be opened or the contents revealed except by authorized Court personnel.

Any party filing a document under seal shall also file a redacted copy of the document in the public court file, redacting from the document only those portions containing Confidential Information. Any member of the public may challenge the filing of a document under seal. If there is such a challenge, the party asserting confidentiality bears the burden of showing the propriety of the designation of confidentiality.

    10.    A recipient of Confidential Information shall not be obligated to challenge the propriety of such designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Whenever a party objects to the treatment of a document or transcript as Confidential Information as defined in paragraph 4 herein, it shall, in writing by mail or facsimile, so inform the party seeking "Confidential" treatment. If the party seeking such treatment has not within 10 business days withdrawn such treatment, the objecting party may apply to the Court by motion for a ruling that the document or transcript shall no longer be treated as Confidential Information. Upon such application, the party asserting confidentiality bears the burden to establish the same. Until the Court enters an Order, if any, changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" treatment described in Paragraph 6 herein.

    11.    At the conclusion of this litigation (i.e., upon its final dismissal), all copies of all documents or transcripts designated as Confidential Information and any copies thereof, shall either be destroyed or returned to the party or person furnishing the same. In addition, all copies of all summaries or other materials containing or disclosing information contained in "Confidential" documents or transcripts shall be either destroyed or returned to the party or

person furnishing the same. This Order shall continue to be binding after the conclusion of this litigation, except that, unless otherwise ordered by this Court, there shall be no restriction on documents or transcripts that become a part of the public record without breach of this order.

13. Nothing in this Protective Order shall cause any documents already in the public domain to be considered protected or deemed confidential.

14. This Protective Order does not apply to the offer of or admission into evidence of Confidential Information at trial, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial.

#. In the event any person subject to this Order receives a subpoena from any person, court or tribunal calling for the production of Confidential Information, that person shall, within three days of the receipt of the subpoena, forward the subpoena to the party or witness who designated the document or information as Confidential Information by overnight mail. Thereafter, it shall be the responsibility of the designating party or witness, within seven (7) business days, or upon such shorter notice as provided for in the subpoena, to object to the production of any Confidential Information called for by the subpoena, move to quash the subpoena or otherwise undertake measures designed to restrict the dissemination of Confidential Information. If the designating party or witness files objections to the subpoena or moves to quash the subpoena, the recipient of the subpoena shall not produce any Confidential Information in response to the subpoena unless and until the recipient: (a) receives written permission from the designating party or witness to do so; or (b) is ordered to do so by a court of competent jurisdiction.

15. This Protective Order remains subject to modification for good cause shown.

IT IS SO ORDERED THIS 27 DAY OF OCTOBER, 2006.

_____
Judge Richard J. Holwell