UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE "A MILLION LITTLE PIECES" LITIGATION

No. 06-md-1771

Hon. Richard J. Holwell

**DECLARATION OF EVAN J. SMITH, ESQUIRE IN SUPPORT OF AMLP PLAINTIFFS' GROUP'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF NOTICE PLAN**

I, Evan J. Smith, Esquire, hereby declares:

1. I am an attorney, duly licensed and admitted to practice law in the State of New York and in this Court. I am a partner in the law firm of Brodsky & Smith, LLC, counsel for Plaintiff Michele Snow in these coordinated proceedings. I have personal knowledge of the facts set forth in this Declaration. If called upon and sworn as a witness, I could and would competently testify to these facts.

2. The proposed settlement resulted from substantial negotiations among the parties, spanning over five months and involving hundreds of phone calls, e-mails, and meetings.

3. In March of 2006, proposed Interim Co-Counsel, Larry D. Drury and I, worked to coordinate a group of plaintiffs' counsel to negotiate with counsel for defendants Random House and Frey.

4. At an initial meeting on April 20, 2006, a large group of plaintiffs' counsel, coordinated by Drury and Smith, met in Chicago with all of the defense counsel to discuss the potential for an early resolution of the AMLP Actions.

5. After that initial group meeting, proposals were exchanged among the parties with the broad outline of a proposed settlement. After the exchange of proposals, and their

consideration by the wider group of plaintiffs' counsel, Drury and I participated in a series of negotiations with the Defendants' counsel, which included at least six in-person meetings in Chicago,[1] and dozens of phone conferences.

6.    Drury and I kept other plaintiffs counsel apprised of the developments in the settlement negotiations, and regularly received input from the wider plaintiffs' group on proposed responses to proposals submitted by Defendants. These extensive negotiations ultimately resulted in the execution of a formal Memorandum of Understanding ("MOU") on July 26, 2006, which was reviewed and approved by eleven plaintiffs' counsel.

7.    The MOU was then memorialized into a written settlement agreement. The same eleven plaintiffs' counsel have signed the settlement agreement now before the court.

8.    Plaintiffs have also secured substantial confirmatory discovery in connection with this settlement, which was a condition precedent in resolving this matter. Indeed, Plaintiffs received and reviewed more than 2000 pages of materials and electronic documents regarding the Book, including sales numbers, the Book's rate of return, pricing information, and Frey's royalties. Plaintiffs were also given copies of Random House's records regarding refund requests for the Book, as well as copies of other written comments regarding the Book that Random House received from consumers.

9.    During the settlement negotiations, counsel had adequate information regarding the strengths and weaknesses of Plaintiffs' case. Indeed, throughout the negotiations, the parties pressed their respective strengths. Plaintiffs also considered the weaknesses of their case, the risks posed by further litigation, the likely recovery at trial, and the risks and delays of the inevitable appeals that would follow a trial. In addition, Plaintiffs did not finally settle this

---

[1] In person meetings took place on the following dates: April 19; June 14, 22, 27; July 5, 19 with Drury and defense counsel, and I attended these meetings via telephone conference.

Action against the Defendants until they performed additional confirmatory discovery (including the review of 2000 pages of documents), confirming the fairness and adequacy of the Settlement.

10. I have concluded that this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settling Class.

11. Attached hereto as Exhibit "A" is a true and correct copy of the Executed Settlement Agreement.

12. Attached hereto as Exhibit "B" is a true and correct copy of the original *Smoking Gun Report*.

13. Attached hereto as Exhibit "C" is a true and correct copy of the disclaimer that will remain on the book pursuant to the settlement agreement.

14. Attached hereto as Exhibit "D" is a true and correct copy of the transcript of the MDL hearing in this coordinated and consolidated action.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: January 4, 2007                           */s Evan J. Smith, Esquire (ES3254)*
                                                  Evan J. Smith, Esquire (ES3254)