

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

In Re "A Million Little Pieces" Litigation

06-md-1771 (RJH)

Judge Richard J. Holwell

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

Dockets.Justia.com

## TABLE OF CONTENTS

**Page**

RECITALS. ......................................................................................................................1

**PROPOSED CLASS FOR SETTLEMENT PURPOSES** .................................................3

   1.   Certification of Settlement Class ...........................................................................3

   2.   Settlement Purposes Only. ....................................................................................4

   3.   Vacating Settlement Certification and Reservation of Rights. ............................4

**BENEFITS TO THE SETTLEMENT CLASS.** .............................................................4

   4.   Payment to Claimants. ..........................................................................................4

   5.   Total Settlement Costs. .........................................................................................6

   6.   Additional Prospective Relief ...............................................................................7

   7.   Treatment of Uncashed Checks .............................................................................8

   8.   Cy Pres Contribution. ...........................................................................................8

   9.   Taxation of Settlement Payments .........................................................................8

  10.   Incentive Payments ...............................................................................................9

  11.   Attorneys' Fees and Costs .....................................................................................9

**RELEASES** ......................................................................................................................9

  12.   Release of Claims .................................................................................................9

  13.   Release of Unknown Claims................................................................................11

**CLASS NOTICE**.............................................................................................................12

  14.   Settlement Administrator. ....................................................................................12

  15.   First Class Mailed Notice....................................................................................13

  16.   Publication Notice................................................................................................13

  17.   Supplemental Internet Notice ..............................................................................14

**SETTLEMENT APPROVAL PROCESS** .......................................................................14

  18.   Preliminary Approval Order ................................................................................14

  19.   Settlement Schedule.............................................................................................15

  20.   Rights of Exclusion .............................................................................................16

  21.   Right to Object .....................................................................................................17

  22.   Final Judgment and Order....................................................................................17

23. Finality of Judgment ...................................................................................................18

24. Defendants' Option to Withdraw ..............................................................................19

25. Effect of Withdrawal or Non-Approval ....................................................................19

**MISCELLANEOUS PROVISIONS**.................................................................................20

26. Confirmatory Discovery ............................................................................................20

27. CAFA Notice ..............................................................................................................21

28. Interpretation ..............................................................................................................21

29. Headings. ....................................................................................................................21

30. No Recission on Grounds of Mistake ........................................................................21

31. Amendment..................................................................................................................21

32. Construction.................................................................................................................22

33. Effective Date .............................................................................................................22

34. Integration of Exhibits ...............................................................................................22

35.  Jurisdiction.................................................................................................................22

36.  No Admission. ...........................................................................................................22

37.  Governing Law ..........................................................................................................23

38.  Notices .......................................................................................................................23

39.  Counterparts; Facsimile ............................................................................................23


**EXHIBITS** ..............................................................................................................................

A. ......................................................................................................... Claim Form

B. ......................................................................................... Description of Notice Program

C. .......................................................................................................Long Form Notice

D. .......................................................................................................... Published Notice

E. ....................................................................................... Preliminary Approval Order

F. ...........................................................................Proposed Final Judgment and Order

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into among plaintiffs Marcia Vedral, Michele Snow, Sara Brackenrich, Jennifer Cohn, Jimmy Floyd, Jill Giles, Diane Marolda, Pilar More, Shera Paglinawan, Wendy Shaw and Ann Marie Strack ("Plaintiffs"), individually and on behalf of the Settlement Class (defined below) on one hand, and Random House, Inc., Doubleday & Company, Inc., and Random House V.G., Inc. (collectively "the Random House Defendants") and James Frey,  Maya Frey, and Big Jim Industries, Inc. (collectively "the Frey Defendants") on the other hand.  The Random House Defendants and the Frey Defendants shall be referred to herein collectively as "Defendants," and all Plaintiffs and Defendants shall be referred to herein collectively as "Parties."

## RECITALS

WHEREAS, beginning in or around January 2006, Plaintiffs filed lawsuits against the Random House Defendants and/or the Frey Defendants, among other parties, in a number of federal and state courts across the country (the "Lawsuits");

WHEREAS, those Lawsuits originally filed in state court were removed to federal court, and by order dated June 14, 2006, all of the Lawsuits were consolidated and transferred by the Judicial Panel on Multi-District Litigation to the United States District Court for the Southern District of New York, and assigned to the Honorable Richard J. Holwell (the "Court");

WHEREAS, the Lawsuits allege various claims against the Defendants relating to the publishing and marketing of the book "A Million Little Pieces," by defendant James Frey (the "Book");

WHEREAS, on July 26, 2006, following several months of arms-length negotiations, through their respective attorneys, Plaintiffs and Defendants reached an agreement in principle to settle the claims asserted in the Lawsuits;

WHEREAS, Plaintiffs and their respective counsel Larry D. Drury, Ltd. (Vedral), Brodsky & Smith, LLC (Snow), Law Offices of Thomas M. Mullaney (Marolda), Myers & Company, P.L.L.C. (Paglinawan & Shaw), Thomas E. Pakenas (More), Napoli Bern Ripka LLP (Floyd), Statman, Harris, Siegel & Eyrich, LLC (Giles), Zimmerman and Associates, P.C. (Strack), and DiTommaso & Lubin, PC (Brackenrich) (collectively "Settlement Class Counsel"), have concluded that this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

WHEREAS, on September 14, 2006, the Court entered an order appointing Thomas M. Mullaney as "Plaintiffs' Liaison Counsel" in this matter;

WHEREAS, the Parties and Settlement Class Counsel, subject to the approval of the Court, agree to the appointment of Larry D. Drury, Ltd. and Brodsky & Smith, LLC as "Co-Lead Class Counsel";

WHEREAS, Defendants deny any wrongdoing or liability, including denying any and all claims of liability or wrongdoing and all charges and allegations that have been asserted against them;

WHEREAS, Defendants have determined to enter into this settlement on the terms and conditions set forth herein to halt the substantial expense that continues to be attendant to the Lawsuits;

WHEREAS, Plaintiffs have agreed to settle their claims, those of the Settlement Class, upon the terms and conditions set forth herein after balancing the benefits that they and the Settlement Class will receive from this settlement against the uncertain outcome and risks from continued litigation, and concluding, with the advice and assistance of Settlement Class Counsel, that the settlement is in the best interests of the Settlement Class;

WHEREAS, Plaintiffs and Defendants desire to promptly and fully resolve and settle with finality all of the claims asserted or that could have been asserted against Defendants in the Lawsuits or otherwise; and

WHEREAS, to accomplish that goal, Plaintiffs and Defendants have reached a settlement by and through their respective undersigned counsel on the terms and conditions set forth in this Settlement Agreement.

NOW, THEREFORE, Plaintiffs and Defendants, in consideration of the promises, covenants and agreements herein described, and intending to be legally bound, do hereby mutually agree as follows:

## PROPOSED CLASS FOR SETTLEMENT PURPOSES

1.    ***Certification of Settlement Class.***  For purposes of this settlement only, the Parties agree to jointly move the Court, to conditionally certify a nationwide class pursuant to Rule 23(b)(3) (the "Settlement Class").  The Settlement Class shall consist of all persons who purchased the Book, in any format (including, but not limited to, in hardback, trade paperback, cassette, CD, or any other electronic media), on or before January 26, 2006 ("Settlement Class

Members"). The Settlement Class shall be represented by plaintiffs Marcia Vedral and Michele Snow ("Settlement Class Representatives").

2.    ***Settlement Purposes Only.***  Defendants agree to certification of the Settlement Class described in paragraph 1 only for the purpose of effectuating the Settlement Agreement; Defendants reserve all rights to object to the propriety of class certification in the Lawsuits in all other contexts and for all other purposes, including but not limited to objections concerning the manageability or superiority of any putative class and the propriety of the legal basis for any putative class proceeding and the relief sought (which have been and are disputed legal issues).

3.    ***Vacating Settlement Certification and Reservation of Rights.***  The certification of the Settlement Class shall be binding only with respect to the settlement of the Lawsuits.  In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or is reversed, vacated, or modified in any material respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Lawsuits shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be made for any purpose.

