HEARING BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION


In re: "A MILLION LITTLE PIECES" LITIGATION

                              Docket No. 1771

                              Kansas City, Kansas

                              May 26, 2006


BEFORE THE HONORABLES JUDGE HANSEN, JUDGE MILLER, JUDGE
JENSEN, JUDGE HODGES, JUDGE KEENAN, JUDGE MOTZ, and JUDGE
VRATIL, JUDICIAL PANEL.


APPEARANCES:

                         Mr. Mark B. Blocker, Esq.
                         For: Random House, Inc. and
                              Doubleday, Inc.
                         Sidley Austin LLP
                         Chicago, IL


                         Mr. Evan Smith, Esq.
                         For: Michele Snow
                         Brodsky & Smith, LLC
                         Bala Cynwyd, PA


                         Mr. John H. Alexander, Esq.
                         For: Marcia Vedral
                         John H. Alexander & Associates
                         Chicago, IL



Court Reporter:          Theresa E. Hallberg, RMR, CRR
                         511 US Courthouse
                         500 State Avenue
                         Kansas City, Kansas  66101
                         913-551-5647



OFFICIAL COURT REPORTER

2

1   JUDGE HODGES: Next case is MDL 1771
2   designated as the Million Little Pieces litigation.
3   Here we have ten cases pending and at least five
4   different districts. And the defendant has moved
5   for centralization. And first to be heard in
6   support of the motion, I believe, Mr. Blocker.
7   MR. BLOCKER: Good morning, Your Honors.
8   I'm Mark Blocker and I represent defendants Random
9   House and Doubleday who are the publishers and
10  marketers of a book that's at issue. The author's
11  lawyer, Rick Myers, is also in court today. I'm
12  going to be speaking on his behalf as well.
13  There is a surprising degree of consent
14  among the parties about what needs to be done with
15  these cases. The parties agree these cases should
16  be centralized in a single location and they agree
17  they should be sent to one of two locations, either
18  to Judge Keenan's home district of the Southern
19  District of New York or to the Northern District of
20  Illinois in Chicago.
21  I'm going to explain to Your Honor why we
22  think it is more appropriate for these cases to go
23  to the Southern District of New York; although, if
24  you aren't going to send them there, we agree that
25  the Northern District of Illinois is an appropriate

3

1  alternative forum.
2           This Court has recognized on many occasions
3  the case should be transferred to the district that
4  has the most significant nexus to the dispute and
5  it has also recognized that a significant nexus
6  usually exists where the defendants are located and
7  where they are corporations where the corporations
8  have their principal place of business.
9           This Court's also recognized that where
10 many relevant documents and witnesses are
11 located --
12          JUDGE MOTZ: I don't want to get in the
13 merits. Are you planning to have a lot of
14 discovery in this case on the front end trying to
15 resolve the claims? I mean, is the location of
16 documents and witnesses in this case going to be,
17 from your point of view, necessarily relevant?
18          MR. BLOCKER: It will be, Your Honor, if
19 we get beyond the motion to dismiss, it will be
20 very relevant because the book --
21          JUDGE MOTZ: If you get beyond it. I
22 assume you intend to file a motion.
23          MR. BLOCKER: Absolutely.
24          JUDGE KEENAN: Have you moved yet to have
25 either Judge --

4

1     MR. BLOCKER:  No, we have not, Your Honor.
2  Judge Keenan, we have asked for stays in all the
3  jurisdictions where we had cases pending, so that
4  none of the cases got out in front of the other, we
5  could create an MDL before we had separately
6  litigated each of the cases.  But --
7     JUDGE KEENAN:  You didn't answer either.
8     MR. BLOCKER:  We have not answered either.
9  We moved for stays and got stays by agreement
10 everywhere except one case in which we moved for
11 stay and was successful.
12    But here the answer to Your Honor's
13 question, Judge Motz, discovery will be important
14 if we get beyond the discovery phase or if we get
15 beyond the motion to dismiss phase because the book
16 has a number of people in it that are characters.
17 And presumably the plaintiffs will want to take
18 discovery to determine if the plaintiffs -- if the
19 characters in the book represent real, live
20 individuals which is the basis for their claim.
21    With respect to --
22    JUDGE MOTZ:  Is there going to be
23 discovery about damages?  And that wouldn't be
24 very --
25    MR. BLOCKER:  Well, there may be discovery

5

1   about damages; although, the records as to damages,
2   Your Honor, will all be at Random House
3   headquarters in New York to the extent they exist.
4           Random House is located in New York, and
5   Doubleday is located in New York, and the author
6   James Frey, they're all located in New York. So if
7   there's a prototypical case that has a substantial
8   nexus, it seems to be, Your Honor, the Southern
9   District of New York.
10          I see that I'm out of time, so thank you,
11  Your Honors.
12          JUDGE HODGES: Thank you, Mr. Blocker.
13          Next to be heard is Mr. Smith representing
14  the plaintiff in the New York action.
15          MR. SMITH: Good morning, Your Honors.
16  Evan Smith on behalf of the plaintiff, Michele
17  Snow, first filed action in the Southern District
18  of New York.
19          JUDGE HODGES: What relief do you request
20  in your Complaint, Mr. Smith? My curiosity
21  overwhelms me.
22          MR. SMITH: Well, Your Honor, in our
23  particular Complaint, as opposed to some other
24  Complaints, our particular Complaint alleges
25  reimbursement of the costs of the book. And on

