

# Kinsella/Novak Communications, Ltd.

Kinsella/Novak Communications, Ltd. ("KNC") is a leading advertising and notification firm that specializes in the design and implementation of media-based notification programs to reach unidentified class members in class actions and bankruptcies.

Since its inception, KNC has broken new ground in advancing the *Art and Science of Legal Notification*. The firm stands apart in its field because it:

- ➢ Designs and implements more national and statewide programs, providing notice to unidentified class members, than any other firm.

- ➢ Integrates the entire notification effort, from strategic design to paid advertising, from toll-free telephone numbers to Internet outreach, providing plaintiffs, defendants and the courts with a comprehensive, fully integrated program.

- ➢ Stays abreast of changes in media options and the marketplace, as well as court rulings in class action law and the notice function.

- ➢ Specializes in the most complex and often precedent-setting notice efforts including notification programs in antitrust, bankruptcy, consumer fraud, mass tort and product liability litigation. Specific cases have involved, among others, asbestos, breast implants, home siding and roofing products, infant formula, pharmaceuticals, polybutylene plumbing, tobacco, and Holocaust claims.

Every notice program designed and implemented by KNC has been approved by the courts - with many setting new standards.

2120 L Street, NW | Suite 205 | Washington, DC 20037
Phone: 202.686.4111 | Fax: 202.293.6961 | Email: info@kinsella-novak.com | Http://www.kinsella-novak.com

THE ART & SCIENCE OF LEGAL NOTIFICATION

## Unparalleled Experience

KNC has designed, implemented or consulted on over 250 class actions and bankruptcies and specializes in the most complex and often precedent-setting notice efforts. The firm has selected and placed over $145 million in paid legal advertising. Selected cases follow:

### Antitrust

- *In re Buspirone Antitrust Litigation*, MDL No.1413 (S.D.N.Y.) (Drug)
- *In re Cardizem Antitrust Litigation,* 200 F.R.D. 326 (E.D.Mich.) (Drug)
- *In re State of Ohio vs. Bristol-Myers Squibb, Co.,* 1:02-cv-01080 (D.D.C.) (Drug)
- *In re Compact Disc Minimum Price Antitrust Litigation*, MDL No. 1361 (D.Me.) (Compact discs)
- *In re Nasdaq Market-Makers Antitrust Litigation*, No. M21-68, 94 Civ. 3996 (RWS), MDL No. 1203 (Securities)
- *Conroy v. 3M Corporation,* Case No. C-00-2810 CW (N. D. Cal.)
- *Carlson v. Abbott Laboratories*, No. 94-CV-002608 (Wis. Cir. Ct. Milwaukee County) (Infant formula)
- *State of Connecticut v. Mylan Laboratories, Inc.*, MDL No. 1290, Misc. No. 99-276 (Drug)
- *In re Toys "R" Us Antitrust Litigation,* MDL No. 1211, Master File No. CV-97-5750 (E.D.N.Y.) (Toys and other products)

### Consumer

- *State of Florida v. Nine West Group, Inc.,* Civil Action No. 00 CIV 1707 (BDP) (S.D.N.Y) (Shoes)
- *Burch v. American Home Products Corp.*, No. 97-C-204 (1-11) (W.Va. Cir. Ct., Brooke County) (Fen Phen)
- *Fettke v. McDonald's Corp.*, Case No. 044109 (Cal. Super. Ct., Marin County) and *BanTransFat.com v. McDonald's Corp.*, Case No. 034828 (Cal. Super. Ct., Marin County) (Trans fatty acids)

### Discrimination

- *In re Holocaust Victim Assets Litigation*, No. CV 96-4849 (ERK)(MDG) (Consolidated with CV-5161 and CV 97-461) (Holocaust)
- *McNeil v. American General Life and Accident Insurance Co.*, No. 8-99-1157 (M.D.Tenn.) (Insurance)

### Mass Tort

- *Ahearn v. Fibreboard Corporation*, C.A. No. 6:93cv526 (E.D.Tex), and Continental Casualty Co. v. Rudd, C.A. No. 6:94cv458 (E.D.Tex) (Asbestos injury)
- *Georgine v. Amchem*, *Inc. et al.,* C.A. No. 93-CV-0215 (E.D.Pa.) (Asbestos injury)
- *Engle v. RJ Reynolds Tobacco Co.,* No. 94-08273 CA 20 (Fla. Cir. Ct., Dade County) (Tobacco injury)
- *Backstrom v. The Methodist Hospital*, No. H.-94-1877 (S.D.Tex.) (TMJ injury)

