# EXHIBIT "E"


Dockets.Justia.com

LAW OFFICES

# BRODSKY & SMITH, LLC

240 MINEOLA BLVD
MINEOLA, NY 11501

[phone/fax/web illegible]

[three branch office blocks illegible]

April 12, 2007

**VIA FEDERAL EXPRESS**

Thomas Mars, General Counsel
Wal-Mart Stores, Inc.
Walmart.com, subsidiary of Wal-Mart Strores, Inc
702 Southwest 8th Street
Bentonville, Arkansas 72716-0215

Re: *"A Million Little Pieces"* Litigation, 06-mdl-1771 (U.S.D.C. SDNY).

Dear Mr. Mars:

We are court appointed Class Counsel in the above referenced matter pending in the United States District Court for the Southern District of New York. We represent the class of consumers who purchased the book *A Million Little Pieces* from the date of the book's initial publication through and including January 26, 2006. As you may be aware from press reports, a classwide settlement has been reached between the Plaintiffs' Class, the publisher (Random House), and the book's author (James Frey). A motion for preliminary court approval of this settlement is currently pending before Judge Richard J. Holwell.

As part of the preliminary approval process, the Court has been asked to approve a plan to notify class members of the settlement. We have sought approval of a notice plan that provides for (1) publication of the notice in over 900 newspapers across the country; (2) the establishment of a dedicated website (www.amlpsettlement.com) where class members can obtain information about the settlement and print claim forms; and (3) direct mailing of notice by Random House to customers who purchased the book directly from Random House's website.

However, the Court has requested that Class Counsel inquire of some of the larger retail book sellers regarding their willingness to voluntarily provide additional notice to their customers. To assist us in advising the Court, we would like to know the answers to the following questions:

Thomas Mars
April 12, 2007
Page 2

1. Would your company be willing to voluntarily deliver (by e-mail or otherwise) the class notice directly to your customers who purchased the book? If not, why not?

2. Approximately what percentage of your book sales are made at your brick and mortar stores? With respect to those sales, do you have any records that would allow your company to determine who purchased the book (i.e. any records from any frequent buyers' program during the relevant period – prior to January 27, 2006)? Are there any restrictions on the use of this information?

3. With respect to any sales made through your online operations, do you have any records that would allow your company to determine who purchased the book? Are there any restrictions on the use of this information?

4. With respect to your online operations, do you routinely e-mail materials to your customers?

5. As an alternative to any direct notice, would your company be willing to

   a) place a banner-style ad somewhere on your website that links interested customers to our dedicated settlement website, or

   b) place a written notice at the checkout counters at each of your brick and mortar stores for a specified period of time notifying class members of the settlement.

6. With respect to any of the efforts above, would there be any cost or burden associated with your efforts? If so, please give us an estimate of the cost.

We are required to provide the Court with the results of our inquiry by April 27, 2007. Accordingly, we would appreciate a written response to this correspondence no later than April 20, 2007, if at all possible. In the interim, should you wish to speak with

Thomas Mars
April 12, 2007
Page 3

us regarding these issues, we remain available at your convenience. We appreciate your attention to this matter and look forward to your response.

Very truly yours,

BRODSKY & SMITH, LLC

By: *[signature]*
Evan J. Smith, Esquire
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-0626

LARRY D. DRURY, LTD.

By: *[signature]*
Larry D. Drury, Esquire
205 West Randolph Street, Suite 1430
Chicago, IL 60606
(312) 346-7950

*Co-Lead Counsel for Class*

LJS/jf
Enclosures
cc:   Mark B. Blocker, Esquire (Counsel for Random House)
      Sidley Austin — Illinois Office (via regular mail)

      Derek J. Meyer, Esquire (Counsel for James Frey)
      McDermott Will & Emery — Illinois Office (via regular mail)

# FedEx US Airbill

FedEx Tracking Number: 8605 6397 9118

**1 From**
Date: 7-12-07
Sender's Name: Evan Smith
Sender's FedEx Account Number: 2423-0938-3
Company: BRODSKY & SMITH LLC
Address: 333 E CITY AVE STE 602
City: BALA CYNWYD    State: PA    ZIP: 19004
Phone: (610)667-6200

**2 Your Internal Billing Reference**

**3 To**
Recipient's Name: Thomas Mars
Company: Wal-Mart Stores
Recipient's Address: 702 Southwest 8th Street
City: Bentonville    State: AR    ZIP: 72716-0215

**4a Express Package Service**
From ID No.: 0215
[X] FedEx Standard Overnight

**5 Packaging**
[X] FedEx Envelope

**7 Payment** Bill to:
[X] Sender

Sender's Copy

035116B330
519



## LEGAL DEPARTMENT

SUSAN E. SCHELL
702 S.W. 8TH Street
Bentonville, Arkansas 72716
Fax (479) 277-5991
Phone (479) 204-8831

Susan.Schell@walmartlegal.com

April 20, 2007

*Via Facsimile/516-741-0626*

Evan J. Smith, Esquire
Brodsky & Smith, LLC
240 Mineola Blvd.
Mineola, NY 11501

Larry D. Drury, Esquire
Larry D. Drury, LTD
205 West Randolph Street, Suite 1430
Chicago, IL 60606

Re: *"A Million Little Pieces"* Litigation

Dear Messrs. Smith and Drury:

I write in response to your April 12, 2007 letter to Thomas Mars, General Counsel to Wal-Mart Stores, Inc. ("Wal-Mart") concerning Wal-Mart's ability to assist you in notifying class members of the settlement in the litigation referenced above.

In answer to your questions, book sales are a small part of Wal-Mart's comprehensive retail business. Wal-Mart values and respects the privacy of its customers, and does not routinely track the book purchases of individual customers.

Given the nature of Wal-Mart's operations, it would not be practical to "place a banner-style ad" on our website, or to "place a written notice at the check out counters" of our more than 4000 stores. While Wal-Mart appreciates your need to effectively notify the class members, at this time, Wal-Mart is unable to assist you.

Sincerely,

*Susan E. Schell*

Susan E. Schell
Assistant General Counsel
Litigation Support Group - Commercial Litigation