# EXHIBIT "B"

Case 1:06-cv-01167-RJH  Document 54-3  Filed 04/30/2007  Page 1 of 7

Dockets.Justia.com

LAW OFFICES
# BRODSKY & SMITH, LLC

240 MINEOLA BLVD
MINEOLA, NY 11501

516.741.4977
FAX 516.741.0626
www.brodsky-smith.com

PENNSYLVANIA OFFICE
TWO BALA PLAZA, SUITE 602
BALA CYNWYD, PA 19004
610.667.6200

CALIFORNIA OFFICE
9595 WILSHIRE BLVD. SUITE 900
BEVERLY HILLS, CA 90212
310.300.8425

NEW JERSEY OFFICE
1040 KINGS HIGHWAY NORTH, STE. 601
CHERRY HILL, NJ 08034
856.795.7250

April 12, 2007

**VIA EMAIL: SWYNNE@BORDERSGROUPINC.COM**
**AND U.S. REGULAR MAIL**

September Wynne, Associate General Counsel
Borders Group, Inc.
100 Phoenix Drive
Ann Arbor, MI 48108

Re: "*A Million Little Pieces*" Litigation, 06-mdl-1771 (U.S.D.C. SDNY).

Dear Ms. Wynne:

We are court appointed Class Counsel in the above referenced matter pending in the United States District Court for the Southern District of New York. We represent the class of consumers who purchased the book *A Million Little Pieces* from the date of the book's initial publication through and including January 26, 2006. As you may be aware from press reports, a classwide settlement has been reached between the Plaintiffs' Class, the publisher (Random House), and the book's author (James Frey). A motion for preliminary court approval of this settlement is currently pending before Judge Richard J. Holwell.

As part of the preliminary approval process, the Court has been asked to approve a plan to notify class members of the settlement. We have sought approval of a notice plan that provides for (1) publication of the notice in over 900 newspapers across the country; (2) the establishment of a dedicated website (www.amlpsettlement.com) where class members can obtain information about the settlement and print claim forms; and (3) direct mailing of notice by Random House to customers who purchased the book directly from Random House's website.

However, the Court has requested that Class Counsel inquire of some of the larger retail book sellers regarding their willingness to voluntarily provide additional notice to their customers. To assist us in advising the Court, we would like to know the answers to the following questions:

September Wynne
April 12, 2007
Page 2

1. Would your company be willing to voluntarily deliver (by e-mail or otherwise) the class notice directly to your customers who purchased the book? If not, why not?

2. Approximately what percentage of your book sales are made at your brick and mortar stores? With respect to those sales, do you have any records that would allow your company to determine who purchased the book (*i.e.* any records from any frequent buyers' program during the relevant period – prior to January 27, 2006)? Are there any restrictions on the use of this information?

3. With respect to any sales made through your online operations, do you have any records that would allow your company to determine who purchased the book? Are there any restrictions on the use of this information?

4. With respect to your online operations, do you routinely e-mail materials to your customers?

5. As an alternative to any direct notice, would your company be willing to

    a) place a banner-style ad somewhere on your website that links interested customers to our dedicated settlement website, or

    b) place a written notice at the checkout counters at each of your brick and mortar stores for a specified period of time notifying class members of the settlement.

6. With respect to any of the efforts above, would there be any cost or burden associated with your efforts? If so, please give us an estimate of the cost.

We are required to provide the Court with the results of our inquiry by April 27, 2007. Accordingly, we would appreciate a written response to this correspondence no later than April 20, 2007, if at all possible. In the interim, should you wish to speak with

September Wynne
April 12, 2007
Page 3

us regarding these issues, we remain available at your convenience. We appreciate your attention to this matter and look forward to your response.

                Very truly yours,

                BRODSKY & SMITH, LLC

By: _____
Evan J. Smith, Esquire
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-0626

LARRY D. DRURY, LTD.

