# EXHIBIT A

Dockets.Justia.com

## CLAIM FORM – A MILLION LITTLE PIECES SETTLEMENT

**Name**

**Address**

**City**                          **State**                          **Zip**

(        )

**Telephone Number**

**Approximate date of purchase**          **Indicate type (Hardcover, paperback, CD, book on tape, e-book)**

**Total purchase price**          **Purchased online? (yes or no)**

Please fill out the above information completely.  If the information you provide is insufficient to determine whether you are a Class Member, your claim may be rejected.

**THE UNDERSIGNED DECLARES UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOLLOWING IS TRUE AND CORRECT:**

a)        to the best of my knowledge, the information provided in this claim form is true and correct;

b)        I was misled by the marketing of <u>A Million Little Pieces</u>  and would not have purchased the book if I had known prior to purchase that certain facts in the book had been altered and certain incidents had been embellished.

Signature: _____          Date: _____

**PROOF OF PURCHASE:  YOU MUST TEAR OFF  THE FRONT COVER OF THE BOOK AND RETURN IT WITH THIS CLAIM FORM AS PROOF OF PURCHASE.  IF YOU PURCHASED MEDIA OTHER THAN THE PAPERBACK VERSION, PLEASE CONSULT THE INSTRUCTIONS BELOW.**

Mail this Claim Form, along with the front cover of the paperback (or one of the other proof-of-purchase items described in the instructions), to the following address:

AMLP Settlement Administrator
PO BOX 1864
Faribault, MN 55021-7119

**YOUR CLAIM FORM MUST BE POSTMARKED TO THE ABOVE ADDRESS <u>ON OR BEFORE</u> OCTOBER 1, 2007.**

## INSTRUCTIONS

1.      Please print your name carefully.  A check will be sent to the person whose name appears in the claim form.

2.      In the "Approximate date of purchase," it is sufficient to list a month and year of purchase, unless the purchase occurred in January 2006.  If the purchase was made in January 2006, please give an approximate date.

3.      In the "total purchase price," you may include: (a) the actual cost of the book, (b) any sales tax, and (c) if purchased online, the cost of shipping, if any.  You may not include any other costs.

4.      In order to make a claim, you must tear off the front cover of the trade paperback and return it along with this claim form.  If you purchased the book in a form other than the trade paperback version, please include the following:

        a.      if you purchased the HARDCOVER, please tear off and send p. 163 of the book rather than the front cover of the book.

        b.      if you purchased a CD, BOOK ON TAPE, or E-BOOK, please include any of the housing from your purchase (or, if you did not save such housing, any other form of proof of purchase)

        c.      if you purchased the book in any other form, please include anything that shows proof of purchase.

5.      Your claim form will be rejected as invalid if you do not include the appropriate proof of purchase.

6.      You must fill out a separate claim form, and include the appropriate proof of purchase, for each copy of the book purchased.  Please be aware, however, that no person may receive compensation for more than two copies of the book.

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

IN RE "A MILLION LITTLE PIECES"
LITIGATION

No. 06-md-1771

Hon. Richard J. Holwell

_____

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**IF YOU PURCHASED THE BOOK <u>A MILLION LITTLE PIECES</u> BEFORE JANUARY 26, 2006 IN ANY FORMAT, PLEASE READ THIS NOTICE CAREFULLY BECAUSE IT MAY AFFECT CERTAIN OF YOUR RIGHTS IN A PENDING LAWSUIT.**

**This notice provides you with important information in connection with the settlement of a lawsuit concerning the book *A Million Little Pieces*.  If you wish to recover money you must act by October 1, 2007.  You should read this Notice carefully.**

*A federal Court has authorized this notice.  This is not a solicitation from a lawyer.  This Notice has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency and proposed Settlement of this Class Action lawsuit, and of the hearing to be held by the court to consider the fairness, reasonableness, an adequacy of the Settlement.  This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in this litigation, or the merits of the claims or defenses asserted.  This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the Settlement and this class action lawsuit.*

### WHY SHOULD YOU READ THIS NOTICE?

You should read this notice because you may be eligible to receive money from the settlement of a class action lawsuit relating to the publication of the book <u>A Million Little Pieces</u>.