## BENEFITS TO THE SETTLEMENT CLASS

4.    ***Payment to Claimants.***

a.    Any Settlement Class Member who believes he or she was misled into purchasing the Book shall be entitled to make a claim for compensation.  In order to make a claim, the class member shall complete a claim form ("Claim Form") and return the Claim Form to the Settlement Administrator (as defined in paragraph 14 herein).  The Claim Form shall be

made available to Settlement Class Members via mail if they request one from the Settlement

Administrator or via download from one or more internet websites.  Each Settlement Class

member who submits a valid claim shall be identified herein as a "Claimant."

   b.  The Claim Form will require Claimants to provide the following

information: name, address, the approximate date on which the Book was purchased, the media

that was purchased, and the amount spent on the purchase.  Claimants must also provide a sworn

statement indicating that they believe they were misled by the marketing of the Book.  The form

of the Claim Form is attached as Exhibit A hereto.

   c.  In order to provide proof that the Claimant (a) purchased the Book

and (b) feels misled by the marketing relating to the Book, Claimants shall tear off the front

cover of the trade paperback and return it with their Claim Form to the Settlement Administrator.

If a Claimant purchased the Book in some other media, in lieu of the front cover, he or she shall

provide the following: if in hardcover, return p. 163; if in CD or cassette, some portion of the

container in which the media was housed, and if in some other media, some proof of purchase or

other supporting documentation.

   d.  All Claim Forms must be received by the Settlement Administrator

on or before May 15, 2007, or such other date as set by the Court (the "Claims Expiration

Date").  Any Claim Form that is received after the Claims Expiration Date, and any claim

submission that fails to include any of the information referenced in sections 4(b) and (c) above,

or that is sent to any address other than the one designated in the Claim Form, shall be invalid

and the person(s) submitting such a Claim Form shall not be entitled to any relief provided

pursuant to this Settlement Agreement.

e.      Subject to the limitations of paragraph 5, each Claimant who submits a valid claim shall be eligible to receive the amount listed on their Claim Form paid in full, provided that the amount does not exceed the Full Retail Price of the Book.   The Full Retail Price of the Book is defined as $23.95 for the hardcover, $14.95 for the trade paperback, $34.95 for the for the audio book, and $9.95 for the e-book.

f.      Within 60 days after the Claims Expiration Date as described in paragraph 4(d) above, each Claimant who is determined to have a valid claim shall be sent a check for the amount to be paid on their claim ("Settlement Payment Check") to be determined in accordance with paragraphs 4 and 5.  Upon completion of the distribution of checks, Defendants (or the Settlement Administrator) shall provide Settlement Class Counsel with a list of the Claimants to whom checks were distributed, and the amount of such checks.  Any disputes regarding payment of Settlement Payment Checks to Claimants shall be addressed by and between Co-Lead Class Counsel and counsel for the Defendants.

5.      ***Total Settlement Costs.***

a.      For purposes of this Settlement Agreement, the following definitions shall apply:

(1)      "Claimed Amount" shall mean the sum of the dollar value of all valid claims submitted by Claimants.

(2)      "Settlement Costs" shall mean costs of class notice and settlement administration (with the lone exception of the CAFA Notice defined in paragraph 27), all of Settlement Class Counsel's fees and expenses, any incentive awards, and any other amounts awarded by the Court for any reason in the Lawsuits.

(3)     "Contribution Amount" shall mean the sum of the Claimed Amount plus Settlement Costs.

(4)     "Settlement Cap" shall mean the amount of $2,350,000.

b.     For each Claimant who submits a valid claim, Defendants will provide a full refund in the amount of the claim (in accordance with the procedures set forth in paragraph 4 above), so long as providing such a full refund does not cause the total Contribution Amount to exceed the Settlement Cap.  If providing each Claimant with a full refund will cause the Contribution Amount to exceed the Settlement Cap, each Claimant shall be provided their pro rata share of the difference between the Settlement Cap and the Settlement Costs.  Each Claimant shall be entitled to a maximum of two payments (from the Contribution Amount), provided that the Claimant submits a separate claim form and the required evidence of purchase for each Book.

c.     Defendants shall have no obligation to provide any amounts other than the Contribution Amount and the CPF Portion of the Cy Pres Fund as set forth in paragraph 8 below.

6.     *Additional Prospective Relief.*  Defendants agree that, in all future printings of the Book by the Random House Defendants, Defendants will include a disclaimer indicating that not all portions of the Book are factually accurate.  For a period of at least one year from the execution of this Settlement Agreement, the disclaimer shall consist of the author's note and publisher's note that have been included in the new trade paperback edition of the Book.

7.     ***Treatment of Uncashed Checks.***  Settlement Payment Checks must be cashed within six months after they are mailed to Claimants.  If Settlement Payment Checks are not cashed within six months, they will be void, and the Claimant will not be entitled to any further relief.  If there are any uncashed checks, the amounts attributable to those checks will be distributed to a designated *cy pres* organization(s) to be mutually agreed upon by the Parties, and approved by the Court, within nine months after the Settlement Payment Checks are distributed.

8.     ***Cy Pres Contribution.***  The Parties agree to create a fund that will be contributed to designated *cy pres* organization(s) to be mutually agreed upon by the Parties and approved by the Court (the "Cy Pres Fund").  The funding for the Cy Pres Fund shall come from two sources: uncashed checks, as described in paragraph 7 above, and through a contribution from Defendants depending upon the Contribution Amount (the "CPF Portion").  The CPF Portion of the Cy Pres Fund shall be computed as follows: in the event that the Contribution Amount is less than $1,000,000, the CPF Portion will be $235,000 plus the 50% of the difference between $1,000,000 and the Contribution Amount; in the event that the Contribution Amount is greater than $1,000,000 but less than $2,000,000, the CPF Portion will be $35,000 plus 20% of the difference between $2,000,000 and the Contribution Amount; in the event that the Contribution Amount is greater than $2,000,000 but less than the Settlement Cap, the CPF Portion will be 10% of the difference between the Settlement Cap and the Contribution Amount; and in the even that the Contribution Amount equals the Settlement Cap, the CPF Portion will be $0.

9.     ***Taxation of Settlement Payments.***  Each of the Plaintiffs, the Settlement Class Members, and without admitting any liability, the Defendants, intends that any payment to a Claimant as discussed above is to be treated, for federal income tax purposes, as a "restorative

payment" within the meaning of Internal Revenue Service Revenue Ruling 2002-45, 2002-2 C.B. 116 (June 26, 2002).  Plaintiffs and the Settlement Class Members acknowledge that none of the Defendants or any Released Parties as defined below have any responsibility for any filings with respect to, or payment of any taxes due on, any payments to Claimants discussed above or any funds that Settlement Class Counsel receive.  Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

10.    ***Incentive Payments***. Each of the Plaintiffs identified above shall receive an incentive award in the amount of $1,500, which amount shall be payable within 30 Days of the Effective Date of the Settlement.  All incentive awards paid to Plaintiffs will come from, and count toward, the Contribution Amount.

11.    ***Attorneys' Fees and Costs.***  All attorneys' fees and expenses will come from, and count toward, the Contribution Amount.  Defendants will not take any position regarding the fee petition submitted to the Court by Settlement Class Counsel.