6

1  behalf of all plaintiffs in the state of
2  New Jersey, specifically our plaintiff.
3              JUDGE KEENAN:  This is a diversity case,
4  right?
5              MR. SMITH:  It is, Your Honor.
6              JUDGE KEENAN:  Again, not to get into the
7  merits, but are there damages of over $75,000 here?
8              MR. SMITH:  On behalf of the classes,
9  there are.
10             Well, with respect to the transfer to an
11 appropriate jurisdiction, while I often don't
12 agree, generally speaking, with defense counsel on
13 anything except settlement, I do agree with
14 Mr. Blocker in the defendants' motion to transfer
15 to the Southern District of New York.
16             In particular, I just note that the
17 Illinois people seek to have a transfer to Judge
18 Grady who already has three MDLs pending.  And
19 Judge Holwel in Southern District of New York does
20 not have any.
21             Also defendants -- the plaintiffs say that
22 the counsel wish for -- I'm sorry, the Illinois
23 groups says in their papers that the defendants'
24 counsel are in Illinois, but that is totally taken
25 out of context because defense counsel seek for it

7

1   to be in Southern District of New York.
2           And, finally, the punitive class where most
3   defendants are target defendants are in New York.
4   The fact that some plaintiffs may have to travel
5   from Washington or California or Ohio to Illinois
6   or New York shouldn't really matter.
7           JUDGE MOTZ:  The damages -- your theory is
8   you just want reimbursement.  Wouldn't that depend
9   upon the law of various states?  Wouldn't it depend
10  upon depositions of each individual plaintiff as to
11  whether or not, you know, they really -- although
12  they thought they were buying the work of
13  nonfiction, as a work of fiction, and they still
14  have some value for it?
15          I mean, I'm not sure how this is -- does
16  not become a very individualized determination in
17  determining based upon the law of damages of a
18  particular state.
19          MR. SMITH:  Well, Your Honor, there's
20  various issues that will be addressed in the motion
21  to dismiss which will be fully briefed at that
22  point.  I mean --
23          JUDGE MOTZ:  Wouldn't it make sense,
24  perhaps, to have -- you know, just to have the case
25  mature a little bit by having some rulings on

8

1  motions to dismiss before deciding whether there
2  should be centralization?
3          MR. SMITH: We didn't file the motion.
4  The defendants did. We were in the Southern
5  District of New York. And we really --
6          JUDGE MOTZ: So you'd just assume not have
7  centralization.
8          MR. SMITH: No. I submitted papers. We
9  agree that there should be centralization.
10         Thank you.
11         JUDGE HODGES: All right. Thank you.
12         Next to be heard is Mr. Alexander
13 representing plaintiff in Illinois seeking transfer
14 there.
15         MR. ALEXANDER: Good morning, Your Honors.
16         I just want to add something. We were
17 removed to Federal District Court, so we were
18 seeking our class action in the state of Illinois.
19 So we're not the ones who brought this case before
20 the Federal Court.
21         I am here on behalf --
22         JUDGE MOTZ: But you did move it --
23         MR. ALEXANDER: Well, we're here now.
24 Somebody brought us.
25         I'm here on behalf of the plaintiffs in the

9

1  Northern District of Illinois and also the Southern
2  District of Ohio.  I represent the plaintiff
3  Vedral.
4        Basically, we believe that the Northern
5  District of Illinois is the most appropriate
6  forum --
7        JUDGE KEENAN:  What about the fact, as has
8  been pointed out, Judge Grady already has three
9  MDLs?
10       MR. ALEXANDER:  Well, my answer to that is
11 that New York has 37 MDLs and Illinois has a total
12 of 12 MDLs.
13       JUDGE KEENAN:  We're talking about
14 individual judges.  What you're saying is send it
15 to Illinois, but don't send it to Judge Grady?
16       MR. ALEXANDER:  I believe Judge Grady
17 could handle it.  Also another judge in Illinois in
18 the Northern District could handle it.  Basically,
19 as counsel said earlier in another case here,
20 Illinois -- the Northern District of Illinois has
21 the lowest per case load per judge.  So I believe
22 that Illinois is, relatively and comparatively to
23 New York, under worked as far as MDL cases.
24       I do believe Judge Grady is fully competent
25 and capable and I don't think he's overwhelmed, but

10

1  I do believe that another judge also in the
2  Northern District of Illinois could handle this.
3  New York has three times -- more than three times
4  what the Northern District of Illinois has.
5       And Your Honors, basically, of the 13 cases
6  filed, nine of them are Midwest and West Coast
7  cases.  Four of them in Illinois, one in Ohio, one
8  in Michigan, two in California, one in Seattle.
9  The rest -- four of them are in New York.
10      Chicago is, as we all know, very centrally
11 located.  The West Coast counsel would need about
12 five hours to get to New York on every matter that
13 was required.  New York counsel would need about
14 two hours to get to Chicago.
15      As earlier pointed out, defendants' main
16 counsel, Mr. Blocker, even though he wants to be in
17 New York, his offices are in Chicago.  Many of the
18 fact witnesses are largely distributed in the
19 Midwest.  Minnesota, for example, is where the
20 Hazelton drug rehab clinic was.  Many members of
21 various book clubs.  Basically Frey is from Ohio.
22      So the point is that we believe that
23 Chicago is the most appropriate forum for this
24 matter.  Thank you.
25      JUDGE HODGES:  All right.  Thank you all.

```
                                                                    11
 1       We'll take the matter up under submission.
 2
 3
 4
 5
 6                    *   *   *   *   *   *   *   *
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

OFFICIAL COURT REPORTER

12

# CERTIFICATE

I, Theresa E. Hallberg, Certified Shorthand Reporter, do hereby certify that the foregoing transcript is a true and correct transcript of my notes in said case to the best of my knowledge and ability.

SIGNED, OFFICIALLY SEALED, AND FILED WITH THE CLERK OF THE UNITED STATES DISTRICT COURT this ___ day of _____, 2006.

S/ Theresa E. Hallberg
Theresa E. Hallberg, RMR, CRR

OFFICIAL COURT REPORTER