PENSION BENEFITS
- *Forbush, Rhodes v. J. C. Penney Company, Inc. Pension*, Nos. 3:90-2719-X and 3:92-0109-X (N.D.Tex.)
- *Collins v. Pension Benefit Guarantee Corp.*, No. 88-3406 and *Page v. Pension Benefit Guarantee Corp.*, No. 89-2997 (D.D.C. 1996)

PRODUCT LIABILITY
- *Galanti v. The Goodyear Tire & Rubber Company* (D.N.J.) (Radiant heating)
- *Cox v. Shell Oil Co.,* No. 18,844 (Ch. Ct., Obion Co., Tn.) (Polybutylene pipe)
- *Naef v. Masonite Corp.*, No.CV-94-4033) (Ala. Cir. Ct., Mobile County) (Hardboard siding product)
- *In re Louisiana Pacific Corp. Inner Seal OSB Trade Practices Litigation*, MDL No. 1114, C 95-3178 (N.D.Cal.) (oriented strand board)
- *Cosby v. Masonite Corp.*, No. CV-97-3408 (Ala. Cir. Ct., Mobile County) (Siding product) and *Quin v. Masonite Corp.*, No. CV-97-3313 (Ala. Cir. Ct., Mobile County) (Roofing product)
- *Ruff v. Parex, Inc.,* No. 96-CvS 0059 (N.C. Super. Ct. Hanover County) (EIFS)
- *Shake Roof Cases,* JCCP No. 4028 (Cal. Super. Ct., Contra Costa County) (Roofing product)
- *Bowen-Fromm v. Terra Roofing Products,* Inc. Case No.: 2001-028588 (Cal. Super. Ct., Alameda County) (Roofing product)
- *Richison v. Weyerhaeuser Company Limited*, No. 05532 (Cal. Super. Ct., San Joaquin County) Roofing product)
- *Shah v. Re-Con Building Products, Inc.,* No. C99-02919 (Cal. Super. Ct., Contra Costa County) (Roofing product)
- *Hart v. Central Sprinkler Corp.,* No. BC17627 (Cal. Super. Ct., Los Angeles County) (Sprinklers) and *County of Santa Clara v. Central Sprinkler Corp.*, No. CV 17710119 (Cal. Super. Ct., Santa Clara County) (Sprinklers)

BANKRUPTCIES WITH MASS TORT OR CONSUMER CLAIMANTS
- *In re Johns-Manville Corp.*, 68 B.R. 618, 626 (Bankr. S.D.N.Y.), in 1986 (Asbestos)
- *In re Dow Corning*, No. 95-20512 (Bankr. E.D.Mich.) (Breast implant)
- *In re U.S. Brass Corp.*, No.94-40823S (Bankr. E.D.Tex.) (Polybutylene)
- *In re The Celotex Corp.*, Consolidated Nos. 90-10016-8B1 and 90-10017-8B1 (Bankr. M.D. Fla.) (Asbestos)
- *In re Armstrong World Industries, Inc.,* Chapter 11, No. 00-4471 (Bankr. D.Del.)
- *In re Owens Corning*, Chapter 11, No. 00-03837 (Bankr. D.Del.)
- *In re USG Corporation*, Chapter 11*,* Nos. 01-2094 through 01-2104 (Bankr. D.Del.)
- *In re W.R. Grace & Co.,* Chapter 11, No. 01-01139 (Bankr. D.Del.)

# Kinsella/Novak Principals

### KATHERINE KINSELLA
*President*

Kinsella is a nationally-recognized expert in the design, preparation, and dissemination of legal notice in class actions and bankruptcies. Kinsella brings to the firm, and to the courts, more than 25 years of experience in high-level communications strategy in the fields of advertising, marketing, and public relations. She has held creative and management oversight responsibilities for a variety of clients – ranging from political candidates and advocacy groups to national associations and corporations. Her first notice program was conducted in 1986. She is a qualified notice expert.

Prior to establishing her own business, Kinsella was Senior Vice President and Director of Marketing and Advertising for The Kamber Group, the largest independently-owned communications company in Washington, D.C.

### ANDREW NOVAK
*Vice President*

Novak is nationally-recognized expert in the design, preparation, and dissemination of legal notice in class actions and bankruptcies. He is responsible for the oversight of firm-wide operations and the implementation of client notification programs. Joining the firm in 1994, Novak has coordinated the implementation of some of the country's largest and most complex national notification programs. He is a qualified notice expert.