By: _____
Larry D. Drury, Esquire
205 West Randolph Street, Suite 1430
Chicago, IL 60606
(312) 346-7950

*Co-Lead Counsel for Class*

EJS/jf
Enclosures
cc.   Mark B. Blocker, Esquire (Counsel for Random House)
      Sidley Austin – Illinois Office (via regular mail)

      Derek J. Meyer, Esquire (Counsel for James Frey)
      McDermott Will & Emery – Illinois Office (via regular mail)

## Evan J. Smith

**From:** Evan J. Smith [esmith@brodsky-smith.com]
**Sent:** Thursday, April 12, 2007 6:12 PM
**To:** 'swynne@bordersgroupinc.com'
**Cc:** 'Ldrurylaw@aol.com'; 'Andolina, Michael C.'; 'Blocker, Mark B.'; 'dmeyer@mwe.com'
**Subject:** A Million Little Pieces Class Action Litigation

Dear September,

Please see attached correspondence. Thank you for your attention.

Evan Smith

Evan J. Smith, Esquire
Brodsky & Smith, LLC
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
610.667.6200
610.667.9029 (fax)
www.brodsky-smith.com

4/12/2007

Borders Group, Inc.
100 Phoenix Drive
Ann Arbor, MI 48108

t: 734-477-4127
f: 734-477-1370
www.bordersgroupinc.com



April 25, 2007

Evan J. Smith, Esq.
Brodsky & Smith, LLC
240 Mineola Boulevard
Mineola, NY 11501

Larry D. Drury, Esq.
Larry D. Drury, Ltd.
205 West Randolph Street, Suite 1430
Chicago, IL 60606

RE:  "A Million Little Pieces" Litigation, 06-mdl-1771 (U.S.D.C. SDNY)

Dear Mr. Smith and Mr. Drury:

Regarding your letter dated April 12, 2007, I apologize for the late response on what has turned out to be a fairly complex issue. I have discovered that the process of attempting to notify every Borders customer who purchased James Frey's book, A Million Little Pieces, would be arduous and time consuming with little hope of accomplishing its objective.

It is my understanding that this process would rely heavily on our IT department culling through archived data tapes from the relevant time period in order to (1) isolate purchases of this individual title and (2) review transactional data to determine the means of purchase. Purchases made via cash or personal checks would be impossible to trace to that individual. Purchases made via credit card could potentially be linked to a credit card number. Credit card numbers would need to be turned over to the appropriate credit card agencies in order to match up customer contact information. Due to privacy considerations, we find it unlikely that credit card agencies would be willing to turn over their customers' information to Borders for purposes of this type of notification.

The Borders Rewards membership program does give us a means by which to contact our customers, specifically via email. However, not every Borders customer is a member, and the Borders Rewards program was only launched during the first quarter of 2006. It is not useful for tracking purchases made of this book prior to January 27, 2006.

With regards to sales made through our online operations, Borders has had agreements in place with Amazon to operate our retail websites (borders.com; waldenbooks.com; borders.co.uk and booksetc.co.uk) since 2001. Under these agreements, Amazon is the merchant of record for all sales made through the web sites, and retains all customer data. Borders receives referral fees for products purchased through the web sites. Borders does not have the right to post any type of banner-style ad on any of our retail websites operated by

Borders, Inc. and Walden Book Company, Inc. are subsidiaries of Borders Group, Inc.

April 25, 2007

Page 2

Amazon. In addition, we do not think it would be appropriate to place such an ad on any non-retail website that we maintain for business purposes.

Borders operates more than 1100 stores worldwide, many with multiple levels and multiple cash wrap areas. While we appreciate your need to effectively notify class members, it would be both an administrative and operational burden for us to post a written notice at each of these areas in every store. Posting a notice would essentially require us to educate our sellers on the circumstances surrounding the settlement so they are able to respond appropriately and knowledgably to customers' inquiries.

Should you require any further information with regards to this matter, please do not hesitate to contact me.

Sincerely,

September Wynne, ARM
Risk Manager & Associate General Counsel

cc    Mark B. Blocker – Sidley Austin *(via email)*
      Anke E. Steinecke – Random House *(via email)*
      Derek J. Meyer – McDermott, Will & Emery *(via email)*