**WHAT IS THE LAWSUIT ABOUT?**

James Frey is the author of the book <u>A Million Little Pieces</u>.  Random House published the book in 2003.  The book was marketed as a "memoir/literature."  In early January 2006, it was reported on the Internet, various television programs, including a widely covered January 26, 2006 telecast of a nationally syndicated program, and other media outlets that certain facts in the book had been altered and that incidents had been embellished.  Both prior to and following the January 26, 2006 telecast and many of the other reports referenced above, a number of putative class action lawsuits were filed claiming that purchasers of the book had been misled by the marketing of the book and would not have purchased the book had they known that certain facts in the book had been altered and that incidents had been embellished.  These class actions were later consolidated into one action in a New York federal court.  The parties have now reached an agreement to settle the actions and compensate purchasers of the book who claim they were misled.

**WHY IS THIS LAWSUIT A CLASS ACTION?**

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims.  All of these people are referred to collectively as the settlement class, or individually as Settlement Class Members.  One Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**HOW DO I KNOW IF I AM A CLASS MEMBER?**

The Court has preliminarily determined that the following persons are members of the Settlement Class:

All persons  who purchased the book <u>A Million Little Pieces</u> in any format (including, but not limited to, in hardback, paperback, cassette, CD, or any other electronic media), on or before January 26, 2006.

**WHY IS THERE A SETTLEMENT?**

The Court did not decide on behalf of the Plaintiffs or the Defendants.  Instead, Class Representatives and the Defendants agreed to a settlement.  The Class Representatives and their respective attorneys believe the Settlement is best for all Settlement Class Members.

**WHAT AMOUNT OF MONEY AM I ENTITLED TO RECEIVE?**

Under the proposed settlement, each Settlement Class Member is eligible to receive a refund up to the full purchase price of the book (or other media), so long as such refunds do not cause defendants to pay more than $2.35 million for all costs associated with settlement.  If the amount of refund claims exceeds the amount available for distribution, then each Settlement Class Member will receive a pro rata share of the amount available for distribution.

**HOW DO I CLAIM MY SHARE OF THE SETTLEMENT?**

To receive a refund, a Settlement Class Member must complete a Claim Form and submit it together with the front cover of the book (or other specified proof of purchase depending on the media purchased) by October 1, , 2007.  You can obtain a claim form by calling 1-866-459-3651  or you can download one from the following website: **www.amlpsettlement.com**.  The Claim Form explains how to make a claim.  If you do not submit a claim form, you will not receive any part of the settlement.

**WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?**

The settlement provides for a broad release of all claims relating to the sale and marketing of the book.  For the precise details of the broad release of claims, consult the settlement agreement on file with the Court or available at *www.amlpsettlement.com*.

**WHO WILL DETERMINE IF THE SETTLEMENT IS FAIR?**

The Court has ordered that a hearing be held on October ___ , 2007 at _____ in Room 17B of the federal courthouse in Manhattan, located at 500 Pearl Street, New York, New York, to determine whether the proposed settlement is fair, reasonable, and adequate and whether it should be approved by the Court; whether judgment should be entered dismissing the lawsuit with prejudice; and the amount of attorneys' fees and costs to be awarded to Class Counsel.  The Settlement Hearing may be continued from time to time by the Court.

**WHAT IF I OBJECT TO THE SETTLEMENT?**

A Settlement Class Member wishing to object to the settlement must file a written objection to it.  Your written objection must be received on or before August 23, 2007.  Your objection must list your name, address, telephone number and, if applicable, the name, address and telephone number of your attorney.  Your objection must be accompanied by copies of any supporting papers or briefs you intend to submit in support of your objection.  Objections must be mailed to the Court, Class Counsel, and Defendants' Counsel at the addresses listed below. You may also attend the settlement hearing.  If you intend to appear personally or through personal counsel at the hearing, you must include a notice of intent to appear in addition to your objection and mail copies to the Court, Class Counsel, and Defendants' Counsel.  **ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE WAY DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED SUCH OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.**

| **Clerk of the Court** | **Class Co-Lead Counsel** | **Frey's Counsel** | **Random House's Counsel** |
|---|---|---|---|
| Clerk of the Court 500 Pearl Street New York, New York | Larry D. Drury Larry D. Drury, Ltd. 205 W. Randolph Street, Suite 1430 Chicago, IL 60606 | Derek J. Meyer McDermott, Will & Emery LLP 227 West Monroe St. Chicago, IL 60606 | Mark B. Blocker Sidley Austin LLP One S. Dearborn St. Chicago, IL 60603 |
| | Evan J. Smith Brodsky & Smith, LLC 240 Mineola Blvd. Mineola, NY 11501 | | |

**WHAT SHOULD I DO IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT?**

To exclude yourself from the Settlement Class, you must submit a written request for exclusion that includes your name and current address. Each request must also contain a signed statement that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the In re A Million Little Pieces Litigation." Requests for exclusion must be mailed to Settlement Class Counsel at the address listed above, and must be received no later than August 23, 2007. **DO NOT REQUEST EXCLUSION IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

**If you validly request exclusion from the Class**, you will be (a) not be entitled to any of the Settlement Class benefits; (b) be excluded from the Class; (c) not be bound by any judgment entered in the lawsuit; and (d) not be precluded from prosecuting an individual claim, if timely, against the Released Parties based on the issues raised in the lawsuit.