## RELEASES

12.    ***Release of Claims.***

a.    For purposes of this Settlement Agreement, the following definitions shall apply:

(1)    **"Released Parties"** shall include the following persons and entities: (i) each of the Random House Defendants and all of their predecessors, successors, members, divisions, affiliates, imprints, parents, subsidiaries, and each and all of their respective current and former officers, directors, employees, affiliates, agents, consultants, attorneys, representatives, beneficiaries, heirs, and assigns, (ii) each of the Frey Defendants and all of their predecessors, successors, members, divisions, affiliates, imprints, parents, subsidiaries, and each

and all of their respective current and former officers, directors, members, employees, affiliates, agents, consultants, attorneys, representatives, beneficiaries, heirs, and assigns, (iii) all of the remaining entities named as defendants in any of the Lawsuits and/or any other consolidated and transferred action pending before the Court, including but not limited to Nan A. Talese, Kassie Evashevski, Sean McDonald, Barnes & Noble Booksellers, Inc., Barnes & Noble Publishing, Inc., Barnes & Noble, Inc., Borders Group, Inc, and all of their respective current and former officers, directors, members, employees, affiliates, agents, consultants, attorneys, representatives, beneficiaries, heirs, and assigns; (iv) Brillstein-Grey Management, LLC and its predecessors, successors, members, divisions, affiliates, imprints, parents, subsidiaries, and each and all of their respective current and former officers, directors, members, employees, affiliates, agents, consultants, attorneys, representatives, beneficiaries, heirs, and assigns; and (v) any other entity involved in any manner in the publication, printing, marketing, distribution, or sale of the Book, including but not limited to the HighBridge Company, and any retail bookseller (brick and mortar or online),  and all of their respective current and former officers, directors, members, employees, affiliates, agents, consultants, attorneys, representatives, beneficiaries, heirs, and assigns.  The Released Parties that are not signatories to this Settlement Agreement are intended to be third-party beneficiaries of this Settlement Agreement and are entitled to enforce the releases described in paragraphs 12 and 13 against Plaintiffs and all Settlement Class members.

(2)    "Released Claims"  shall mean any and all actual or potential claims, actions, causes of action, demands, obligations, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether brought in an individual, representative, or other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or

unliquidated that have been, could have been, or could be brought and arise out of or are related in any way to the acts, omissions, facts, statements, matters, transactions, or occurrences that have been alleged or referred to in the Lawsuits, including but not limited to any and all causes of actions or claims that relate in any way to the publishing, marketing, distribution, or sale of the Book.

(3)     "Releasing Parties" shall mean the Plaintiffs and each Settlement Class Member, on behalf of themselves, their heirs, executors, administrators, successors, and assigns, and any person they represent.

b.     By operation of the Final Judgment and Order, the Releasing Parties shall be deemed to have released the Released Parties from all Released Claims.

13.     ***Release of Unknown Claims.***  Without limiting the matters described in paragraph 12, the term "Released Claims" shall also include any Unknown Claims.  For purposes of this paragraph, "Unknown Claims" means any Released Claims which Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this settlement.  Without admitting that California law is in any way applicable to this agreement, in whole or in part, with respect to any and all claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs, and each Settlement Class Member shall be deemed to have, and by operation of the Final Judgment and Order shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT

THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiffs, and each Settlement Class Member shall be deemed to have, and by operation of the Final Judgment and Order shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Plaintiffs, or any Settlement Class member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the claims being released, but Plaintiffs and Settlement Class members, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and each Settlement Class member shall be deemed by operation of the Final Judgment and Order to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**CLASS NOTICE**

14.    ***Settlement Administrator.***  The Parties agree that an appropriate class action settlement administrator ("Settlement Administrator") that is mutually acceptable to the Parties and approved by the Court will be appointed and that the Settlement Administrator will

assist the Parties in the design and implementation of an appropriate notice program ("Notice Program") pursuant to which Settlement Class Members shall receive notice of the proposed settlement ("Class Notice").  The various methods of Class Notice in the Notice Program will depend upon the means by which the Claimant purchased the Book, and shall include but may not be limited to the methods described below.  A more complete description of the Notice Program is attached as Exhibit B.

15.   ***First Class Mailed Notice.***  For any person who purchased the Book on Random House's website ("Website Purchaser"), Defendants shall provide first class mailed Class Notice in the form of Exhibit C ("Long Form Notice").  Within 60 days after receiving preliminary approval of the Settlement Agreement, Defendants shall cause a copy of the Long Form Notice to be sent to each Website Purchaser by first-class mail.  In an effort to maximize the likelihood of successful delivery, Defendants shall cross-reference any list of Website Purchasers with the National Change of Address ("NCOA") database prior to the mailing referenced above.

16.   ***Publication Notice.***  For any person who purchased the Book from a source other than Random House's website, the Parties cannot identify Settlement Class Members and do not possess listings of the names and addresses of Settlement Class Members. The Parties therefore agree that notice must be accomplished by publication.  The Parties agree that the Class Notice shall be published in the form of Exhibit D ("Published Noticed") in appropriate publications.  The Parties agree that they will consult with the Settlement Administrator to develop the publication component of the Notice Program that is designed to maximize the effectiveness of notice to the settlement class consistent with the amount of the

settlement.  Publication of the Published Notice shall be completed within 60 days after receipt of preliminary approval of the Settlement Agreement.

17.     ***Supplemental Internet Notice.***  In addition to the First Class Mailed Notice and the Publication Notice described above, within 30 days after receiving preliminary approval of the Settlement Agreement, the Parties agree to publish the Long Form Notice on the websites of Random House, Inc.  (www.randomhouse.com), Big Jim Industries, Inc. (www.bigjimindustries.com), and a website to be established by the Settlement Administrator. The Published Notice shall identify one or more of these websites.

## SETTLEMENT APPROVAL PROCESS

18.     ***Preliminary Approval Order.*** The Parties agree to petition the Court after execution of this Settlement Agreement for a preliminary order approving the Settlement Agreement (the "Preliminary Approval Order").  A copy of the order agreed to by the Parties is attached as Exhibit E.  That order shall provide, *inter alia*, that:

a.     the settlement proposed in the Settlement Agreement has been negotiated at arms-length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class;

b.     the Notice Program and Class Notice fully comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit;

c.     the Settlement Class defined herein be certified, and that the Settlement Class Representatives, Settlement Class Counsel, Co-Lead Class Counsel as defined

herein be appointed on the condition that the certification and designations shall be automatically vacated if the Settlement Agreement is terminated or is disapproved in whole or in part by the Court, any appellate court, or any of the Parties;

        d.     a final hearing on the settlement proposed in this Settlement Agreement shall be held before the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and whether it should be approved by the Court; and

        e.     in aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiffs and all Settlement Class Members shall be preliminarily enjoined and barred from commencing or prosecuting any action asserting any of the Released Claims as defined above in paragraphs 12 and 13, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.  Any person or entity who knowingly violates such injunction shall pay the costs and attorneys' fees incurred by the Parties and/or as a result of the violation.  Nothing in this paragraph shall be construed to prevent a Settlement Class Member from presenting objections to this Court regarding the Settlement Agreement in accordance with paragraph 22.

        19.    ***Settlement Schedule.***  If preliminary approval is granted, the Parties expect that the schedule for the settlement will be as follows:  Class Notice will be provided during the months of January and February 2007; requests for exclusion pursuant to paragraph 21 of the Settlement Agreement and written objections to the settlement pursuant to paragraph 22 of the Settlement Agreement must be submitted on or before March 28, 2007; the Claims

Expiration Date will be June 15, 2007; and the final approval hearing for the settlement will be held in April 2007.

      20.    ***Rights of Exclusion.***  Settlement Class Members shall have until a date set by the Court (that is approximately forty-five (45) days from the date of Publication Notice) to opt out of the Settlement Class.  All Settlement Class Members who properly file a written request for exclusion from the Settlement Class shall be excluded from the Settlement Class, shall have no rights as Settlement Class Members pursuant to this Settlement Agreement, and shall receive no payments as provided herein.  A request for exclusion must be in writing and state the name, address and phone number of the person(s) seeking exclusion, as well as the approximate date on which the person(s) purchased the Book and the amount(s) paid for the Book.  Each request must also contain a signed statement that:  "I/we hereby request that I/we be excluded from the proposed Settlement Class in the In re A Million Little Pieces litigation."  The request must be mailed to the Settlement Administrator at the address provided in the Class Notice and must be received no later than 45 days of the Publication Notice, or such other date as set by the Court.  A request for exclusion that does not include all of the foregoing information, or that is sent to any address other than the one designated in the Class Notice, or that is not received within the time specified, shall be invalid and the person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member(s) by the settlement of the Lawsuits, if approved.  The Settlement Administrator shall forward copies of all requests for exclusion to Defendants' counsel and Co-Lead Class Counsel and Liaison Class Counsel no later than seven days after the deadline for the Settlement Class Members to submit such requests.