Previously, Novak was an Account Executive with The Kamber Group where he spent five years working with corporate and public interest clients to achieve their communication goals through advertising, marketing, media relations and special events. He also worked with Whittle Communications, L.L.P., as an account executive for the Medical News Network (MNN), a 12- to 15- minute daily news program produced for physicians.

# JUDICIAL COMMENTS

### COMPACT DISC ANTITRUST LITIGATION
*In re Compact Disc Minimum Advertised Price Antitrust Litigation,* D.Me., MDL No. 1361

In approving the notice plan for implementation in the Compact Disc Minimum Advertised Price Antitrust Litigation, Judge D. Brock Hornby stated, "(the plan) provided the best practicable notice under the circumstances and complied with the requirements of both 15 U.S.C. 15c(b) (1).... the notice distribution was excellently designed, reasonably calculated to reach potential class members, and ultimately highly successful in doing so."

### JOHNS-MANVILLE BANKRUPTCY REORGANIZATION
*Johns-Manville Corp.,* 68 B.R. 618, 626 (Bankr. S.D.N.Y. 1986), *aff'd,* 78 B.R. 407 (S.D.N.Y. 1987), *aff'd sub nom. Kane v. Johns-Manville Corp.,* 843 F. 2d. 636 (2d Cir. 1988)

In approving the notification plan in the Johns-Manville Bankruptcy Reorganization, the court referred to it as "an extensive campaign designed to provide the maximum amount of publicity ... that was reasonable to expect of man and media."

### POLYBUTYLENE PIPE LITIGATION
*Cox v. Shell Oil Co.,* 1995 W.L. 775363, 2 (Tenn. Ch. Ct., Obion County)

In the order approving the settlement of the polybutylene pipe class action, Judge Maloan stated, "The Court finds the notice program is excellent. As specified in the findings below, the evidence supports the conclusion that the notice program is one of the most comprehensive class notice campaigns ever undertaken."

### ABESTOS INJURY LITIGATION I
*Ahearn v. Fibreboard Corporation,* C.A. No. 6:93-CV-526 (E.D. Tex.) and *Continental Casualty Co. v. Rudd*, C.A. No. 6:94cv458 (E.D. Tex.)

In approving the notice plan for implementation in the *Ahearn* and *Rudd* class actions, Judge Parker stated, "I have reviewed the plan of dissemination, and I have compared them to my knowledge at least of similar cases, the notices that Judge Weinstein has worked with [*Agent Orange*] and Judge Pointer [*Silicone Gel Breast Implants*], and it appears to be clearly superior."

(Chief Judge Robert M. Parker, U.S. District Court, Eastern District of Texas. -- July 29, 1994)

### ABESTOS INJURY LITIGATION II
*Georgine v. Amchem,* 158 F.R.D. 314, 326 (E.D. Pa. 1993)

Judge Reed explained that the notice program developed by Kinsella "goes beyond that provided in [previous cases]" and "the efforts here are more than adequate to meet the requirements of Rule 23(c)(2)."

### COLLINS V. PENSION BENEFIT GUARANTY CORP.
*Collins v. Pension Benefit Guaranty Corp.,* No. 89-3406-AER (D.D.C.)

"The notice provided was the best notice practicable under the circumstances. Indeed, the record shows that the notice given was consistent with the highest standards of compliance with Rule 23(e)."

### IN RE THE CELOTEX CORPORATION
*In re The Celotex Corp.,* Consolidated Case Nos: 90-10016-8B1 and 90-10017-8B1 (Bankr. M.D. Fla.)

"…all counsel should be complimented on the fact that they have gone to every possible conceivable method of giving notice from putting it on TV and advertising it in papers….. the record should also reflect the Court's appreciation to Ms. Kinsella for all the work she's done, not only in pure noticing, but ensuring that what noticing we did was done correctly and professionally."

(Hon. Thomas E. Baynes, Jr.; U.S. Bankruptcy Court for the Middle District of Florida, Tampa Division.)

### NAEF V. MASONITE CORPORATION
*Naef v. Masonite Corp., No.* CV-94-4033 (Ala. Cir. Ct. Mobile County)

"In November, 1997, the Court approved a massive Notice Program to apprise class members of the class action Settlement, including the individually mailed, notices, publication notice and notification by way of other avenues nationally and locally. This Notice Program was designed by recognized experts, approved by the mediator and the Court, and implemented diligently by the parties, at defendants' cost. It provided the best notice practicable to the Class, comports with due process, and was clearly adequate under Alabama Rule of Civil Procedure 23(e), the United States Constitution, and other applicable law."

(Honorable Robert G. Kendall, Circuit Court of Mobile County, Alabama, January 23, 1998.)