**If you do not request exclusion from the Class**, you will be bound by all determinations or judgments in the lawsuit in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, including the judgment ultimately rendered in the lawsuit.

**WHAT IS THE DIFFERENCE BETWEEN EXCLUSION AND OBJECTING FROM THE SETTLEMENT?**

Objecting simply tells the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the lawsuit no longer affects you.

**WHO REPRESENTS THE CLASS?**

   The Court has appointed several individuals who purchased by book as Class Representatives and several attorneys who filed lawsuits as Settlement Class Counsel.  The lead lawyers from the Settlement Class Counsel are:

Larry D. Drury
Larry D. Drury, Ltd.
205 W. Randolph Street, Suite 1430
Chicago, IL 60606

and

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd.
Mineola, NY 11501

   Class Counsel represent your interest in the lawsuit.  You will not be charged for their services.  Class Counsel will present a petition to the Court to be paid for their service to the Settlement Class.  You may, however, hire your own attorney at your own expense to advise you in this matter.

**WHO IS RESPONSIBLE FOR CLASS COUNSEL'S ATTORNEYS' FEES?**

   Settlement Class Counsel has indicated that they intend to petition the Court for an award of attorneys' fees for their work on behalf of the Settlement Class.  Defendants have agreed not to take any position on this request.  **You will not have to pay any attorneys' fees or costs; any amount awarded by the Court will be paid by Defendants and will be included in the $2.35 million maximum amount to be paid by Defendants.**

**WHEN WILL I RECEIVE MY PAYMENT?**

   The Court will hold a fairness hearing on October ___, 2007 to decide whether to approve the Settlement.  If the Settlement is approved, the payment of claims will be made within 60 days from the end of the claim period assuming no appeals have been filed.  In the event there are appeals filed this would delay the process of payment of the claims.

**DO I HAVE TO COME TO THE HEARING?**

   No.  Settlement Class Counsel will answer any questions the Court may have.

**WHERE CAN I GET ADDITIONAL INFORMATION?**

       This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement.  You may inspect the pleadings and other papers (including the proposed settlement agreement) that have been filed in this lawsuit at the Office of the Clerk, 500 Pearl Street, New York, New York.  The settlement agreement is also available at *www.amlpsettlement.com*.  If you have any questions about this notice or the proposed settlement, you may contact Class Counsel at the address listed above.

**DO NOT CONTACT THE COURT OR DEFENDANTS FOR INFORMATION.**

Dated: _____

                                              _____
                                              Judge Richard J. Holwell

# EXHIBIT D

If You Purchased "A Million Little Pieces" on or before January 26, 2006

You May Have A Claim To Money From A Class Action Settlement

**If you purchased the book "A Million Little Pieces," on or before January 26, 2006, you may be part of a class action Settlement.  As part of the Settlement, you may be able to file a claim for money.  <u>This Notice is just a summary.</u>  For more complete information, you should read the full Notice, which is available by calling the number or visiting the Website below.**

**What is the Class Action Lawsuit About?**
Plaintiffs allege that purchasers of "A Million Little Pieces" were misled by the marketing of the book as a "memoir/literature," and that they would not have purchased the book had they known before purchasing that certain facts in the book had been altered and that incidents had been embellished.

**What Are the Terms of the Settlement?**
Under the terms of the Proposed Settlement, each class member is eligible to receive a refund up to the full purchase price of the book.  If the number of refund claims exceeds the amount available for distribution, then each class member will receive a pro rata share of the amount available for distribution.

**Who Represents Me?**
The Court has appointed attorneys to represent the Class.  Class Counsel will request the Court award attorneys' fees and expenses from the Settlement Fund.  You may hire your own attorney, if you wish.  However, you will be responsible for that attorney's fees and expenses.

**What Are My Legal Rights?**

• **If you wish to remain a member of the Settlement Class**, you do not have to do anything. But, to share in the Settlement Fund you must file a claim.  If the Court approves the Proposed Settlement, you will receive the benefits described herein and be bound by all the Court's orders.  This means you will drop any claims you may have against Defendants covered by the Settlement.