21.     ***Right to Object.***  Settlement Class Members shall have until a date set by the Court (that is approximately forty-five (45) days from the date of Publication Notice) to object to the Settlement.  Any Settlement Class Member who objects to the settlement  may appear in person or through counsel, at his or her own expense, at the final approval hearing to present any evidence or argument that may be proper or relevant.  No Settlement Class member shall be heard and no papers, briefs, pleadings or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless, prior to the deadline to be set by the Court for objections, the Settlement Class member files with the Court and mails to Settlement Class Counsel and counsel for Defendants (at the addresses specified below), written objection that include (a) a notice of intention to appear, (b) a statement of  membership in the Settlement Class, and (c) the specific grounds for the objections and any reasons why the Settlement Class Member desires to appear and be heard, as well as all documents or writings that such Class Member or Subclass Member desires the Court to consider.  Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Lawsuits or in any other action or proceeding.

22.     ***Final Judgment and Order.***  The final approval hearing shall take place 15 days after the last date for class members to opt out or object, or as soon thereafter as the Court can set a date for such hearing.  The Parties shall jointly request at the final approval hearing that the Court enter final judgment (the "Final Judgment and Order").  A copy of the proposed Final Judgment and Order agreed to by the Parties is attached hereto as Exhibit E.  That order shall provide, *inter alia*, that:

a.      the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

b.      the Notice Program and Class Notice fully comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitutes the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of the Lawsuits.

c.      the Lawsuits and any other consolidated and transferred actions before the Court be dismissed with prejudice, without fees or costs except as provided in this Settlement Agreement.

d.      Plaintiffs and all Settlement Class Members (other than those who opt out of the Settlement as provided in this Settlement Agreement) are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.

e.      the Court shall retain continuing jurisdiction over this action, the Parties, and all Settlement Class Members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement.

23.      ***Finality of Judgment.***  The Final Judgment and Order shall be deemed final on the latest of the following events:  (a) 35 days after it is entered, if no document is filed

within that time seeking appeal, review, rehearing, reconsideration, or any other action regarding that judgment and order; or (b) 35 days after the entry of a fee award, if no document is filed within that time seeking appeal, review, rehearing, reconsideration, or any other action regarding that judgment and order and should such date be later than the date the Final Judgment and Order is entered; or (c) if any document seeking appeal of any order or judgment is filed, then 14 days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit no further judicial action, and with the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order being affirmed and approved in all material respects.

24.    ***Defendants' Option to Withdraw.***  Defendants have the option to withdraw from the Settlement Agreement, and thereby render this settlement void, if (i) Plaintiffs or Settlement Class Counsel breach any provision of the Settlement Agreement or the Preliminary Approval Order, or fail to fulfill any material obligation hereunder or thereunder; (ii) any other litigation involving claims by any person that are the same as, similar to, or related to, the Released Claims may, in the good-faith view of Defendants, render the Settlement Agreement ineffective as a practical matter to bring an end to all significant controversy against any Released Parties; (iii) the number of valid and timely requests for exclusion received from Settlement Class Members seeking to opt out of the Settlement Class equals or exceeds 4,000 persons; (iv) the attorney general or other authorized officer of the United States or any state, or any representative of any local, state, or federal agency or branch of government, intervenes in the Lawsuits, or advises the Court in writing of opposition to the terms of the Settlement Agreement, and in the good-faith view of Defendants, renders the Settlement Agreement ineffective as a practical matter to bring an end to all significant controversy against any

Released Parties; or (v) upon such other grounds as may be agreed to by the Parties or permitted by the Court.  With respect to subsections (ii) and (iv) above, Plaintiffs in their reasonable discretion may demand that the issue of the Defendants' good-faith  be referred to the Court for approval.

       25.    ***Effect of Withdrawal or Non-approval.***  In the event that (i) Defendants withdraw from the Settlement Agreement, (ii) the Settlement Agreement, Preliminary Approval Order, or Final Judgment and Order are not approved in all material respects by this Court, or (iii) the Settlement Agreement, Preliminary Approval Order, or Final Judgment and Order is reversed, vacated, or modified in any material respect by this or any other court, then the Settlement Agreement shall become void; the Lawsuits may continue; and any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including, without limitation, any order certifying or approving certification of a class for settlement purposes; provided, however, that if the Parties hereto agree to jointly appeal an adverse ruling and the Settlement Agreement and Final Judgment and Order are upheld on appeal, then the Settlement Agreement and Final Judgment and Order shall be given full force and effect according to their terms.

## MISCELLANEOUS PROVISIONS

       26.    ***Confirmatory Discovery.***  The Parties acknowledge that Co-Lead Class Counsel have requested certain discovery in order to further confirm that this settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class and that such discovery has been provided by Defendants and reviewed by Co-Lead Class Counsel.

27.     ***CAFA Notice.***  In compliance with 28 U.S.C. § 1715,  Defendants will cause notice of this settlement to be given to the appropriate state and federal officials pursuant to ("CAFA Notice").

28.     ***Interpretation.***  This Settlement Agreement contains the entire agreement among the parties hereto and supersedes any prior negotiations, agreements or understandings among them.  All terms are contractual and not mere recitals.

29.     ***Headings.***  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

30.     ***No Recission on Grounds of Mistake.***  The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  The Parties shall cooperate to the extent necessary to respond to questions of fact that may be raised by parties not party to this agreement during the approval process. The Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

31.     ***Amendment.***  This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel, or by a document filed with the Court and agreed to or not objected to by the Parties with the Court.  Amendments and

modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

32.     **Construction.**  For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any party.

33.     **Effective Date.**  The effective date of this Settlement Agreement (the "Effective Date") shall occur five business days after the Final Judgment and Order is deemed final in accordance with paragraph 23.

34.     **Integration of Exhibits.**  The exhibits to this Settlement Agreement are an integral and material part of the settlement and are hereby incorporated and made a part of the Settlement Agreement.

35.     **Jurisdiction.**  The Court has jurisdiction over the Parties to this Settlement Agreement, the Settlement Class Members, the claims asserted in the Lawsuits, and the claims being released and compromised pursuant to the Settlement Agreement.

36.     **No Admission.**  Neither this Settlement Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.  .

37.    ***Governing Law.***  This Settlement Agreement shall be governed by the laws of the United States of America, to the extent applicable, and otherwise in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of  New York.

38.    ***Notices.***  Except as otherwise provided herein, Notice to Defendants' counsel and Co-Lead Class Counsel under this Settlement Agreement shall be sent to the following addresses:

Notice to Plaintiffs:

Larry D. Drury                              Evan J. Smith, Esquire
Larry D. Drury Ltd.                         Brodsky & Smith, LLC
205 W. Randolph Street, Suite 1430         Two Bala Plaza, Suite 602
Chicago, Illinois  60606                   Bala Cynwyd, PA 19004
(312) 346-7950                             (610) 667-6200

Notice to Random House Defendants:

Mark B. Blocker
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
Tel:  (312) 853-7000
Fax:  (312) 853-7036

Notice to Frey Defendants:

Derek J. Meyer
McDermott Will & Emery LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois  60606
Tel:  (312) 372-2000
Fax:  (312) 984-7700

39.    ***Counterparts; Facsimile.***  This Settlement Agreement may be executed in counterparts, and may be executed by facsimile, and as so executed shall constitute one agreement.

**IN WITNESS WHEREOF**, the undersigned have caused this Settlement

Agreement to be executed as of the dates set forth below:

**FOR THE FREY DEFENDANTS:**                    **FOR THE RANDOM HOUSE DEFENDANTS:**

_____            _____
James Frey                                                    Robert Sorrentino
                                                                      Senior Vice President, Taxes, Random House, Inc.

Date:_____                                   Date:_____


_____            _____
James Frey                                                    Robert Sorrentino
Big Jim Industries, Inc.                               President, Doubleday & Company, Inc.

Date:_____                                   Date:_____


_____            _____
Maya Frey                                                     Robert Sorrentino
                                                                      Vice President, Taxes, Random House VG, Inc.