• **If you wish to file a claim,** you must complete a Claim Form. You can get a Claim Form by calling the toll-free number or visiting the Settlement Website listed below. Claim Forms must be signed and postmarked no later than October 1, 2007.

• **If you do not wish to be a member of the Settlement Class**, you must submit a letter to the Court postmarked no later than Month Date, 2007.  If you request to be excluded from the Settlement Class you cannot make a claim.

• **You can tell the Court if you do not like this Proposed Settlement** or some part of it if you do not exclude yourself.  To object or comment, you must send a letter to the Court postmarked no later than August 23, 2007.

**Will the Court Approve the Proposed Settlement?**
The Court will hold a Final Approval Hearing on October __, 2007 at _____ to consider whether the Proposed Settlement is fair, reasonable, and adequate and to consider the motion for attorneys' fees and expenses.

For a copy of the full Notice of Proposed Class Action Settlement and a Claim Form

Call toll-free: 1-866-459-3651 or visit: **www.amlpsettlement.com**

Or Write: AMLP Settlement Administrator , PO BOX 1864, Faribault, MN 55021-7119

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

IN RE "A MILLION LITTLE PIECES"
LITIGATION

_____

No. 06-md-1771

Hon. Richard J. Holwell

**ORDER GRANTING MOTION FOR**
**<u>PRELIMINARY APPROVAL OF SETTLEMENT</u>**

The motion of Plaintiffs Marcia Vedral, Michele Snow, Jennifer Cohn, Jimmy Floyd, Jill Giles, Diane Marolda, Pilar More, Shera Paglinawan, Wendy Shaw and Ann Marie Strack ("Plaintiffs"), for preliminary approval of their class action settlement with all of the defendants in the above matter, including defendants Random House, Inc. and James Frey (collectively "Defendants") came on for hearing on April 6, 2007.

Having considered Plaintiffs' moving papers, the signed Settlement Agreement and Release attached as Exhibit A to Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Preliminary Approval (the "Settlement Agreement"), the supplemental submissions by all counsel and all other documentary and oral evidence submitted concerning Plaintiffs' motion, including the opposition to Preliminary Approval filed by Plaintiff Sarah Rubenstein, due notice having been given and the Court being duly advised in the premises, the Court hereby makes the following findings of fact:

(a)     The settlement proposed in the Settlement Agreement has been negotiated at arms length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b)      The Class Notice (as described in the Settlement Agreement) fully

complies with Rule 23 and due process, constitutes the best notice practicable under the

circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement

of this lawsuit.

(c)      The Class Action Fairness Act notices, ("CAFA Notices") provided by

each defendant fully comply with 28 U.S.C. § 1715.  The CAFA Notices were timely delivered;

the settlement agreement was filed in court on January 4, 2007 and the appropriate federal and

state officials were served with the CAFA Notices on January 11, 2007.

Based upon the findings of fact and the Court's review of the Motion for

Preliminary Approval and all of its attachments (including the settlement agreement),

**IT IS HEREBY ORDERED THAT:**

1.      The settlement proposed in the Settlement Agreement has been negotiated

at arms length and is preliminarily determined to be fair, reasonable, adequate, and in the best

interests of the Settlement Class.

2.      The following class (the "Settlement Class") is conditionally certified

pursuant to Rule 23(b)(3):

> All persons all persons who purchased the book <u>A Million
> Little Pieces,</u> in any format (including, but not limited to, in
> hardback, trade paperback, cassette, CD, or any other
> electronic media), on or before January 26, 2006.

3.      Plaintiffs Marcia Vedral and Michele Snow are designated as class

representatives of the Settlement Class.

4.      The following firms are appointed as Settlement Class Counsel: Larry D.

Drury, Ltd., Brodsky & Smith, LLC, Law Offices of Thomas M. Mullaney, Myers & Company,

P.L.L.C., Thomas E. Pakenas, Napoli Bern Ripka, LLP, Statman, Harris, Siegel & Eyrich, LLC, Zimmerman and Associates, P.C., and DiTommaso & Lubin, PC.

5.     Larry D. Drury, Ltd. and Brodsky & Smith, LLC are appointed as "Co-Lead Class Counsel" and Thomas M. Mullaney is appointed as "Liaison Class Counsel." Co-Lead Class Counsel shall speak for Plaintiffs at all conferences; delegate responsibilities for all future tasks; maintain contemporaneous attorneys' fees itemization and insure that there is no unnecessary and/or duplicative work performed; and perform such other duties as may be expressly authorized or required by further Order of Court. Liaison Class Counsel shall be responsible for coordinating all future appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court, be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel.