Date:_____                                   Date:_____


_____            _____
Derek J. Meyer                                             Mark B. Blocker
McDermott Will & Emery LLP                   Sidley Austin LLP
227 West Monroe Street, Suite 4400          One South Dearborn
Chicago, Illinois 60606                               Chicago, Illinois 60603
*Attorney for the Frey Defendants*              *Attorney for the Random House Defendants*

Date:_____                                   Date:_____

**FOR THE PLAINTIFFS:**

_____          _____
Plaintiff Marcia Vedral                  Plaintiff Michele Snow


Date:_____                    Date:_____


_____          _____
Larry D. Drury                           Evan J. Smith, Esquire
Larry D. Drury Ltd.                      Brodsky & Smith, LLC
205 W. Randolph Street, Suite 1430       Two Bala Plaza, Suite 602
Chicago, Illinois  60606                 Bala Cynwyd, PA 19004
*Proposed Co-Lead Class Counsel*         (610) 667-6200
*Attorney for Plaintiff Marcia Vedral*   *Proposed Co- Lead Class Counsel*
                                         *Attorney for Plaintiff Michele Snow*


Date:_____                    Date:_____



_____          _____
Plaintiff Jennifer Cohn                  Plaintiff Ann Marie Strack

Date:_____                    Date:_____


_____          _____
Thomas Mullaney                          Thomas A. Zimmerman, Jr.
708 Third Avenue, Suite 2500             Zimmerman and Associates, P.C.
New York, New York 10017                 100 West Monroe Street, Suite 1300
Phone:  (212) 223-0800                   Chicago, Illinois  60603
*Liaison Class Counsel*                  *Attorney or Plaintiff Ann Marie Strack*
*Attorneys for Plaintiff Jennifer Cohn*


Date:_____                    Date:_____

_____
Plaintiff Jimmy Floyd

Date:_____

_____
Alan S. Ripka
Napoli Bern Ripka LLP
115 Broadway
New York, New York 10006
*Attorney for Plaintiff Jimmy Floyd*

Date:_____

_____
Plaintiff Pilar More

Date:_____

_____
Thomas E. Pakenas
Dale and Pakenas
641 W. Lake Street, Suite 400
Chicago, Illinois  60661
*Attorneys for Plaintiff Pilar More*

Date:_____

_____
Plaintiff Sara Brackenrich

Date:_____

_____
Vincent L. DiTommaso
DiTommaso & Lubin, PC
17W 220 22nd Street, Suite 200
Oakbrook Terrance, Illinois  61081
*Attorney for Plaintiff Sara Brackenrich*

Date: _____

_____
Plaintiff Jill Giles

Date:_____

_____
Alan J. Statman
Colleen M. Hegge (of counsel)
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
*Attorneys for Plaintiff Jill Giles*

Date:_____

_____
Plaintiff Shera Paglinawan

Date:_____

_____
Plaintiff Wendy Shaw

Date:_____

_____
Michael David Myers
Myers & Company, P.L.L.C.
1809 Seventh Avenue, Suite 700
Seattle, Washington 98101
*Attorney for Plaintiff Shera Paglinawan*

Date:_____

# EXHIBIT A

## CLAIM FORM – A MILLION LITTLE PIECES SETTLEMENT

**Name**

**Address**

**City**                          **State**                        **Zip**

( )

**Telephone Number**

**Approximate date of purchase**              **Indicate type (Hardcover, paperback, CD, book on tape, e-book)**

**Total purchase price**                          **Purchased online? (yes or no)**

Please fill out the above information completely.  If the information you provide is insufficient to determine whether you are a Class Member, your claim may be rejected.

**THE UNDERSIGNED DECLARES UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOLLOWING IS TRUE AND CORRECT:**

a) **to the best of my knowledge, the information provided in this claim form is true and correct;**

b) **I was misled by the marketing of <u>A Million Little Pieces</u> and would not have purchased the book if I had known prior to purchase that certain facts in the book had been altered and certain incidents had been embellished.**

Signature: _____    Date: _____

**PROOF OF PURCHASE:  YOU MUST TEAR OFF  THE FRONT COVER OF THE BOOK AND RETURN IT WITH THIS CLAIM FORM AS PROOF OF PURCHASE.  IF YOU PURCHASED MEDIA OTHER THAN THE PAPERBACK VERSION, PLEASE CONSULT THE INSTRUCTIONS BELOW.**

Mail this Claim Form, along with the front cover of the paperback (or one of the other proof-of-purchase items described in the instructions), to the following address:

*[Address to be determined].*

**YOUR CLAIM FORM MUST BE RECEIVED AT THE ABOVE ADDRESS <u>ON OR BEFORE</u> _____.**

## INSTRUCTIONS

1.      Please print your name carefully.  A check will be sent to the person whose name appears in the claim form.

2.      In the "Approximate date of purchase," it is sufficient to list a month and year of purchase, unless the purchase occurred in January 2006.  If the purchase was made in January 2006, please give an approximate date.

3.      In the "total purchase price," you may include: (a) the actual cost of the book, (b) any sales tax, and (c) if purchased online, the cost of shipping, if any.  You may not include any other costs.

4.      In order to make a claim, you must tear off the front cover of the trade paperback and return it along with this claim form.  If you purchased the book in a form other than the trade paperback version, please include the following:

        a.      if you purchased the HARDCOVER, please tear off and send p. 163 of the book rather than the front cover of the book.

        b.      if you purchased a CD, BOOK ON TAPE, or E-BOOK, please include any of the housing from your purchase (or, if you did not save such housing, any other form of proof of purchase)

        c.      if you purchased the book in any other form, please include anything that shows proof of purchase.

5.      Your claim form will be rejected as invalid if you do not include the appropriate proof of purchase.

6.      You must fill out a separate claim form, and include the appropriate proof of purchase, for each copy of the book purchased.  Please be aware, however, that no person may receive compensation for more than two copies of the book.

# EXHIBIT B

Publication Notice Program

In addition to the First Class Mailed Notice and Supplemental Internet Notice referenced in the Settlement Agreement, the Parties agree that the Published Noticed attached as Exhibit D to the Settlement Agreement shall appear in Parade and USA Weekend newspaper supplements (described in further detail below) in accordance with the terms of the Settlement Agreement.

\* \* \*

Parade and USA Weekend, inserts known as newspaper supplements, are carried in weekend or weekly editions of 962 newspapers reaching every media major market in the country (eight newspapers carry more than one supplement). These magazines, published on newsprint, contain articles written for broad, general appeal and they encourage readership through brevity. Issues are typically less than 30 pages. They provide coverage in all 50 states and the District of Columbia.

Parade is inserted in the Sunday edition of 373 daily newspapers and is the highest circulating magazine in the U.S. with an estimated circulation of 32,700,000. Carrier newspapers serve major urban and suburban markets in the United States.

USA Weekend is inserted in the weekend edition of 589 daily newspapers with an estimated circulation of 22,700,000. It appears in major markets as well as numerous suburban areas complementing the U.S. markets served by Parade.

Attached is a complete list of newspapers in which Parade and/or USA Weekend are inserted. The list was compiled by Kinsella/Novak Communications, Ltd.

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

IN RE "A MILLION LITTLE PIECES"
LITIGATION

No. 06-md-1771

Hon. Richard J. Holwell

_____

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**IF YOU PURCHASED THE BOOK <u>A MILLION LITTLE PIECES</u> BEFORE JANUARY 26, 2006 IN ANY FORMAT, PLEASE READ THIS NOTICE CAREFULLY BECAUSE IT MAY AFFECT CERTAIN OF YOUR RIGHTS IN A PENDING LAWSUIT.**

**This notice provides you with important information in connection with the settlement of a lawsuit concerning the book _A Million Little Pieces_.  If you wish to recover money you must act by _____, 2006.  You should read this Notice carefully.**

_A federal Court has authorized this notice.  This is not a solicitation from a lawyer.  This Notice has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency and proposed Settlement of this Class Action lawsuit, and of the hearing to be held by the court to consider the fairness, reasonableness, an adequacy of the Settlement.  This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in this litigation, or the merits of the claims or defenses asserted.  This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the Settlement and this class action lawsuit._

## WHY SHOULD YOU READ THIS NOTICE?

You should read this notice because you may be eligible to receive money from the settlement of a class action lawsuit relating to the publication of the book <u>A Million Little Pieces</u>.