6.     In the event that (i) the Settlement Agreement is terminated pursuant to its terms; (ii) Defendants withdraw from the Settlement Agreement; (iii) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are not approved in all material respects by this Court; or (iv) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including, without limitation, the certification of the Settlement Class, and all other relevant portions of this Order, (b) the instant action shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to jointly appeal an adverse ruling and the Settlement Agreement and Final

Judgment and Order are upheld on appeal, then the Settlement Agreement and Final Judgment and Order shall be given full force. Defendants retain the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata and collateral estoppel shall not be applied.

7.      Notice of the settlement shall be given to Settlement Class Members in the manner set forth in the Settlement Agreement.

8.      The form of Notice that Defendants will provide is attached as Exhibit A. Defendants will send the Notice by first-class mail to each Settlement Class Member that purchased the Book directly from Random House. For all other persons, Notice will be affected by various publications. Defendants may make changes to the sample Notice either by agreement with Settlement Class Counsel or with Court approval. The sending of the Notice by mail shall constitute the "Class Notice." This Class Notice fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

9.      Each Defendant mailed the CAFA Notice to the appropriate federal and state officials. The CAFA Notices fully comply with 28 U.S.C. § 1715 and were timely served.

10.     Members of the Settlement Class shall have until August 23, 2007 to opt out of the Settlement Class, as set forth in the Settlement Agreement and paragraph 14 of this Order.

11.     Members of the Settlement Class shall have until August 23, 2007 to file with this Court a written objection to the settlement, as set forth in the Settlement Agreement and paragraph 15 of this Order, and shall otherwise have no right to object to the Settlement

Agreement.  Only Settlement Class Members shall have the right to object to the proposed settlement.

12.    Co-Lead Class Counsel shall submit to the Court a list of the individual members of the Settlement Class seeking to opt out by September 7, 2007.

13.    The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on October __, 2007 at ____ in Courtroom 17B of this Court.

14.    A request for exclusion from the Settlement Class must be in writing and state the name, address, and phone number of the person(s) seeking exclusion.  Each request must also contain a signed statement that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the In re "A Million Little Pieces" Litigation.  The request must be mailed to Settlement Class Counsel at the address provided in the Class Notice and received by August 23, 2007.

15.    Any Settlement Class Member who objects to the settlement may appear in person or through counsel, at his or her own expense, at the final hearing to present any evidence or argument that may be proper and relevant.  However, no Settlement Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any member of the Settlement Class shall be received and considered by the Court unless, no later than August 23, 2007 such member of the Settlement Class shall both file with the Court and mail to Settlement Class Counsel and counsel for Defendants, at the addresses designated in the class action settlement notice, a written objection that includes (a) a notice of intention to appear, (b) a statement of membership in the Settlement Class, and (c) the specific grounds for the objection and any reasons that such member of the Settlement Class desires the Court to consider.  Any

member of the Settlement Class who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any objections in the above-captioned lawsuit or in any other action or proceeding.

16.    In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiffs and all members of the Settlement Class are preliminary enjoined from commencing or prosecuting any action asserting any of the Released Claims (as defined in the Settlement Agreement), either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.  Any person or entity who knowingly violates this injunction shall pay the costs and attorneys' fees incurred by Defendants as a result of the violation.  Nothing in this paragraph shall be construed to prevent a member of the Settlement Class from presenting objections to this Court regarding the Settlement Agreement in accordance with the terms of this Order.

17.    All papers in support of or in opposition to the Settlement Agreement shall be filed and served in accordance with the following schedule: (a) any objections by members of the Settlement Class, and any papers in opposition to the settlement, shall be filed with the Court on or before August 23, 2007 and served as provided above, and (b) all papers in support of the settlement, including responses to objections, shall be filed with the Court and served on or before September 23, 2007.  There shall be no replies.

18.    As set forth in the Settlement Agreement and the Class Notice, members of the Settlement Class shall have until October 1, 2007 to submit completed Claim Forms and supporting materials in order to participate in the settlement.

19.     Attorneys representing members of the Settlement Class in this action, other than Settlement Class Counsel herein, must file an appearance with the Clerk of the United States District Court for the Southern District of New York, and send a copy to Settlement Class Counsel and counsel for Defendants at the addresses listed in the class action settlement notice. The appearance must be filed on or before August 23, 2007.

20.     In the event that the settlement does not become final in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

21.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

Dated:                                          Entered:


_____        _____

                                        Judge Richard J. Holwell