## WHAT IS THE LAWSUIT ABOUT?

James Frey is the author of the book <u>A Million Little Pieces</u>.  Random House published the book in 2003.  The book was marketed as a "memoir/literature."  In early January 2006, it was reported on the Internet, various television programs, including a widely covered January 26, 2006 telecast of a nationally syndicated program, and other media outlets that certain facts in the book had been altered and that incidents had been embellished.  Both prior to and following the January 26, 2006 telecast and many of the other reports referenced above, a

number of putative class action lawsuits were filed claiming that purchasers of the book had been misled by the marketing of the book and would not have purchased the book had they known that certain facts in the book had been altered and that incidents had been embellished. These class actions were later consolidated into one action in a New York federal court. The parties have now reached an agreement to settle the actions and compensate purchasers of the book who claim they were misled.

**WHY IS THIS LAWSUIT A CLASS ACTION?**

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims. All of these people are referred to collectively as the settlement class, or individually as Settlement Class Members. One Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**HOW DO I KNOW IF I AM A CLASS MEMBER?**

The Court has preliminarily determined that the following persons are members of the Settlement Class:

All persons  who purchased the book <u>A Million Little Pieces</u> in any format (including, but not limited to, in hardback, paperback, cassette, CD, or any other electronic media), on or before January 26, 2006.

**WHY IS THERE A SETTLEMENT?**

The Court did not decide on behalf of the Plaintiffs or the Defendants. Instead, Class Representatives and the Defendants agreed to a settlement. The Class Representatives and their respective attorneys believe the Settlement is best for all Settlement Class Members.

**WHAT AMOUNT OF MONEY AM I ENTITLED TO RECEIVE?**

Under the proposed settlement, each Settlement Class Member is eligible to receive a refund up to the full purchase price of the book (or other media), so long as such refunds do not cause defendants to pay more than $2.35 million for all costs associated with settlement. If the amount of refund claims exceeds the amount available for distribution, then each Settlement Class Member will receive a pro rata share of the amount available for distribution.

**HOW DO I CLAIM MY SHARE OF THE SETTLEMENT?**

To receive a refund, a Settlement Class Member must complete a Claim Form and submit it together with the front cover of the book (or other specified proof of purchase depending on the media purchased) by _____, 2006. You can obtain a claim form by calling _____ or you can download one from the following website: **[insert to come]**. The Claim Form explains how to make a claim. If you do not submit a claim form, you will not receive any part of the settlement.

**WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?**

The settlement provides for a broad release of all claims relating to the sale and marketing of the book.  For the precise details of the broad release of claims, consult the settlement agreement on file with the Court or available at *www._____.com*.

**WHO WILL DETERMINE IF THE SETTLEMENT IS FAIR?**

The Court has ordered that a hearing be held on _____, 200_ at _____ __.m. in Room 17B of the federal courthouse in Manhattan, located at 500 Pearl Street, New York, New York, to determine whether the proposed settlement is fair, reasonable, and adequate and whether it should be approved by the Court; whether judgment should be entered dismissing the lawsuit with prejudice; and the amount of attorneys' fees and costs to be awarded to Class Counsel.  The Settlement Hearing may be continued from time to time by the Court.

**WHAT IF I OBJECT TO THE SETTLEMENT?**

A Settlement Class Member wishing to object to the settlement must file a written objection to it.  Your written objection must be received on or before _____, 200_.  Your objection must list your name, address, telephone number and, if applicable, the name, address and telephone number of your attorney.  Your objection must be accompanied by copies of any supporting papers or briefs you intend to submit in support of your objection.  Objections must be mailed to the Court, Class Counsel, and Defendants' Counsel at the addresses listed below. You may also attend the settlement hearing.  If you intend to appear personally or through personal counsel at the hearing, you must include a notice of intent to appear in addition to your objection and mail copies to the Court, Class Counsel, and Defendants' Counsel.  **ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE WAY DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED SUCH OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.**

| **Clerk of the Court** | **Class Co-Lead Counsel** | **Frey's Counsel** | **Random House's Counsel** |
| --- | --- | --- | --- |
| Clerk of the Court 500 Pearl Street New York, New York | [insert to come] | Derek J. Meyer McDermott, Will & Emery LLP 227 West Monroe St. Chicago, IL 60606 | Mark B. Blocker Sidley Austin LLP One S. Dearborn St. Chicago, IL 60603 |

**WHAT SHOULD I DO IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT?**

To exclude yourself from the Settlement Class, you must submit a written request for exclusion that includes your name and current address.  Each request must also contain a signed statement that: "I/we hereby request that I/we be excluded from the proposed Settlement

Class in the In re A Million Little Pieces Litigation." Requests for exclusion must be mailed to Settlement Class Counsel at the address listed above, and must be received no later than _____ __, 200_. **DO NOT REQUEST EXCLUSION IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

**If you validly request exclusion from the Class**, you will (a) not be entitled to any of the Settlement Class benefits; (b) be excluded from the Class; (c) not be bound by any judgment entered in the lawsuit; and (d) not be precluded from prosecuting an individual claim, if timely, against the Released Parties based on the issues raised in the lawsuit.

**If you do not request exclusion from the Class**, you will be bound by all determinations or judgments in the lawsuit in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, including the judgment ultimately rendered in the lawsuit.

**WHAT IS THE DIFFERENCE BETWEEN EXCLUSION AND OBJECTING FROM THE SETTLEMENT?**

Objecting simply tells the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the lawsuit no longer affects you.

**WHO REPRESENTS THE CLASS?**

The Court has appointed several individuals who purchased by book as Class Representatives and several attorneys who filed lawsuits as Settlement Class Counsel. The lead lawyers from the Settlement Class Counsel are:

[insert to come]

Class Counsel represent your interest in the lawsuit. You will not be charged for their services. Class Counsel will present a petition to the Court to be paid for their service to the Settlement Class. You may, however, hire your own attorney at your own expense to advise you in this matter.

**WHO IS RESPONSIBLE FOR CLASS COUNSEL'S ATTORNEYS' FEES?**

Settlement Class Counsel has indicated that they intend to petition the Court for an award of attorneys' fees for their work on behalf of the Settlement Class. Defendants have agreed not to take any position on this request. **You will not have to pay any attorneys' fees or costs; any amount awarded by the Court will be paid by Defendants and will be included in the $2.35 million maximum amount to be paid by Defendants.**

**WHEN WILL I RECEIVE MY PAYMENT?**

The Court will hold a fairness hearing on _____ to decide whether to approve the Settlement.  If the Settlement is approved, the payment of claims will be made within ___ days from the end of the claim period assuming no appeals have been filed.  In the event there are appeals filed this would delay the process of payment of the claims.

**DO I HAVE TO COME TO THE HEARING?**

No.  Settlement Class Counsel will answer any questions the Court may have.

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement.  You may inspect the pleadings and other papers (including the proposed settlement agreement) that have been filed in this lawsuit at the Office of the Clerk, 500 Pearl Street, New York, New York.  The settlement agreement is also available at *www._____.com*.  If you have any questions about this notice or the proposed settlement, you may contact Class Counsel at the address listed above.  **DO NOT CONTACT THE COURT OR DEFENDANTS FOR INFORMATION.**


Dated: _____                    _____

                                                  Judge Richard J. Holwell

# EXHIBIT D

If You Purchased "A Million Little Pieces" on or before January 26, 2006

You May Have A Claim To Money From A Class Action Settlement

**If you purchased the book "A Million Little Pieces," on or before January 26, 2006, you may be part of a class action Settlement. As part of the Settlement, you may be able to file a claim for money. <u>This Notice is just a summary.</u> For more complete information, you should read the full Notice, which is available by calling the number or visiting the Website below.**

**What is the Class Action Lawsuit About?**
Plaintiffs allege that purchasers of "A Million Little Pieces" were misled by the marketing of the book as a "memoir/literature," and that they would not have purchased the book had they known before purchasing that certain facts in the book had been altered and that incidents had been embellished.

**What Are the Terms of the Settlement?**
Under the terms of the Proposed Settlement, each class member is eligible to receive a refund up to the full purchase price of the book. If the number of refund claims exceeds the amount available for distribution, then each class member will receive a pro rata share of the amount available for distribution.

**Who Represents Me?**
The Court has appointed attorneys to represent the Class. Class Counsel will request the Court award attorneys' fees and expenses from the Settlement Fund. You may hire your own attorney, if you wish. However, you will be responsible for that attorney's fees and expenses.

**What Are My Legal Rights?**

• **If you wish to remain a member of the Settlement Class**, you do not have to do anything. But, to share in the Settlement Fund you must file a claim. If the Court approves the Proposed Settlement, you will receive the benefits described herein and be bound by all the Court's orders. This means you will drop any claims you may have against Defendants covered by the Settlement.

• **If you wish to file a claim,** you must complete a Claim Form. You can get a Claim Form by calling the toll-free number or visiting the Settlement Website listed below. Claim Forms must be signed and postmarked no later than Month Date, 2007.

• **If you do not wish to be a member of the Settlement Class**, you must submit a letter to the Court postmarked no later than Month Date, 2007. If you request to be excluded from the Settlement Class you cannot make a claim.

• **You can tell the Court if you do not like this Proposed Settlement** or some part of it if you do not exclude yourself. To object or comment, you must send a letter to the Court postmarked no later than Month Date, 2007.

**Will the Court Approve the Proposed Settlement?**

The Court will hold a Final Approval Hearing on _____ at _____ to consider whether the Proposed Settlement is fair, reasonable, and adequate and to consider the motion for attorneys' fees and expenses.

**For a copy of the full Notice of Proposed Class Action Settlement and a Claim Form**

**Call toll-free: 1 800-xxx-xxxx or Visit: www.xxxxxxxx**

**Or Write: _____ Administrator, c/o of Rust Consulting, P.O. Box _____, Minneapolis, MN _____**

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

IN RE "A MILLION LITTLE PIECES"
LITIGATION

_____

No. 06-md-1771

Hon. Richard J. Holwell

**ORDER GRANTING MOTION FOR
<u>PRELIMINARY APPROVAL OF SETTLEMENT</u>**

The motion of plaintiffs Marcia Vedral, Michele Snow, Jennifer Cohn, Jimmy

Floyd, Jill Giles, Diane Marolda, Pilar More, Shera Paglinawan, Wendy Shaw and Ann Marie

Strack ("Plaintiffs"), for preliminary approval of their class action settlement with all of the

defendants in the above matter, including defendants Random House, Inc. and James Frey

(collectively "Defendants") came on for hearing on _____.

Having considered Plaintiffs' moving papers, the signed Settlement Agreement

and Release attached as Exhibit A to Plaintiffs' Memorandum in Support of Plaintiffs' Motion

for Preliminary Approval (the "Settlement Agreement"), and all other documentary and oral

evidence submitted concerning Plaintiffs' motion, due notice having been given and the Court

being duly advised in the premises, the Court hereby makes the following findings of fact:

(a)     The settlement proposed in the Settlement Agreement has been negotiated

at arms length and is preliminarily determined to be fair, reasonable, adequate, and in the best

interests of the Settlement Class (as defined below).

(b)     The Class Notice (as described in the Settlement Agreement) fully

complies with Rule 23 and due process, constitutes the best notice practicable under the

circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

(c)     The Class Action Fairness Act notices, ("CAFA Notices") provided by each defendant fully comply with 28 U.S.C. § 1715.  The CAFA Notices were timely delivered; the settlement agreement was filed in court on _____ and the appropriate federal and state officials were served with the CAFA Notices on _____.

Based upon the findings of fact and the Court's review of the Motion for Preliminary Approval and all of its attachments (including the settlement agreement),

## IT IS HEREBY ORDERED THAT:

1.     The settlement proposed in the Settlement Agreement has been negotiated at arms length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class.

2.     The following class (the "Settlement Class") is conditionally certified pursuant to Rule 23(b)(3):

> All persons all persons who purchased the book <u>A Million Little Pieces</u>, in any format (including, but not limited to, in hardback, trade paperback, cassette, CD, or any other electronic media), on or before January 26, 2006.

a.     Plaintiffs are designated as class representatives of the Settlement Class.

b.     The following firms are appointed as Settlement Class Counsel: Larry D. Drury, Ltd., Brodsky & Smith, LLC, Law Offices of Thomas M. Mullaney, Myers & Company,

P.L.L.C., Thomas E. Pakenas, Napoli Bern Ripka, LLP, Statman, Harris, Siegel & Eyrich, LLC, Zimmerman and Associates, P.C., and DiTommaso & Lubin, PC.

      c.      Larry D. Drury, Ltd. and Brodsky & Smith, LLC are appointed as "Co-Lead Class Counsel" and Thomas M. Mullaney is appointed as "Liaison Class Counsel." Co-Lead Class Counsel shall speak for Plaintiffs at all conferences; delegate responsibilities for all future tasks; maintain contemporaneous attorneys' fees itemization and insure that there is no unnecessary and/or duplicative work performed; and perform such other duties as may be expressly authorized or required by further Order of Court. Liaison Class Counsel shall be responsible for coordinating all future appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court, be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel.

      6.      In the event that (i) the Settlement Agreement is terminated pursuant to its terms; (ii) Defendants withdraw from the Settlement Agreement; (iii) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are not approved in all material respects by this Court; or (iv) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including, without limitation, the certification of the Settlement Class, and all other relevant portions of this Order, (b) the instant action shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to jointly appeal an adverse ruling and the Settlement Agreement and Final

Judgment and Order are upheld on appeal, then the Settlement Agreement and Final Judgment and Order shall be given full force.  Defendants retain the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata and collateral estoppel shall not be applied.

7.    Notice of the settlement shall be given to Settlement Class Members in the manner set forth in the Settlement Agreement.

8.    The form of Notice that Defendants will provide is attached as Exhibit A. Defendants will send the Notice by first-class mail to each Settlement Class Member that purchased the Book directly from Random House.  For all other persons, Notice will be affected by various publications.  Defendants may make changes to the sample Notice either by agreement with Settlement Class Counsel or with Court approval.  The sending of the Notice by mail shall constitute the "Class Notice."  This Class Notice fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

9.    Each Defendant mailed the CAFA Notice to the appropriate federal and state officials.  The CAFA Notices fully comply with 28 U.S.C. § 1715 and were timely served.

10.    Members of the Settlement Class shall have until _____ to opt out of the Settlement Class, as set forth in the Settlement Agreement and paragraph 12 of this Order.

11.    Members of the Settlement Class shall have until _____ to file with this Court a written objection to the settlement, as set forth in the Settlement Agreement and paragraph 13 of this Order, and shall otherwise have no right to object to the Settlement

Agreement.  Only Settlement Class Members shall have the right to object to the proposed settlement.

12.    Co-Lead Class Counsel shall submit to the Court a list of the individual members of the Settlement Class seeking to opt out by _____.

13.    The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on _____, 2005 at _____ _.m. in Courtroom _____ of this Court.

14.    A request for exclusion from the Settlement Class must be in writing and state the name, address, and phone number of the person(s) seeking exclusion.  Each request must also contain a signed statement that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the In re "A Million Little Pieces" Litigation.  The request must be mailed to Settlement Class Counsel at the address provided in the Class Notice and received by _____.

15.    Any Settlement Class Member who objects to the settlement may appear in person or through counsel, at his or her own expense, at the final hearing to present any evidence or argument that may be proper and relevant.  However, no Settlement Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any member of the Settlement Class shall be received and considered by the Court unless, no later than _____, such member of the Settlement Class shall both file with the Court and mail to Settlement Class Counsel and counsel for Defendants, at the addresses designated in the class action settlement notice, a written objection that includes (a) a notice of intention to appear, (b) a statement of membership in the Settlement Class, and (c) the specific grounds for the objection and any

reasons that such member of the Settlement Class desires the Court to consider. Any member of the Settlement Class who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any objections in the above-captioned lawsuit or in any other action or proceeding.

16.    In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiffs and all members of the Settlement Class are preliminary enjoined from commencing or prosecuting any action asserting any of the Released Claims (as defined in the Settlement Agreement), either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any person or entity who knowingly violates this injunction shall pay the costs and attorneys' fees incurred by Defendants as a result of the violation. Nothing in this paragraph shall be construed to prevent a member of the Settlement Class from presenting objections to this Court regarding the Settlement Agreement in accordance with the terms of this Order.

17.    All papers in support of or in opposition to the Settlement Agreement shall be filed and served in accordance with the following schedule: (a) any objections by members of the Settlement Class, and any papers in opposition to the settlement, shall be filed with the Court on or before _____ and served as provided above, and (b) all papers in support of the settlement, including responses to objections, shall be filed with the Court and served on or before _____. There shall be no replies.

18.    Attorneys representing members of the Settlement Class in this action, other than Settlement Class Counsel herein, must file an appearance with the Clerk of the United

States District Court for the Southern District of New York, and send a copy to Settlement Class

Counsel and counsel for Defendants at the addresses listed in the class action settlement notice.

The appearance must be filed on or before _____.

19.    In the event that the settlement does not become final in accordance with

the terms of the Settlement Agreement, then this Order shall be void and shall be deemed

vacated.

20.    The Court may, for good cause, extend any of the deadlines set forth in

this Order or adjourn or continue the final approval hearing without further notice to the

Settlement Class.

Dated:                                               Entered:


_____          _____

                                             Judge Richard J. Holwell

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

IN RE "A MILLION LITTLE PIECES"
LITIGATION

No. 06-md-1771

Hon. Richard J. Holwell

_____

## FINAL JUDGMENT AND ORDER

      The motion of Plaintiffs Marcia Vedral, Michele Snow, Jennifer Cohn, Jimmy

Floyd, Jill Giles, Diane Marolda, Pilar More, Shera Paglinawan, Wendy Shaw and Ann Marie

Strack ("Plaintiffs"), for final approval of their class action settlement with all defendants,

including defendants Random House, Inc. and James Frey ("Defendants"), came on for hearing

on _____ 200_ at _____ a.m. in Room 17B of the federal court house building located at

500 Pearl Street, New York, New York.

      On _____, 200_, this Court entered an order granting preliminary

approval (the "Preliminary Approval Order") of the settlement reached among Plaintiffs, on their

own behalf and on behalf of the Settlement Class (as defined below), counsel for Plaintiffs, and

Defendants, as memorialized in the Settlement Agreement.

      On _____, 200_ the Court held a fairness hearing (the "Fairness

Hearing"), for which members of the Settlement Class had been given appropriate notice.  An

opportunity to be heard was given to all persons requesting to be heard in accordance with the

Preliminary Approval Order.

Having considered the Parties' moving papers, the Settlement Agreement, and all other evidence submitted concerning Plaintiff's motion,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331 and 1332 and has personal jurisdiction pursuant to 28 U.S.C. § 1407 over the Plaintiffs, Defendants, and the members of the Settlement Class.

2.      This Court finds that the Settlement Agreement has been entered into in good faith following arms-length negotiations and is non-collusive.

3.      This Court grants final approval of the Settlement Agreement, including but not limited to the releases therein, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.  Any objections which were filed, timely or otherwise, have been considered and are overruled.  Therefore, all members of the Settlement Class who have not opted out are bound by this Final Judgment and Order.

<u>**Class Certification**</u>

4.      The provisionally certified class (the "Settlement Class") is now finally certified pursuant to Rule 23(b)(3):

> All persons all persons who purchased the book <u>A Million Little Pieces</u>, in any format (including, but not limited to, in hardback, trade paperback, cassette, CD, or any other electronic media), on or before January 26, 2006.

5.      Plaintiffs are designated as class representatives of the Settlement Class.

6.      The following firms are appointed as Settlement Class Counsel: Larry D. Drury, Brodsky & Smith, LLC, Law Offices of Thomas M. Mullaney, Myers & Company,

P.L.L.C., Thomas E. Pakenas, Napoli Bern Ripka, LLP, Statman, Harris, Siegel & Eyrich, LLC,

Zimmerman and Associates, P.C., and DiTommaso & Lubin, PC.

7.    Larry D. Drury and Brodsky & Smith, LLC are appointed as "Co-Lead

Class Counsel" and Thomas M. Mullaney is appointed as "Liaison Class Counsel."

8.    The certification of the Settlement Class is non-precedential and without

prejudice to Defendants' rights under the Settlement Agreement if the Settlement Agreement and

this Final Judgment and Order do not become effective as provided in the Settlement Agreement.

### Class Notice

9.    Class Notice was given by first-class mail to certain Settlement Class

Member on _____, 2006, and Class Notice was given by publications made in various

media between _____, 2006 and _____, 2006.  In addition, Class Notice was

published on the websites of Random House, Inc. (www.randomhouse.com), Big Jim Industries,

Inc. (www.bigjimindustries.com), and a separate website established by the Settlement

Administrator.

10.    The Class Notice (as described in the Settlement Agreement) fully

complies with the requirements of Rule 23 and due process, constitutes the best notice

practicable under the circumstances, and is due and sufficient notice to all persons entitled to

notice of the settlement of this lawsuit.

### Objections and Opt-Outs

11.    A total of _____ objections were filed by Class Members.  A list of the

persons or entities that filed objections is attached as Exhibit A.  The Court has considered each

of these objections carefully and has overruled them.  None of these objections raise valid

concerns about the Settlement Agreement.

12.     A total of _____ persons or entities have validly requested exclusion from the Settlement Class.  A list of the persons or entities that have validly opted out of the settlement is attached as Exhibit B.

## CAFA Notice

13.     In compliance with the notice provision of the Class Action Fairness Act, 28 U.S.C. § 1715, each Defendant served timely notice of the settlement to the appropriate federal and state officials, and therefore the settlement is fully enforceable against all Settlement Class Members (except those who have opted out).

## Class Compensation

14.     Defendants shall provide the Class Compensation set forth in paragraph __ of the Settlement Agreement on the timetable provided in the Settlement Agreement.

## Releases

15.     Plaintiff and each Settlement Class Member are determined to have given the releases described in paragraph ___ of the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

16.     The Court grants Settlement Class Counsel's application for attorneys' fees and costs in the amount of $_____ finding such fees and actual costs to be fair and reasonable, and finding that the costs are sufficiently supported.

17.     The Court grants Settlement Class Counsel's application for an incentive award to each class representative, in the amount of $1,500.00, finding that such a payment is justified by each class representative's service to the Settlement Class.

## Other Provisions

18.    All lawsuits consolidated and transferred to this Court by order dated June

14, 2006 of the Judicial Panel of Multidistrict Litigation, are dismissed with prejudice as to

Plaintiff and all members of the Settlement Class (except that the dismissal is without prejudice

as to Settlement Class Members who have obtained proper and timely exclusion from the

Settlement Class), without fees or costs except as provided above.

19.    This Court retains continuing jurisdiction over this action, Plaintiff,

Defendants, and all members of the Settlement Class to determine all matters relating in any way

to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement,

including but not limited to their administration, implementation, interpretation, or enforcement.

20.    The Parties to the Settlement Agreement shall carry out their respective

obligations thereunder.

21.    In the event that (i) the Settlement Agreement is terminated pursuant to its

terms; (ii) Defendants withdraw from the Settlement Agreement; (iii) the Settlement Agreement,

Preliminary Approval Order, and Final Judgment and Order do not for any reason become

effective; or (iv) the Settlement Agreement, Preliminary Approval Order, and Final Judgment

and Order are reversed, vacated, or modified in any material respect, then (a) any and all orders

entered pursuant to the Settlement Agreement shall be deemed vacated, including without

limitation the certification of the Settlement Class and all other relevant portions of this Order,

(b) the instant action shall proceed as though the Settlement Class had never been certified, and

(c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for

any purpose; provided, however, that if the parties to the Settlement Agreement agree to jointly

appeal a ruling disapproving the Settlement Agreement and the Settlement Agreement is upheld

on appeal, then the Settlement Agreement and Final Judgment and Order shall be given full force

and effect according to their terms.  In the event the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Judgment and Order shall be void and shall be deemed vacated.  Defendants retain the right to oppose class certification if the settlement is vacated, and the doctrine of res judicata and/or collateral estoppel shall not be applied.

22.     Neither the Settlement Agreement, this Final Judgment and Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

Dated:                                                   Entered:


_____        _____

                                                          Judge Richard J. Holwell


CH1 3679699v.1